UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 94-381 |
| v. | * | SECTION: "C" |
| LEN DAVIS PAUL HARDY | * | |
| * * * | | |

## DEATH PENALTY PROFFER AND INCORPORATED MOTION AND ORDER TO SEAL

NOW INTO COURT comes the United States of America, appearing by and through the undersigned Assistant United States Attorneys, and pursuant to the Court's request, makes the following proffer of evidence likely to be introduced should this case proceed to the punishment phase.[1]

I.  LEN DAVIS:

To the extent that this testimony is not revealed in the Government's case-in-chief, the Government intends to show how New Orleans Police Officer Len Davis was involved in a protection racket with Paul Hardy and his associates. More particularly, Len Davis, knowing that Paul Hardy was a drug dealer and shooter in the New Orleans community, assisted Hardy and his "partners" in their unlawful drug/shooting operations against citizens in the New

---

[1]As of the writing of this proffer, the Court has not yet ruled on the Government's Motion to Re-Consider Exclusion of Certain Non-Statutory Aggravating Factors. Consequently, this proffer will comport with the evidence deemed admissible in the Court's January 22, 1996, Order and Opinion. The Government's Motion to Re-Consider and its Proffer, both previously filed on March 8, 1996, discuss all the evidence in detail.

DATE OF ENTRY MAR 27 1996



2626

Orleans community. This evidence will be established from the very words of the defendants, Paul Hardy, Len Davis and Damon Causey, captured on court-authorized original wire interceptions and as those tapes are further explained by both NOPD Officer Sammie Williams and Steve Jackson, who will testify in the Government's case-in-chief. The Government will show that Len Davis established a criminal partnership with Paul Hardy during which Davis, acting as a NOPD officer, would scout in advance the areas to which Hardy intended to proceed before committing acts of violence or drug dealing, as outlined in B-F below.

A.    The Government intends to show that from about January 1994 until December 1994, Len Davis, in his capacity as a New Orleans police officer, actively orchestrated an illegal drug protection operation. This illegal drug protection racket involved Len Davis and other NOPD officers providing protection to an undercover federal agent (UCA), posing as a major cocaine trafficker, by guarding shipments and storage of multi-kilogram quantities of cocaine and money at various locations in the New Orleans area. Regular payments were made by the UCA to Len Davis during the relevant time period totalling in excess of $80,000 for these illegal protection services. This will be shown by the testimony of the undercover agent, accompanied by video and audio recordings. Furthermore, Sammie Williams will corroborate the entire drug protection scheme outlined by the undercover FBI agent.[2]

---

[2]Non-Statutory Aggravating Factor 1(a).

*2827*

B.    The Government intends to present information that on or about October 20, 1994, Len Davis was apprised by Paul Hardy and Damon Causey that they were about to commit acts of violence on the "black side" of the Florida Housing Project and that Davis, in turn, informed Hardy and Causey about any legitimate police presence in the area so that Hardy and Causey could perpetrate their violent acts without police interference.    That information will consist of testimony from Sammie Williams and intercepted conversations among Davis, Hardy and Causey.[3]

C.    The Government intends to present information that on or about November 7, 1994, Len Davis was contacted by Paul Hardy so that Davis could supply Hardy with the addresses of the mother and grandmother of Dan "Poonie" Bright, a rival of Hardy in the Florida Housing Project, so that Hardy could commit an act of violence against either Bright or his relatives.    That information will consist of testimony from Sammie Williams and an intercepted conversation between Davis and Hardy.[4]

D.    The Government intends to present information that on or about October 14, 1994, Len Davis told Paul Hardy that he "still wanted that nigger," meaning that Davis wanted Hardy to kill one of the persons who had made a complaint against Davis on October 12, 1994, to the New Orleans Police Internal Affairs Division.    That information will consist of testimony from Sammie Williams and an

---

[3]Non-Statutory Aggravating Factor 1(d).

[4]Non-Statutory Aggravating Factor 1(f);    this was ruled conditionally admissible.

2828

intercepted conversation between Davis and Hardy.

E.    The Government intends to present information that on or about October 17, 1994, Len Davis told Paul Hardy that there was no need at that time to kill the person who had complained about Davis to the New Orleans Police Internal Affairs Division, since the individual expressed an intent at that point not to continue with the complaint against Davis. Davis, however, told Hardy that, if the individual later decided to pursue his complaint, it would be "rock-a-bye, baby," meaning that Davis would have Hardy kill the complainant. That information will consist of testimony from Sammie Williams and an intercepted conversation between Davis and Hardy.[5]

F.    The Government intends to present information that Len Davis further poses a threat of future dangerousness to the lives and safety of other persons, as evidenced in telephone conversations intercepted on October 13 and 14, 1994, in which Davis exulted in the murder of Kim Marie Groves. That information will consist of testimony from Sammie Williams and intercepted telephone conversations between Davis and other parties.[6]

II.    PAUL HARDY:

The Government further intends to show, as mentioned in an earlier pleading filed in this case entitled "United States'

---

[5]The evidence discussed in this and the preceding paragraph was charged in the indictment and will be offered in the Government's case-in-chief. This also describes Non-Statutory Aggravating Factor 2(a).

[6]Non-Statutory Aggravating Factor 3.

4

Proffer and Memorandum with Respect to Determining the Reliability of Information in Support of its Non-Statutory Aggravating Factors," that Paul Hardy was a violent drug dealer in the New Orleans community. The Government does not intend to prove every drug deal and murder it believes Paul Hardy committed; however, the testimony will show specifically the following:

A.    The Government intends to present information that on or about September 18, 1988, at 6:21 p.m., in the 2300 block of Erato Street, New Orleans, Louisiana, Paul Hardy, riding in a 1982 Cutlass with another individual, pulled up along side of another vehicle and shot through the door of the vehicle, with an assault weapon killing the passenger, Jerome Andrews. That information will consist of testimony from a person who witnessed Hardy fire the shots which killed Andrews, and who will identify Hardy as the triggerman. The Government will further introduce the coroner's report (attached as Exhibit A-1); and photographs of the crime scene (attached as Exhibit A-2).[7]

B.    The Government intends to present information that on or about September 30, 1994, at approximately 7:45 p.m., at 2515 Alvar Street, New Orleans, Louisiana, Paul Hardy participated in the murder of Carlos Adams, a/k/a "IU", a/k/a "Ayuh", who died of multiple gunshot wounds. That information will consist of testimony from Sammie Williams; intercepted conversations among Len Davis, Hardy and Williams; testimony from the victim's mother; coroner's report (attached as Exhibit B-1); crime scene

_____

[7]Non-Statutory Aggravating Factor 1(c).

2530

photographs (attached as Exhibit B-2); and an eyewitness account by Steve Jackson.[8]

C.    The Government intends to present information that on or about October 14 and October 17, 1994, Paul Hardy indicated to Len Davis that he would, at Davis' wish, kill the "twins," who had previously reported Davis to the New Orleans Police Internal Affairs Division. That information will consist of testimony from Sammie Williams an intercepted conversations between Hardy and Davis.[9]

D.    The Government intends to present information that Paul Hardy further poses a threat of future dangerousness to the lives and safety of other persons, as evidenced in telephone conversation with Len Davis intercepted on October 13 and 14, 1994, during which the murder of Kim Marie Groves was confirmed. That information will consist of testimony from Sammie Williams and intercepted conversations between Hardy and Davis.

E.    The Government intends to present information that Paul Hardy further poses a threat of future dangerousness to the lives and safety of other persons, as evidenced in a series of videotaped interviews of Paul Hardy and others during 1990 - 1993, in which the violent acts of the "Hardy Boys," meaning Paul Hardy and his

---

[8]Non-Statutory Aggravating Factor 2(a).

[9]Non-Statutory Aggravating Factor 2(g); as noted above, these events are set out in the indictment.

brothers, were described and flaunted, including the need to shoot, if necessary, innocent bystanders during drive-by shootings.

It is hereby requested that this Death Penalty Proffer and its exhibits be SEALED.

RESPECTFULLY SUBMITTED,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

CONSTANTINE D. GEORGES
Assistant United States Attorney
Hale Boggs Federal Building
501 Magazine Street, 8th Floor
New Orleans, Louisiana 70130
Telephone No: 504-589-3510
Bar Roll No: 6021

MICHAEL E. MCMAHON
Assistant United States Attorney
Bar Roll No: 10095

CERTIFICATE OF SERVICE
I certify that a copy of the
foregoing has been served upon
counsel for all parties
by mailing the same to each,
property addressed and postage
prepaid this _____ day of _____, 19__.

Assistant United States Attorney

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          *      CRIMINAL DOCKET NO.  94-381

               v.          *      SECTION: "C"

LEN DAVIS                         *
PAUL HARDY

                   *      *      *

## ORDER TO SEAL

IT IS HEREBY ORDERED, that the foregoing Death Penalty Proffer and its exhibits be SEALED.

New Orleans, Louisiana this 26 day of March, 1996.

_____
UNITED STATES DISTRICT JUDGE

8

2633