USAO #9401627

Nov 4 11 19 AM '96

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 94-381 |
| v. | * | SECTION: "C" (4) |
| LEN DAVIS<br>PAUL HARDY<br>DAMON CAUSEY | * | |
| * * * | | |

**GOVERNMENT'S MOTION UNDER FED.R.APP.P. 10(e)
TO SUPPLEMENT THE RECORD BY INCLUDING COMPACT DISCS
CONTAINING CONVERSATIONS IDENTIFIED AND ADMITTED AS EVIDENCE**

NOW INTO COURT comes the United States of America, appearing by and through the undersigned Assistant United States Attorney, and moves this court to supplement the record by including compact discs (CDs) which contain the conversations, admitted by stipulation of all parties at trial, originally intercepted by court-authorized wiretaps on cellular telephones used by the defendants.

The conversations played before the jury were originally recorded during the wiretap on audio cassette tapes, copies of which were provided to all defense counsel months before trial. Before trial, these audio-taped conversations were digitized and transferred to compact discs, the medium through which they were played for the jury by use of a computer. This method of presenting the taped evidence was chosen because the CDs are less cumbersome to handle than audio cassettes, thus permitting a more efficient presentation of evidence in court and the CDs will more easily accommodate the

appellate court's consideration of evidence. Since the proffered CDs contain precisely the same conversations played during the trial through the computer, the government moves this court to supplement the record by including the CDs for appellate purposes.[1]

This motion is made under the aegis of Federal Rule of Appellate Procedure 10(e) which states in pertinent part:

> **Correction or Modification of the Record**
> If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If any material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or on its own initiative, may direct that at the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. . . .

Since the conversations played to the jury were admitted without objection and by stipulation as being true and accurate renditions of the conversations originally intercepted by court-authorized wiretaps, the inclusion of the conventional CDs in the record, in lieu of individual audio cassettes, will permit the appellate tribunals that will consider this matter to evaluate the admitted conversations in the medium through which they were presented at trial.

---

[1] The conversations admitted into evidence and played by the government in its case-in-chief were identified as C-1 through C-25. During the penalty phases of the trial, conversations marked as X-1 through X-11, excluding X-2, were also admitted and played. Transcript books corresponding to all admitted conversations have been placed in the record for appellate purposes.

- 2 -

Counsel for defendant Len Davis, Milton P. Masinter, Esq., and counsel for defendant Damon Causey, Henry P. Julien, Jr., Esq., have been consulted regarding this motion and do not oppose it. In a telephone conversation with the undersigned on Saturday, November 2, 1996, counsel for defendant Paul Hardy, Daniel J. Markey, Jr., Esq., indicated that, while he does not dispute that the CDs contain exactly the same conversations admitted as evidence and played to the jury at trial, he, nonetheless, opposes this motion, feeling that he cannot agree to any motion presented by the government.

**WHEREFORE**, since the conversations contained on the conventional CDs are exactly the same as those identified as evidence and played before the jury during the trial, the government respectfully moves this court to permit the record to be supplemented by the inclusion of the CDs for appellate purposes.

Respectfully submitted,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

_____
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll Number 10095
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 589-4324

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon counsel for all parties by hand or by mailing same to each, properly addressed and postage prepaid, this __4th__ day of __November__, 1996.

_____
Assistant United States Attorney

USAO #9401627

UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  94-381 |
| v. | * | SECTION:  "C" (4) |
| LEN DAVIS<br>PAUL HARDY<br>DAMON CAUSEY | * | |

\* \* \*

### O R D E R

Considering the foregoing motion by the United States;

**IT IS HEREBY ORDERED**, pursuant to Fed.R.App.P. 10(e), that the record in this case be supplemented by the inclusion of conventional compact discs (CDs) that contain the conversations admitted into evidence and played before the jury during trial of the defendants.

New Orleans, Louisiana, this ____ day of _____, 1996.

_____
UNITED STATES DISTRICT JUDGE