UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR -1  AM 11: 41

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| VERSUS | * | NO. 94-CR-381 |
| | * | |
| LEN DAVIS | * | SECTION "C" |

**MOTION AND INCORPORATED MEMORANDUM FOR DISCOVERY RELEVANT TO SENTENCING**

NOW INTO THIS HONORABLE COURT, comes the defendant, Len Davis, *pro se* and through undersigned counsel, and moves this Court, pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and Rule 16 of the Federal Rules of Criminal Procedure to order production of the below listed information, all of which is necessary to ensure a fair trial and to a determination of the appropriate sentence.

1. Mr. Davis requests production of any and all documents including, but not limited to, FBI 302's regarding Larry Smith containing any information indicating that Sammie Williams paid money including, but not limited to, a payment in the amount of five hundred dollars ($500) to Paul Hardy in connection with this case;

2. Mr. Davis requests production of any and all documents including, but not limited to, FBI 302's containing any information indicating that Sammie Williams paid any amount of money to Paul Hardy after October 13, 1994.

The material sought is clearly <u>Brady</u> because it helps prove both statutory and non-statutory mitigating factors. Mr. Davis will prove that his actions pale in comparison to the actions of Sammie Williams for whom the United States never sought the death penalty. The

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

jury is entitled to this information in order to weigh the proper sentence for Mr. Davis's acts.

In Brady v. Maryland, the Supreme Court declared that it was a violation of due process for the government to fail to reveal, upon request, information which was material to either guilt or punishment. 373 U.S. at 87. In a death penalty case, "[evidence] relevant to a statutory mitigating factor would certainly be, for the defendant, 'favorable' evidence pertinent to punishment in that it may justify a sentence of life imprisonment as opposed to death." United States v. Beckford, 962 F. Supp. 804, 811 (ED Va. 1997). In order to be entitled to discovery of such information, "defendants need only establish a 'substantial basis for claiming' that a mitigating factor will apply at the sentencing phase, in order to invoke the government's obligation under Brady and its progeny to produce any evidence which is material to that mitigating factor." Id; United States v. Feliciano, 998 F. Supp. 2d 166, 170 (D Conn. 1998). "The fact that it is not certain whether the requested evidence will ultimately establish a mitigating factor is of no import." Beckford at 811.

Under the federal death penalty scheme, in determining whether or not to impose a sentence of death the jury is to consider a number of statutory mitigating factors. Among those is that "[a]nother defendant or defendants, equally culpable in the crime, will not be punished by death." Title 18, U.S.C. Section 3592(a)(4). In addition to statutory mitigating factors, a jury considering a sentence of death "shall consider any mitigating factor", 18 U.S.C. Section 3592(a), even though not set out in the list of specific statutory mitigating factors. Section 3592(a)(8) allows the jury to consider "[o]ther factors in the defendant's background, record or character or any other circumstance of the offense that mitigate against imposition of the death sentence." See Lockett v. Ohio, 438 U.S. 586 (1978) (using nearly identical language). The categories of information a defendant is entitled to present is bounded only by relevance to

mitigation. See, e.g., United States v. Cooper, 91 F. Supp. 2d 90, 101 (D DC 2000) (explaining that Section 3592 "clearly states that the enumerated factors are not exclusive and any mitigating factor may be considered by the jury.").

The statutory factor concerning equally culpable defendants reflects Supreme Court death penalty jurisprudence which emphasizes the need to remove arbitrariness from the death decision by providing a "meaningful basis for distinguishing" between cases in which the death penalty is imposed and the many cases in which it is not, see Gregg v. Georgia, 428 U.S. 153 (1976), and to ensure proportionality and the importance of relative culpability, see Enmund v. Florida, 458 U.S. 782, 798 (1982). It was these concerns which led the court in United States v. Bin Laden, et al, 156 F. Supp 2d 359 (SDNY 2001), to allow a defendant to present, as mitigation evidence, the fact that co-defendants were not eligible for the death penalty because they had been extradited from other countries on condition that they not be subjected to the death penalty. "By permitting [jurors] to engage in [a comparison of equally culpable defendants] Congress provided jurors with a means of improving the likelihood that the death penalty would not be administered in an arbitrary or random manner." 156 F. Supp. 2d at 369.

The information Mr. Davis seeks to use will present a stark contrast between his own conduct and the conduct of those similarly situated for whom the death penalty was never even a realistic option. Under the statutory mitigating factor concerning different treatment for equally culpable defendants, Davis is entitled to present the sentencing jury in his case with all the details of the conduct of other individuals, including Sammie Williams, involved in his case. This mitigating factor applies where "[a]nother defendant or defendants, equally culpable in the crime, will not be punished by death." Notably, the factor addresses "the crime", not "the case."

In addition, to be constitutionally valid, a death penalty scheme must truly narrow the

class of persons eligible for death. <u>Zant v. Stephens</u>, 462 U.S. 862, 877 (1983) (To pass constitutional muster, a capital sentencing scheme must "genuinely narrow the class of persons eligible for the death penalty and reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder."). Discovery of the information requested will prove that the statutory aggravators alleged by the government in this case are not functioning to narrow the class of those eligible for the penalty of death. See <u>Zant v. Stephens</u>, <u>supra</u>. These factors have failed to distinguish Davis's conduct from that of the far more egregious conduct of others for whom death was not sought.

      That aside, the constitution requires that the defendant be free to present the jury with non-statutory mitigating factors. Therefore, to the extent Section 3592(a)(4) is limited only to consideration of the particular "case" on trial, the defendant may nevertheless present evidence of other mitigating factors. See 18 U.S.C. Section 3592(a). Mr. Davis would thus be able to present the following non-statutory mitigating factor for the jury's consideration:

> The harm caused by the defendant is less severe than that caused by others involved in this case for whom the United States has agreed that a sentence of less than death was appropriate.

A mitigating factor such as this gives effect to the Supreme Court's admonition that proportionality and relative culpability are essential considerations if the death penalty is to be free of arbitrariness. <u>Enmund v. Florida</u>, 458 U.S. 782, 798 (1982). See <u>Harmeline v. Michigan</u>, 501 US 957, 997 (1991) ("Proportionality review is one of several respects in which we have held that 'death is different,' and have imposed protections that the Constitution nowhere else provides.").

      WHEREFORE, for the foregoing reasons, Mr. Davis respectfully requests that this Honorable Court order production of the above-requested information. In the alternative, Mr.

Davis respectfully requests that this Court order the government to produce all FBI 302's prepared in connection with this case for an in camera inspection to determine whether any potential witness involved in this case including, but not limited to, Larry Smith, made reference to any payments made by Sammie Williams to Paul Hardy or anyone else involved in this case after October 13, 1994.

Respectfully Submitted,

LEN DAVIS, *Pro Se*

and

JULIAN R. MURRAY, JR.
CHEHARDY, SHERMAN, ELLIS,
    BRESLIN & MURRAY
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Tel.: (504) 833-5600
Bar No. 7526

and

CAROL A. KOLINCHAK
144 Elk Place, Suite 1606
New Orleans, LA 70112
Tel.: (504) 212-2110
Bar No. 22495

Co-Counsel with Len Davis

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion and Incorporated Memorandum for Discovery Relevant to Sentencing has been this day hand delivered or mailed, postage prepaid, to Michael McMahon, Assistant United States Attorney, this 1st day of March, 2005.

_____
CAROL A. KOLINCHAK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| VERSUS | * | NO. 94-CR-381 |
| | * | |
| LEN DAVIS | * | SECTION "C" |

## NOTICE OF MOTION

To: Michael E. McMahon
Assistant United States Attorney
Office of the United States Attorney for the Eastern District of Louisiana
Second Floor
Hale Boggs Building
501 Magazine Street
New Orleans, Louisiana 70130

Please take notice that the motion accompanying this notice will be heard by the Honorable Ginger Berrigan, United States District Judge, on the 16th day of March, 2005, at 9:30 ~~9:00~~ o'clock, a.m., in Room C552, United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana 70130.

LEN DAVIS, *Pro Se*

and

_____
JULIAN R. MURRAY, JR.
CHEHARDY, SHERMAN, ELLIS,
    BRESLIN & MURRAY
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Tel.: (504) 833-5600
Bar No. 7526

and

CAROL A. KOLINCHAK
636 Baronne Street
New Orleans, LA 70113
Tel.: (504) 558-9867
Bar No. 22495

Co-Counsel with Len Davis