FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 15  P 3: 53

LORETTA G. WHYTE
CLERK

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL DOCKET NO. 94-381 |
| v. | * | |
| | * | SECTION: "C" |
| LEN DAVIS | * | |
| * * * | | |

## GOVERNMENT'S MEMORANDUM REGARDING THE ADMISSIBILITY OF TRANSCRIPTS AND EXHIBITS FROM THE GUILT PHASE

The Court directed the parties to brief the issue of admissibility of transcripts and exhibits from the original guilt phase at the upcoming penalty hearing against Len Davis. We have no intention of repeating *in toto* the presentation of evidence from the first guilt phase. There is no legal reason to do so and, from our perspective, may result in confusion of the penalty issue before the newly-impaneled jury. We do intend to use the transcripts and attendant exhibits of the trial testimonies of Steve Jackson and Sammie Williams as well as other exhibits admitted into evidence in the guilt phase. Although we gather, from comments in correspondence by Davis's counsel, that he would prefer we entirely re-try the guilt phase, our strategy will focus on proving the intent factors and aggravators that would underlay a recommendation of the death penalty.[1] Because the matter

---

[1] In his correspondence to the Court, dated May 26, 2005, Davis, through his counsel, expressed "surprise" that we were not going to repeat all of the guilt phase evidence, and, further, observed that "no jury was going to impose a sentence of death on a defendant based upon findings made by another jury." Davis's rash opinion renders the Fifth Circuit's affirmance of

is remanded for a new penalty phase only, the Federal Death Penalty Act expressly authorizes the use of transcripts in a hearing before a new jury.

## TEXT OF STATUTE

**Title 18, United States Code, section 3593(c) Proof of mitigating and aggravating factors:** "...Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, or at the trial judge's discretion..."

## LEGISLATIVE HISTORY AND CASE LAW

There is a dearth of legislative history and jurisprudence construing the transcript language in §3593(c), not surprising in light of the clear thrust of its language. Title 18, United States Code, §§3593 *et seq.* was first passed as part of Pub.-L. 103-322, the Violent Crime Control and Law Enforcement Act on September 13, 1994. The debate over this Act began in Congressional Committees as early as September 1989. Senate Bill S. 32, submitted in January of 1989 and sponsored by Sen. Strom Thurmond reads simply: "Information presented may include the trial transcripts and exhibits if the hearing is held before a jury or judge not present during the trial."

The issue was addressed in <u>United States v. Foster</u>, 2004 WL 868649 (D.Md.), an unpublished Memorandum and Order, in which the district court reviewed the inadmissability of transcripts before a different jury as obvious. The court observed: "The statute contemplates trial transcripts being presented to a sentencing jury which did not hear the evidence in the guilt/innocence phase." In fact, the court commented that the use of transcripts in a new penalty phase would actually benefit the defendant in establishing residual doubt: "Based on the

---

his convictions meaningless. No doubt Davis would prefer that we reprise our prior case, thus giving him the opportunity to cloud the issues, but the new jury must proceed from the point of his convictions on counts 1 and 2.

transcript, a defendant, without challenging the verdict, would be able to point out that the evidence did not include, for example, DNA, a fingerprint, or a direct eyewitness identification of the person who committed the murder." The point remains that the Foster court had no problem with the admissibility of transcripts in a situation such as ours.

## STATUTORY INTERPRETATION

It is commonly accepted that criminal laws are to be strictly construed in favor of the accused. This rule should not be "applied with such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which is to ascertain and enforce the true meaning and intent of the statute." (See, 3 Sutherland Statutes and Statutory Construction § 59.08 at 142.). Punctuation is part of an act and it may be considered in the interpretation of the act, but not to create doubt or to distort or defeat the intention of the legislature. (See, 2A Sutherland Statutes and Statutory Construction § 47.15 at 179). The law of statutory construction supports the conclusion that the clause in question means that trial transcripts should be allowed in the sentencing phase of a trial as a matter of course when a new jury has been empaneled to decide sentencing.

**A. Clauses in statutes should be interpreted in a way that reflects and is consistent with their ultimate purpose.**

(See Interpreting Statutes. D. Neil MacCormick and Robert S. Summers eds. at 415.)

Overall, the language of section 3595(c) reflects the ultimate purpose of informing the jury so that they can make an intelligent decision as to whether the defendant's actions make him deserving of capital punishment. The Supreme Court has held that, "it [is] desirable for the jury to have as much information before it as possible when it makes the sentencing decision." Gregg v. Georgia, 428 U.S. 153, 204 (1976)(joint opinion of Stewart, Powell, and Stevens, JJ.).

The language of § 3593 encourages the parties to make information available to the jury without qualifications. (E.g. "information may be presented as to <u>any</u> matter relevant to the sentence, including <u>any</u> mitigating or aggravating factor" (emphasis added); "Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trial.") In fact, consistent with the expansive evidentiary thrust of the statute, information is restricted only "if its prohibitive value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."

Given that the ultimate purpose of the statute is to provide the jury with the greatest possible amount of information available by which to decide the defendant's sentence, the interpretation of the clause in question most consistent with this purpose is to allow trial transcripts to come in as a matter of course when the jury would otherwise be uninformed as to the circumstances of the trial. A restrictive interpretation of the phrase in question, where trial transcripts come in only at the discretion of the trial judge, would run counter to the general principle that a jury should have all the facts before them before making a sentencing decision.

Reading the transcripts of Steve Jackson and Sammie Williams do not implicate any of the exclusionary factors. First, their testimonies are already in the record, thus the danger of prejudice is negligible, since both were subject to intense cross-examination under the supervision of the court. Neither is there danger of confusing the issues or misleading the jury; quite to the contrary, and to assuage Davis's concerns articulated in his May 26 letter to the Court, the new jury will hear <u>exactly</u> the same evidence as did the original jury. If Davis's concern is to ensure that the new jury be exposed to the same evidence as the original one, it would be inconsistent of him to argue against reading of the transcripts.

**B. A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.**

(See 2A Sutherland Statutes and Statutory Construction §46.06 at 119.)

The phrase in question reads: "Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, or at the trial judge's discretion..." To interpret the last part, "or at the trial judge's discretion" to mean that judges may exercise discretion in all circumstances regardless of whether a new jury is hearing the case, renders the first part of the phrase inoperative. If ultimately the trial judge is to have discretion in <u>any</u> case to determine if the trial transcript is admissible, then all the statute would have needed to say would be "Information presented may, at the trial judge's discretion, include the trial transcripts and exhibits."

This is not the way §3593(c) was written, however. The statute specifically includes language about what should occur in a particular situation when a different jury or judge is making the decision at the sentencing phase. The statute should be interpreted in a way that gives this provision meaning instead of rendering it superfluous. An interpretation that would let trial transcripts and exhibits in as a matter of course in cases where there is a new judge or jury while reserving discretion to the judge in cases where the same decision maker is present at both the trial and sentencing is the only interpretation that would give effect to both parts of the sentence.

**C. Where both mandatory and directory language is used in the same statute, it is a fair inference that the legislature realized the difference in meaning and intended that the words used should carry with them their ordinary meanings.**

(See, 3 Sutherland Statutes and Statutory Construction § 57.11 at 31).

The phrase in question presents two circumstances under which the trial transcript and exhibits may come in at the sentencing hearing: 1. "if the hearing is held before a jury or judge not present during the trial." 2. "at the trial judge's discretion." In the statute, Congress connected these two phrases with a ", or." The word "or" is a conjunction used to indicate an alternative. In order for trial transcripts to be admitted at the sentencing hearing, only one of the conditions joined by the word "or" need be the case. Either A or B must be true. In order for trial transcripts to be admitted during the sentencing phase, either the hearing must be held before a jury or judge not present at the original criminal trial or the judge must grant discretion. Because of the use of the word "or," however, both of these contingencies need not occur.

If Congress wanted to require that the judge exercise discretion over trial transcripts in cases involving a new judge or jury not present at the trial phase, it could have simply connected the two phrases in the statute with the word "and" instead of the word "or," or left the conjunction out altogether. Written that way, the statute might read: **"Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, and at the trial judge's discretion..."**

or

**"Information presented may include the trial transcript and exhibits at the trial judges discretion if the hearing is held before a jury or judge not present during the trial."** The legislature instead chose to use the conjunction "or," which is used to suggest alternative contingencies. A quick look at Title 18 reveals a plethora of statutory phrases joined by conjunctions including both "and" and "or." From this, it is a fair inference that Congress knew

how to use "and" and "or" to indicate either cumulative contingencies that must both occur prior to triggering a certain event or alternative contingencies either of which alone could trigger the same event. As this is the case, the correct interpretation of the statute is one that allows trial transcripts and exhibits to come in as a matter of course when there is a new judge or jury, and at the judge's discretion when there is not.

In other words, §3593(c) contemplates that in a remand situation such as ours, transcripts from the original guilt phase are automatically admissible and, in other situations, including a penalty hearing before the original jury, may be admissible at the court's discretion.

## CONCLUSION

There is little in the legislative history of § 3593(c) that indicates the correct construction of the particular phrase in question. More useful here are rules of statutory construction. They indicate that the phrase: "Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, or at the trial judge's

discretion..."should be interpreted to mean that in cases in which a new jury or judge is to hear the sentencing phase, trial transcripts and exhibits should be admitted as a matter of course.

Respectfully Submitted,

JIM LETTEN
UNITED STATES ATTORNEY

*[signature]*
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3027

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing has been served upon counsel for all parties by hand delivery or by mailing same to each, properly addressed and postage prepaid this 15TH day of JUNE, 2005.

*[signature]*
Assistant United States Attorney