①

IN THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      CASE NO. 2:94-cr-00381

V.

LEN DAVIS

SECTION "C"

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 23 2012   WP
LORETTA G. WHYTE
CLERK

THE FOLLOWING IS A LIST OF 2255 CLAIMS THAT 'PRO SE' DEFENDANT LEN DAVIS WILL ALLOW COURT TO ADJUDICATE WHICH WERE FILED BY STAND BY 'COUNSEL IN 2255 BRIEF ON MARCH 20, 2012

COMES NOW 'PRO SE' DEFENDANT LEN DAVIS, WHO STATES THAT ANY ISSUES NOT MENTIONED IN THIS FILING, ARE NOT TO BE ADJUDICATED BY THIS COURT, NOR TO BE RESPONDED TO BY THE GOVERNMENT, WHICH WOULD BE IN VIOLATION OF DEFENDANT'S PRO SE' 6TH AMENDMENT RIGHT. AS IT RELATES TO 2255 BRIEF.

'PRO SE' DEFENDANT HAS APPROVED NINE-TEEN (19) OF THE TWENTY-NINE (29) CLAIMS FILED IN TIMELY FILED 2255. ELEVEN (11) OF THE APPROVED (19) HAVE "NOTES *" BY THEM, ADVISING COURT NOT TO ADJUDICATE SENTENCING ASPECTS OF THOSE ISSUES. ONLY CONVICTION ASPECTS. NO ASPECTS THAT WOULD REVERSE SENTENCE ONLY.

TENDERED FOR FILING

APR 23 2012

U.S DISTRICT COURT
Eastern District of Louisiana

②

LIST OF CLAIMS APPROVED BY
"PRO SE" DEFENDANT

CLAIMS WILL BE IDENTIFIED, AS THEY
ARE, IN TIMELY FILED 2255 FROM MARCH
20, 2012. CLAIM NUMBERS AND PAGE NUMBERS ARE USED.

III  CLAIMS FOR RELIEF

PG 34 →  CLAIM 1. THE DEPARTMENT OF JUSTICE
AND UNITED STATES ATTORNEY LABORED
UNDER A CONFLICT OF INTEREST IN PRO-
SECUTING LEN DAVIS IN VIOLATION OF
HIS RIGHTS TO DUE PROCESS, A FAIR TRIAL,
AND A RELIABLE DETERMINATION OF PUNI-
SHMENT UNDER THE FIFTH, SIXTH AND
EIGHT AMENDMENTS TO THE UNITED STATES
CONSTITUTION. [PAGES 34 - 48]

PG 48 →  CLAIM 2. COUNSEL AT [BOTH] ⁹⁶ᵗʳⁱᵃˡ TRIALS
PROVIDED INEFFECTIVE ASSISTANCE OF
COUNSEL IN VIOLATION OF THE FIFTH,
SIXTH, AND EIGHT AMENDMENTS FOR
FAILING TO LITIGATE THE EQUAL PROTECTION
VIOLATION THAT AROSE WHEN MR. DAVIS
AN AFRICAN-AMERICAN MAN, WAS PROSECUTED
UNDER 18 U.S.C §241 AND 242 FOR AN
OFFENSE UNRELATED ENTIRELY TO THE RACE OR

③

GENDER OF THE VICTIM. [PAGES 48-52]

✷[CLAIM 2. NOTE]✷ PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM IN RELATION TO 1996 TRIAL. NOT 2005 PENALTY TRIAL.

PG 53 → CLAIM 3. TRIAL COUNSEL AT MR. DAVIS' INITIAL TRIAL, APPELLATE COUNSEL, ✷[COUNSEL AT THE PENALTY PHASE RETRIAL AND SUBSEQUENT PENALTY PHASE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND EIGHT AMENDMENTS BY FAILING TO CHALLENGE THE CONSTITUTIONALITY OF THE APPLICATION OF 18 U.S.C §§ 241 AND 242 TO THE AFRICAN-AMERICAN DEFENDANT IN THIS CASE. [PAGES 53-55]

✷[CLAIM 3. NOTE]✷ PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM IN RELATION TO CONVICTIONS. NOT SIMPLY SENTENCING OF 1996 AND 2005.

④

PG 55. → CLAIM 4. THE PROSECUTION OF MR. DAVIS AN AFRICAN-AMERICAN DEFENDANT, FOR A VIOLATION OF 18 U.S.C § 242, IN A CASE IN WHICH THERE IS NO INDICATION THAT THE VICTIM WAS TARGETED BECAUSE OF RACE, RELIGION, ETHNICITY, GENDER OR OTHER PROTECTED CLASS VIOLATES THE FIFTH, SIXTH, AND EIGHT AMENDMENTS. [ PAGES 55-58 ]

PG 101 → CLAIM 8. THE GOVERNMENT VIOLATED BRADY AND ITS PROGENY AND MR. DAVIS' DUE PROCESS RIGHTS UNDER THE FIFTH, SIXTH, AND EIGHT AMENDMENT. [ PAGES 101-113 ]

★ [ CLAIM 8 NOTE ] ★ 'PRO SE' DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO CONVICTION'S NOT SIMPLY SENTENCING.

PG 113 → CLAIM 9. MR. DAVIS' RIGHTS UNDER THE FIFTH, SIXTH, AND EIGHT AMENDMENT WERE VIOLATED BY JURY MISCONDUCT. AND COUNSEL'S INEFFECTIVENESS FOR FAILING TO LITIGATE THIS ISSUE AT TRIAL AND ON DIRECT APPEAL. [ PAGES 113-126 ]

(5)

*[CLAIM 9. NOTE]* 'PRO SE' DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO CONVICTIONS NOT SIMPLY SENTENCING. ON PAGES 123-126 STARTING AT SECTION B. 2005 TRIAL: NONE OF THIS IS TO BE CONSIDERED WHERE IT RELATES TO 2005 SENTENCING.

PG 126 → CLAIM 10. MR. DAVIS's FIFTH, SIXTH, AND EIGHTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS, AND AGAINST DOUBLE JEOPARDY AND CRUEL AND UNUSUAL PUNISHMENT WERE VIOLATED WHEN COUNSEL FAILED TO CHALLENGE HIS CONVICTIONS ON THE BASES OF DOUBLE JEOPARDY IN HIS 1996 TRIAL AND APPEAL. [PAGES 126-130]

PG 130 → CLAIM 11. MR. DAVIS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH, AND EIGHTH AMENDMENTS DURING HIS 1996 TRIAL [PAGES 130-177]

*[CLAIM 11. NOTE]* PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO CONVICTIONS.

(6)

PG. 177. → **CLAIM 12. NEW EVIDENCE CASTS LIGHT ON THE GOVERNMENT'S RACIALLY DISCRIMINATORY USE OF PEREMPTORY CHALLENGES AT MR. DAVIS' FIRST TRIAL AND PROVES THAT PETITIONER RIGHTS TO EQUAL PROTECTION AND DUE PROCESS UNDER BATSON V. KENTUCKY WERE VIOLATED BY THE GOVERNMENT'S EXCLUSION OF NUMEROUS QUALIFIED BLACK PROSPECTIVE JURORS ON THE BASIS OF THEIR RACE. [PAGES 177-210]**

PG 255 → **CLAIM 18. NO FEDERAL JURISDICTION EXIST IN MR. DAVIS'S CASE BECAUSE IN LIGHT OF ALL THE EVIDENCE NOW KNOWN, NO RATIONAL FACT FINDER COULD CONCLUDE BEYOND A REASONABLE DOUBT THAT MR. DAVIS WAS ACTING UNDER COLOR OF LAW. [PAGES 255-258]**

PG 258 → **CLAIM 19. THIS COURT'S FAILURE TO ENSURE THAT LEN DAVIS WAS APPOINTED COMPETENT COUNSEL DURING THE PRE-TRIAL PERIOD DENIED MR. DAVIS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND UNFAIRLY CONTRIBUTED TO THE AUTHORIZATION OF THE CAPITAL CASE. [PAGES 258-265]**



PG 265 → CLAIM 20, THE INFLUENCE OF RACE IN THE CONVICTION AND DEATH SENTENCE IMPOSED ON MR. DAVIS FOR AN OFFENSE UNDER 18 USC §§ 241 AND 242 VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FIFTH AMENDMENT, ALONG WITH THE SIXTH AND EIGHT AMENDMENTS. [PAGES 265-268]

*[CLAIM 20. NOTE]* PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO CONVICTIONS.

PG 272 → CLAIM 23, COUNSEL AT MR. DAVIS' INITIAL TRIAL AND PENALTY RE-TRIAL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND EIGHTH AMENDMENTS BY FAILING TO REQUEST THAT THE VENIRE BE SELECTED FROM THE PARISH IN WHICH THE OFFENSE OCCURRED. [PAGES 272-273]

*[CLAIM 23 NOTE]* PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM FOR 1996 TRIAL AND CONVICTION, NOT FOR 2005 SENTENCING HEARING.



PG 273 → CLAIM 24. TRIAL COUNSEL AT MR. DAVIS'S INITIAL TRIAL AND PENALTY RE-TRIAL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND EIGHTH AMENDMENTS BY FAILING TO CHALLENGE THE RACE-BASED DECISION TO TRANSFORM THE VENIRE FROM MAJORITY AFRICAN-AMERICAN TO MAJORITY WHITE. [PAGES 273-274]

*[CLAIM 24 NOTE]* PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO 1996 CONVICTIONS NOT 2005 SENTENCING TRIAL.

PG 274 → CLAIM 25. TRIAL COUNSEL AT MR. DAVIS'S INITIAL TRIAL AND PENALTY PHASE RETRIAL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND EIGHTH AMENDMENTS BY FAILING TO CHALLENGE THE GRAND AND PETIT JURY VENIRES IN THIS CASE. [PAGES 274-275]

*[CLAIM 25 NOTE]* PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO 1996 CONVICTIONS NOT 2005 SENTENCING TRIAL.

PG 275 → CLAIM 26. IN A CIVIL RIGHTS PROSECUTION, THE TRANSFORMATION OF THE VENIRE FROM MAJORITY AFRICAN-AMERICAN TO MAJORITY WHITE VIOLATES THE FIFTH SIXTH, AND EIGHTH AMENDMENTS. [PAGES 275-278]

PG 278 → CLAIM 27, COUNSEL AT THE INITIAL TRIAL AND PENALTY RE-TRIAL WERE INEFFECTIVE FOR FAILING TO OBJECT TO THE DEATH QUALIFICATION OF THE JURY, AND THE CONCOMITANT RACIAL IMPACT OF DEATH QUALIFICATION IN VIOLATION OF MR. DAVIS FIFTH, SIXTH, AND EIGHTH AMENDMENT RIGHTS. [PAGES 278-280]
★ [CLAIM 27 NOTE] *PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO 1996 CONVICTIONS. NOT 2005 SENTENCING TRIAL.

PG 280 → CLAIM 28. COUNSEL WAS INEFFECTIVE AT BOTH TRIALS FOR FAILURE TO FILE A MOTION TO RECUSE THE GOVERNMENT FROM PROSECUTING MR. DAVIS. [PAGES 280-281]

★ [CLAIM 28 NOTE] *PRO SE DEFENDANT WILL ONLY ALLOW THIS CLAIM AS IT PERTAINS TO 1996 CONVICTIONS. NOT 2005 TRIAL.

(10)

PG 28.1 →   CLAIM 29. THE CUMULATIVE EFFECT OF THE INEFFECTIVE ASSISTANCE OF COUNSEL AND THE GOVERNMENT'S BRADY VIOLATIONS UNDERMINED CONFIDENCE IN THE VERDICT AND DEATH SENTENCE AT MR. DAVIS'S TRIAL. [ PAGES 281 ]

NO CLAIMS APPROVED BY DEFENDANT IN THIS MOTION SHOULD BE VIEWED BY THE COURT NOR THE GOVERNMENT AS ATTACKING DEFENDANTS DEATH SENTENCE. THESE CLAIMS ATTACK CONVICTIONS. IN OTHER WORDS; IF CONVICTIONS REMAIN IN PLACE, SO DOES DEATH SENTENCE.

DUE TO RUSH DEFENDANT DID THIS MOTION IN; HE DID NOT MAKE COPIES. PLEASE SEND DEFENDANT A COPY ALONG WITH GOVERNMENT AND STAND BY COUNSEL. THANK YOU.

RESPECTFULLY
SUBMITTED BY
' PRO SE' DEFENDANT
LEON DAVIS
APRIL 17, 2012

MR. LEN DAVIS 24325034
PO BOX 33
TERRE HAUTE, INDIANA 47808

TERRE HAUTE IN 478

28 APR 2012 PM 1 T



Purple Heart USA 44   Purple Heart USA 44

INMATE
IDENTIFICATION
CONFIRMED

CLERKS OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA 70130

' JUDGE BERRIGAN SECTION C

70130%9393

CASE # 94-381