**UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | **SECTION: "C"** |
| **LEN DAVIS** | * | |
| | * * * | |

## GOVERNMENT'S MOTION AND INCORPORATED MEMORANDUM TO STRIKE PETITION UNDER 28 U.S.C. § 2255 AND FOR SANCTIONS

The United States respectfully moves to strike the petition under 28 U.S.C. § 2255 and its accompanying motions (Docs. 2265 - 2267, inclusive), filed on behalf of Len Davis and further moves to have its drafters, Sarah L. Ottinger and Rebecca L. Hudsmith, sanctioned for their blatant disregard of a court order.

After the United States Supreme Court denied *certiorari* to review the Fifth Circuit's affirmance of the 2005 death penalty recommendation, a status conference was held on May 16, 2011, in which Davis, in no uncertain terms, indicated his wish to represent himself in post-conviction matters. And, after satisfying itself of Davis's competency, the court ordered that: "Standby counsel cannot file anything without the consent of defendant Davis." (Doc. 2231.) Nonetheless, in the face of that explicit ruling, attorneys Ottinger and Hudsmith filed on March 20, 2012, a petition on Davis's behalf, comprising more than 400 pages, without his consent.

It is not so much the technical violation of the court's order that is so disturbing, but the bad faith that attended this well-planned decision to disregard both Davis's wishes and the order. The considerable length of the petition and its accompanying depth of detail betrays the obviously great amount of time and effort, comprising not weeks but surely months, it took to research and write.[1] All this leads to the ineluctable conclusion that the attorneys never intended to honor either the court's order or to respect Davis's stated intent. Their behavior, driven by obvious disagreement with Davis's ideas, also is contemptuous of the defendant's often-invoked Sixth Amendment right to control his own litigation.

The eleventh-hour filing was designed to whipsaw the court, virtually forcing it, in light of the heightened sensibilities at play in this capital case, to accept the filing.[2] This underhanded maneuver put all parties involved here, court, defendant and prosecution, in the awkward position of confecting an after-the-fact resolution to a problem caused by their clear-cut and calculated disregard of the order. This whipsaw could have been avoided, and the issues clarified, well in advance of the deadline. But the attorneys never filed a motion for leave to file anything on behalf of Davis, thus depriving him the opportunity to refine any issues he wanted to advance, or not. Again, this patronizing ploy disrespects the defendant, as well, by ignoring any input he may have had on the matter.[3] Now all concerned are forced to confront the issues retroactively in a pleading

---

[1] In a bit of perverse irony, I learned that the attorneys even hired as an investigator a recently retired New Orleans Police Officer who has had his own brush with federal prosecution to assist them in preparing the petition.

[2] This was a tactical move to temporize, since the name of the game in capital case defense is delay the process for as long as possible.

[3] Any excuse that the attorneys could not speak to Davis and, therefore, could not gain his perspective, is unconvincing: they had ample time to write to him, explain their plan, and seek

2

that ignored, with impunity, a court order.  These lawyers have, just as they planned, painted the court into a corner and they should have to bear some consequence for their cavalier tactic.

Their impunity also involves the exploitation of a double standard at play here.  They banked on the fact that, court order or not and Davis's wishes or not, their petition would be accepted retroactively in some form, because this is a capital case and the stakes are high.  Yet, were the roles reversed, government attorneys, who are held to higher ethical standards, would certainly be sanctioned for such a blatant disregard of the process.  Indeed, a suggestion by a district court of governmental impropriety will invariably trigger inquiry by the Department of Justice's Office of Professional Responsibility.  The government must abide by a court's order, whether it agrees with it or not.  Defense counsel, in contrast, feared no such ramifications, evident by their lack of disregard toward the order, and their assumption that the court will accept the petition in some form or other, is simply not fair; it skews the process in their favor.

Additionally, counsel are playing successfully for time, since delay is the overriding principle in capital case defense.  Prior notice to Davis or to the court to refine the issues would have meant that the process would have advanced, according to the AEDPA's statutorily-set limit, at a pace unacceptable to them, and this they could not abide.  Their tactic, designed to endlessly delay the imposition of a legal capital sentence, is also a disservice to the public, which, as case law repeatedly notes, has the right to expect finality in criminal cases.  The legal process in operation in  this seemingly interminable case  has been debased by this latest ploy by attorneys Ottinger and Hudsmith.  But, in addition to the public's interest in the finality and reliability of criminal convictions, this delaying tactic is grossly insensitive to the victim's family, since it realizes Jasmine

---

his opinion on the issues they concocted.

Groves's fear that extended post-conviction litigation will only prolong their anguish.[4]

Accordingly, the United States moves that the petition's drafters be sanctioned for their bad faith in defiance of the court's order and Davis's wishes that "nothing be filed without his consent," and further moves that the March 20, 2012 pleadings should be struck.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY


/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney
Louisiana Bar Roll Number 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3027


**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

s/Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney

---

[4]As further irony, Marcia Widder, Ms. Ottinger's colleague at 636 Baronne Street who wrote the brief appealing Davis's 2005 sentence, was dismissive of Jasmine's concerns when she pointed to the Garza and Jones cases (in which federal capital sentences were carried out in less than 10 years) as putative authority for the system's efficacy.  2008 WL 8162929 *84 n.49. Davis's case, in contrast, has dragged on for 18 years, hardly a model of judicial efficiency or a source of confidence in the system's reliability.