IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 2:94-cr-00381 |
| | * | |
| v. | * | |
| | * | SECTION "C" |
| LEN DAVIS | * | |
| | * | |

**MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION AND INCORPORATED MEMORANDUM TO STRIKE PETITION UNDER 28 U.S.C. § 2255 AND FOR SANCTIONS**

NOW INTO COURT COMES Len Davis, with standby counsel, and respectfully submits this memorandum in opposition to the Government's Motion and Incorporated Memorandum to Strike Petition Under 28 U.S.C. § 2255 and for Sanctions (hereinafter "Motion to Strike and for Sanctions"), Doc. No. 2277.

On March 20, 2012, undersigned standby counsel filed a Motion Under 28 U.S.C. § 2255 for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial (hereinafter

1

"§ 2255 Motion").  In a preliminary "Statement of Standby Counsel," at the outset of the § 2255 Motion, counsel explained that the decision to file was not made without careful thought and research.  Counsel sought the opinion of a nationally-recognized expert in attorney ethics about how to proceed.  He concluded that counsel were ethically obligated to file a § 2255 motion under the circumstances presented.  *See* Doc. No. 2265, Section I(A), at 11; Doc. No. 2265, Attachment #1, Appendix, Exhibit A, Declaration of Monroe H. Freedman.  The ethical obligations of counsel, including standby counsel, merit consideration under the unusual, perhaps unprecedented, circumstances presented by Mr. Davis's case.

Since filing, Mr. Davis has adopted substantial portions of the § 2255 Motion, *see* Doc. No. 2273, rendering the Government's motion to strike moot.  Had no § 2255 motion been filed on Mr. Davis's behalf, the AEDPA's statute of limitations would have run.   The Government would undoubtedly then have argued that any subsequent chance at relief was unavailable, and that Mr. Davis therefore should be executed.  The harm and prejudice to Mr. Davis would have been undeniable.  On the other hand, there is no harm, contrary to the Government's allegations, when a pleading contemplated by law is timely filed.  The majority of the claims in the motion have been adopted by Mr. Davis, who wishes to proceed *pro se* with the assistance of standby counsel.  The Government cites no legal authority in support of its request to strike or for sanctions.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

On April 24, 1996, a federal jury found Mr. Davis guilty of conspiracy against rights under 18 U.S.C. § 241, deprivation of rights under color of law under 18 U.S.C. § 242, and tampering with a witness, under 18 U.S.C. § 1512.  On April 26, 1996, the jury recommended a

sentence of death.  When Mr. Davis appealed his convictions and sentence of death, the Fifth Circuit Court of Appeals reversed his conviction under 18 U.S.C. § 1512 because the Government produced "no evidence" at trial that supported a jury finding that Ms. Groves' murder was to prevent her from reporting a federal crime, or to impede a federal investigation of the complaint she lodged with the New Orleans Police Department against Mr. Davis.  *United States v. Causey*, 185 F.3d 407, 422-23 (5th Cir. 1999).  As a result of the Government's failure to present evidence supporting the conviction under 18 U.S.C. § 1512, the Fifth Circuit vacated Mr. Davis' sentence of death and remanded his case to this Court for a new sentencing trial.  *Id*. at 423.

Acting sometimes as his own lawyer and sometimes through counsel, Mr. Davis was sentenced to death by a second jury at a second trial on August 5, 2005.  After the Fifth Circuit affirmed the sentence of death, the United States Supreme Court denied certiorari on March 21, 2011.  *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010), *cert denied sub nom Davis v. United States*, 131 S.Ct. 1676 (2011).  The clock on the one year statute of limitations for filing a § 2255 motion began running that day.  Unless Mr. Davis filed on or before March 21, 2012, the Government would be free to schedule Mr. Davis' execution immediately thereafter.  *See* 28 U.S.C. § 2255(f); 18 U.S.C. § 3596.

On May 16, 2011, this Court granted Mr. Davis' motion to proceed *pro se* in § 2255 proceedings.  The Court also appointed undersigned counsel as standby counsel, and ordered that counsel not file anything without Mr. Davis's consent in order to ensure his right to represent himself.  Doc. No. 2231.  At the same hearing, Mr. Davis made clear to the Court that he did not desire any visits from undersigned counsel.

Undersigned standby counsel began a time-consuming review of the voluminous record in Mr. Davis' case. Counsel eventually retained investigative and expert assistance as required by the American Bar Association Guidelines for Capital Representation. American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (2003), 31 HOFSTRA LAW REV. 913 (2003) (hereinafter "ABA Guidelines"); *Padilla v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473, 1482 (2010) (noting that the Supreme Court has "long . . . recognized that prevailing norms of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable [attorney performance]" (internal quotation marks and citations omitted)). Between May 16, 2011 and March 20, 2012, standby counsel did all they could to investigate possible claims for a § 2255 Motion.

At the same time, counsel made numerous unsuccessful attempts to establish contact with Mr. Davis.

Record review, research, and investigation revealed 1) numerous substantial claims of constitutional violations at Mr. Davis's trials; 2) concerns regarding Mr. Davis's competency; and 3) doubt as to the applicability of the Sixth Amendment right to self-representation in § 2255 proceedings. In light of these findings, the dire consequences of missing the statute of limitations, and their continued inability to have contact with their client, undersigned counsel consulted an expert in attorney ethics and presented both the procedural posture of Mr. Davis's case and the unique circumstances at play. Based on the facts presented to him (and pled in Mr. Davis's § 2255 Motion), Monroe H. Freedman, Professor of Law, and former Dean, at Hofstra University Law School, concluded that:

> Ms. Ottinger and Ms. Hudsmith are ethically required to file a 2255 motion and to seek to litigate what they conscientiously believe to be an erroneous grant of self-representation, and also to present to the Court the merits of Mr. Davis's habeas corpus claims, even though the court has ordered them, at the request of the prosecution, not to file pleadings without their client's consent.

Doc. No. 2265, Attachment #1, Appendix, Ex. A, Declaration of Monroe H. Freedman.

On March 20, 2012, one day before the statute of limitations ran, counsel filed the § 2255 Motion without being able to consult with Mr. Davis and, therefore, without his consent. Doc. No. 2265.

On April 17, 2012, this Court conducted a status conference. At the conference, Mr. Davis indicated that he wished to pursue many of the claims raised in the § 2255 Motion, and that he would now willingly speak and meet with counsel to discuss them. This Court ordered Mr. Davis to provide it with a list of § 2255 claims he wished to pursue. Doc. No. 2272.

On April 23, 2012, Mr. Davis filed a letter advising the Court that he wishes to proceed with 19 of the 29 claims in the § 2255 Motion.[1] Doc. No. 2273.

On April 30, 2012, the Government filed its Motion to Strike and for Sanctions. Doc. No. 2275. On May 1, 2012, the clerk entered a Notice of Deficient Document, indicating that the Government had neglected to file a memorandum in support of its motion. The same day, May 1, 2012, the Government refiled the identical motion, captioning it a motion and "incorporated memorandum of law." Doc. No. 2277. Neither pleading filed by the Government contains any citation to legal authority supporting striking the § 2255 Motion or the imposition of sanctions.

---

[1] Mr. Davis indicated that 11 of the 19 claims he wishes to pursue request both guilt and sentencing relief, and that he only wishes to pursue guilt relief for those 11 claims. Doc. No. 2273.

**LEGAL ARGUMENT**

### I. UPON APPOINTMENT, STANDBY COUNSEL HAD A DUTY TO BE PREPARED TO STEP IN TO REPRESENT MR. DAVIS SHOULD IT BECOME NECESSARY.

The Government fails to cite any law supporting its attack on standby counsel's review and investigation of Mr. Davis's case prior to filing the § 2255 Motion. Relevant jurisprudence and guidelines for capital representation provide no support for the Government's contention that it was somehow wrong for standby counsel to be prepared to assist Mr. Davis or to step into representation at a moment's notice.  Indeed, it would have been contrary to law and unethical for undersigned standby counsel to sit back and do nothing to prepare for 2255 proceedings.

The Supreme Court has long held that courts may appoint standby counsel, even over the objection of a defendant exercising his Sixth Amendment right to self-representation, "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984) (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)). Indeed, experience teaches that most self-representing defendants tend to utilize the assistance of standby counsel increasingly over time, and frequently relinquish self-representation entirely, requiring that standby counsel step in at that moment in time. *See Wiggins*, 465 U.S. at 185-86 (describing standby counsel's role as "active" at the punishment phase of trial, in comparison to the guilt proceedings); Joseph A. Colquitt, HYBRID REPRESENTATION: STANDING THE TWO-SIDED COIN ON ITS EDGE, 38 WAKE FOREST L. REV 55, 72 (2003) (noting how frequently "the mode of defense will change to representation by counsel or hybrid assistance" in self-

representation cases).   Indeed, at the resentencing proceeding, Mr. Davis allowed standby counsel to take over although he had previously invoked the right to represent himself.

The authority supporting the need for standby counsel to actively prepare to render assistance to or take the place of a self-representing defendant originates at the trial level of proceedings, where the stakes are not as high as they are in capital 2255 proceedings.  If a *pro se* defendant withdraws from representation mid-trial and standby counsel is unprepared to step in, the remedy is either to push forward with unprepared counsel and appeal any resulting error or to grant a mistrial and retry the case, allowing counsel time to prepare.  In stark contrast, there are no second chances in 2255 proceedings.  Section 2255 imposes a strict one-year limitations period for filing the § 2255 motion. *See* 28 U.S.C. § 2255(f).  All viable and cognizable § 2255 claims must be developed and pled in the initial § 2255 motion, or those claims run the risk of being defaulted forever. In other words, failure to raise and plead all available claims before the one-year limitations period runs means that those claims, no matter how meritorious, will likely never be heard on the merits.  From the time of appointment of standby counsel in May 2011 through the filing of the § 2255 Motion, at any moment, Mr. Davis could have changed his mind and asked counsel to file on his behalf.  The failure to prepare to step in and file would have resulted not in a mistrial, but in Mr. Davis's death.

Furthermore, competent, reasonable representation requires that counsel conduct necessary investigation and preparation in capital cases regardless of the client's expressed desire.  ABA Guideline 10.7(A)(1) and (2) obligate counsel to conduct a thorough and independent investigation relating to both guilt and penalty "regardless of any ... statement by the client that the evidence ... is not to be collected or presented." *Id*.  Counsel could not have sat

7

back and done nothing while the statute of limitations ran out in Mr. Davis's case. *See* Doc. No. 2265, Attachment #1, Appendix, Ex. A, Declaration of Monroe H. Freedman. Had standby counsel sat back and done nothing following appointment, it would have rendered sub-standard, unethical representation.

There is no merit to the Government's contention that standby counsel's actions in attempting to prepare for § 2255 proceedings over the course of 10 months were unwarranted. To the contrary, as evidenced by Mr. Davis's ratification of the majority of claims set forth in the § 2255 motion, as a result of counsel's diligence, Mr. Davis has pending before the Court, in a timely filed pleading, all of the issues he seeks to have heard. Standby counsel served their purpose, not only to Mr. Davis, but to the justice system as a whole.

**II. THE § 2255 MOTION WAS PROPERLY FILED AND SHOULD NOT BE STRUCK**.

Mr. Davis's § 2255 Motion was timely and properly filed pursuant to 28 U.S.C. § 2255, the Rules Governing § 2255 Proceedings, and Local Rules of the Eastern District of Louisiana. The Government has not pointed to any deficiency in the pleading itself. Mr. Davis has provided, in writing, a letter indicating that he would like to proceed to litigate some or all of 19 of the 29 claims. The Government does not provide either factual or legal support for the striking of the § 2255 Motion, and counsel is unaware of any jurisprudence supporting striking a properly filed § 2255 Motion. It would be ironic indeed if the Government, in its supposed effort to protect any right to proceed *pro se*, succeeded in preventing Mr. Davis from proceeding at all by striking his § 2255 Motion.

### III.  UNDERSIGNED COUNSEL'S FILING OF THE § 2255 MOTION SHOULD NOT BE SANCTIONED.

The Government cites no authority in urging the Court to sanction undersigned counsel. The motion for sanctions rests on the Government's unsupported *characterization* of standby counsel's actions as driven by bad faith.  Doc. No. 2277, at 1-4.  Standby counsel denies acting in bad faith in any respect.

As set forth above, the circumstances of this case support that counsel acted properly and ethically: 1) jurisprudence governing the duties of standby counsel and standards governing capital representation dictated that counsel diligently investigate and prepare to file a § 2255 Motion addressing all meritorious claims for relief; 2) counsel sought the opinion of an expert in attorney ethics prior to filing the § 2255 Motion, who advised that standby counsel was ethically bound to file;  3) the § 2255 Motion was timely filed causing no delay to the proceedings; and 4) Mr. Davis has now indicated that he would like to pursue a large portion of the claims in the § 2255 Motion with the assistance of standby counsel.

Under the unprecedented circumstances of this case, there is no basis for the requested sanctions.

### CONCLUSION

The Government's Motion to Strike and for Sanctions asserts only opinions rather than facts, and cites no authority whatsoever in support of striking or imposing sanctions, and thus should be denied.  The tone of the pleading and the Government's failure to acknowledge the facts as set forth above, call to mind Mr. Davis's assertion, in Claim I of the § 2255 Motion, that the Government is laboring under a conflict of interest in this federal prosecution of a capital case.  Accordingly, the consideration of Mr. Davis's timely and properly filed § 2255 Motion

should proceed, motivated by what should be all parties' commitment to seeking justice under the law.

WHEREFORE, for the foregoing reasons, Mr. Davis respectfully requests that this Court deny the Government's Motion to Strike and for Sanctions.

Respectfully submitted,

/s Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Len Davis, 24325034
P.O. Box 33
Terre Haute, IN 47808

*Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 15th day of May, 2012.

/s Rebecca L. Hudsmith

10