# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CASE NO. 2:94-cr-00381** |
| | \* | |
| **v.** | \* | |
| | \* | **SECTION "C"** |
| **LEN DAVIS** | \* | |
| | \* | **THIS IS A CAPITAL CASE** |

### MOTION TO VIDEOTAPE COMPETENCY EVALUATION

NOW COMES Len Davis, through undersigned standby counsel, who respectfully moves the Court to order that the competency evaluation by Dr. Ned P. Masbaum be recorded on video in its entirety. As grounds, Mr. Davis states as follows:

1.     On March 20, 2012, undersigned counsel filed a *Motion Under 28 U.S.C. § 2255 for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial* (Doc. No. 2265). This § 2255 Motion raised substantial issues surrounding Mr. Davis' competency, at the trials in 1996 and 2005, and at the time of filing. Subsequently, Mr. Davis filed a letter with this Court expressing his intention to continue represented by counsel on nineteen out of the twenty-nine claims pled in the § 2255 Motion, and waive ten claims—and additionally any aspect of any claim—dealing with sentencing or competency. Letter to the Court 4/17/12 (Doc. No. 2273).

2.     Apparently finding reasonable grounds to inquire into Mr. Davis' competency, this Court appointed Dr. Ned P. Masbaum to conduct a mental evaluation of Mr. Davis and provide an expert report and opinion regarding his competency. Order 6/27/12 (Doc. No. 2283).

1

3.      Mr. Davis wishes to make clear that he will not submit to an evaluation that is not videotaped.  He has found that evaluators have inaccurately reported "so-called statements" in past evaluations and desires that there be no misunderstanding as to his responses during the course of the upcoming evaluation.

4.      Because Dr. Masbaum will be rendering a scientific opinion as to Mr. Davis' competency, *Daubert v. Merill Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993), controls the admissibility of his opinion.  In determining whether an expert's opinion constitutes reliable "scientific knowledge," *Daubert* provides a non-exclusive list of four criteria to examine: 1) whether the expert's theory or technique can be and has been tested; 2) whether the expert's theory or technique has been subjected to peer review and publication; 3) in the case of a particular scientific technique, the court should consider the known or potential rate of error along with the existence and maintenance of standards controlling the technique's operation; and 4) whether the expert's theory or technique enjoys general acceptance within a relevant scientific community.  *Daubert*, 509 U.S. at 593-94.  These criteria are better evaluated when the parties and this Court can view a video of Dr. Masbaum's methodology.

5.      In the past, this Court has expressed strong support for videotaping evaluations, because videotaping aids the Court in credibility determinations.  *See United States v. Hardy*, 762 F.Supp. 849, 917 (E.D.La. 2010); *United States v. Smith*, 790 F.Supp.2d 482, 493, 514 (E.D.La. 2011).

WHEREFORE, for the reasons asserted herein and in the accompanying Memorandum, Mr. Davis and standby counsel respectfully request that this Court prohibit any visitation or examination of Mr. Davis by any court-appointed expert unless a videotaped record of this contact is contemporaneously created.

2

Respectfully submitted,


/s Sarah L. Ottinger_____
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org


Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
rebecca_hudsmith@fd.org


## CERTIFICATE OF SERVICE


I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 3rd day of July, 2012.


/s Sarah Ottinger_____

Sarah Ottinger

3