**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CASE NO. 2:94-cr-00381** |
| | \* | |
| **v.** | \* | |
| | \* | **SECTION "C"** |
| **LEN DAVIS** | \* | |
| | \* | **THIS IS A CAPITAL CASE** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VIDEOTAPE
COMPETENCY EVALUATION**</u>

Dr. Ned Masbaum has been appointed by this Court to evaluate Len Davis in this § 2255 proceeding, apparently for the purpose of determining Mr. Davis' competency to waive certain claims in his § 2255 Motion. Dr. Masbaum's findings will necessarily be the subject of an adversarial hearing to determine Mr. Davis' competency. Mr. Davis has been unsatisfied with the accuracy of the reporting of his statements during past evaluations. Because this evaluation implicates Fifth and Sixth Amendment concerns, and because this Court must serve as a gatekeeper to determine whether Dr. Masbaum's expert opinion is admissible under *Daubert v. Merill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), video recording of any interaction between Mr. Davis and Dr. Masbaum is necessary.

### I.    Practical Concerns

As a matter of policy, this Court has opined that videotaping interviews "provide[s] the Court the advantage of direct assessment of credibility as well as additional helpful information, unfiltered by [the expert]." *United States v. Hardy*, 762 F.Supp. 849, 917 (E.D.La. 2010). *See*

*also United States v. Smith*, 790 F.Supp.2d 482, 493, 514 (E.D.La. 2011) (using videotape of psychological assessment to aid in *Atkins* determination).  Video recording of an interview conducted by a mental health expert is a valuable tool for both parties and this Court.  It serves as an objective, reliable record of the interview with which to cross-reference what is ultimately written in the expert report and/or testified to at the hearing.  The American Bar Association's Criminal Justice Mental Health Standards advise that "[a]ll court-ordered evaluations . . . should be recorded on audiotape, or, if possible, on videotape, and a copy of the recording should be provided promptly to defense counsel."  ABA CRIMINAL JUSTICE MENTAL HEALTH STANDARD 7-3.6(d).  The ABA notes that the recording requirement strikes an appropriate compromise between protecting a defendant's right to counsel and preserving the expert's freedom to conduct the evaluation without the possible influence of the presence of a third party.  *Id.*, at Commentary.

Indeed, there are no real disadvantages to videotaping the interview.  No party will be prejudiced, nor will it otherwise interfere with this Court's orderly proceedings over this matter.  Other federal courts have ordered videotaping of interviews at USP Terre Haute's death row in the past, and so it is reasonable to assume that the facility is or may be equipped for video recording. *See, e.g.*, *United States v. Bourgeois*, 2:02-CR-00216 (S.D. Tex); *Trentadue v. Federal Bureau of Investigation*, 2:04-CV-772 (D. Utah).  Courts have also ordered recording of psychological testing and/or examinations in other cases, which ultimately informed the result of the issue. *See, e.g.*, *Brumfield v. Cain*, No. 04-CV-787, 2012 WL 602163 (M.D.La. Feb. 23, 2012); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1088-89 & n. 13 (N.D. Iowa 2005); *United States v. Sampson*, 335 F. Supp. 2d 166, 247-48 (D. Mass. 2004).  Especially in a death penalty case in which the defendant's competency is squarely at issue, videotaping the mental

examination is a good practice to help ensure that the procedures by which competency is determined comport with the Constitution. *Cf. Panetti v. Quarterman*, 551 U.S. 930, 950-52 (2007) (holding that the state court's procedures to determine competency to be executed were constitutionally insufficient); *see also id.* at 975 n. 9 (Thomas, J., dissenting) (noting that the petitioner's motion to videotape all court-ordered competency evaluations was denied by the state court).

## II.    *Daubert* Concerns

*Daubert* controls the admissibility of scientific evidence. Whether a party seeks to admit "new" scientific evidence, or whether a determination will rest on generally admissible scientific evidence, the four *Daubert* factors must be considered for admissibility purposes. The factors are: 1) whether the expert's theory or technique can be and has been tested; 2) whether the expert's theory or technique has been subjected to peer review and publication; 3) in the case of a particular scientific technique, the court should consider the known or potential rate of error along with the existence and maintenance of standards controlling the technique's operation; and 4) whether the expert's theory or technique enjoys general acceptance within a relevant scientific community. *Daubert*, 509 U.S. at 593-94. In this context, this Court should consider, for example, whether appropriate tests were administered; whether the evaluator administered the appropriate tests properly; and whether the evaluator scored the appropriate tests properly.

A video recording will also aid this Court in its function as gatekeeper of the admissibility of Dr. Masbaum's opinion. This Court will be able to see for itself the methodology employed by Dr. Masbaum instead of having to rely on his own self-reporting. *See Hardy*, 762 F.Supp.2d at 887 & n. 181 (noting "the usefulness of videotaping, which allows the Court to make its own credibility determinations").

### III.   Fifth Amendment Concerns

*Estelle v. Smith*, 451 U.S. 454, 463-64 (1981), establishes that the Fifth Amendment is implicated when a criminal defendant is compelled to submit to a court-ordered mental examination.   A defendant is also entitled to the Fifth Amendment privilege against self-incrimination, which would be placed at risk should this case ever be reversed and remanded for a new trial.   At this point, any information disclosed by Mr. Davis during this evaluation may subsequently be used by the Government in its continuing efforts to convict and kill him.[1] Videotaping the interview would allow a full evaluation of any statements Mr. Davis makes in light of his demeanor and the context in which the statements are made, in addition to ensuring that they are recorded accurately.

### IV.   Sixth Amendment Concerns

"[T]he accused is guaranteed that he need not stand alone against [the government] in any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial."   *United States v. Wade*, 388 U.S. 218 226-27 (1967).   A court-ordered psychiatric examination is a "critical stage" fraught with the danger that evidence and information detrimental to the defendant may be produced and which the prosecution may later seek to use against the defendant.   *Estelle v. Smith*, 451 U.S. 454, 463-64 (1981).   For this reason, the Sixth Amendment right to counsel applies whenever a defendant is required to submit to such an examination. *Id.*; *see also Satterwhite v. Texas*, 486 U.S. 249, 254 (1988); *Powell v. Texas*, 492 U.S. 680, 682 (1989).   Mr. Davis has communicated to standby

---

[1] A motion for a protective order to prevent the Government from using any potentially incriminating statements against Mr. Davis will be forthcoming.

counsel that he wants the evaluation to be videotaped, and that it will be useful to Mr. Davis (and any duly appointed representative) at the competency hearing.

In conclusion, video recording any mental evaluation is both constitutionally and pragmatically warranted. This Court has the discretion to impose conditions upon this examination such that Mr. Davis' Fifth and Sixth Amendment rights, as well as the integrity of the examination itself, are preserved. *See* Fed. R. Civ. P. 12.2(c)(1)(B) ("court may . . . order the defendant to be examined under procedures ordered by the court"); *Commissioner v. Baldwin*, 686 N.E.2d 1001, 1005 n.4 (Mass. 1997) (recognizing that "videotaping may both be more intrusive and produce a more complete record of a psychiatric interview as compared to audiotaping, considerations that should be taken into account by a judge in the exercise of discretionary judgment."). We respectfully request that no examination of Mr. Davis be performed unless it is videotaped.

Respectfully submitted,

/s Sarah L. Ottinger_____
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org


Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
rebecca_hudsmith@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 3rd day of July, 2012.

/s Sarah Ottinger_____

Sarah Ottinger