**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

**RESPONSE TO DESIGNATION OF CLAIMS
AND REQUEST FOR APPOINTMENT OF COUNSEL**

NOW COMES undersigned counsel, without objection by Len Davis who has reviewed this pleading, and respectfully files this response to Mr. Davis's designation of claims, and requests that this Court appoint qualified counsel to represent Mr. Davis for purposes of addressing waiver and competency, pursuant to this Court's Orders of June 6 (Doc. No. 2282) and June 27, 2012 (Doc. No. 2283).

On March 20, 2012, undersigned counsel filed a *Motion Under 28 U.S.C. § 2255 for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial* (Doc. No. 2265). This Court subsequently held a status hearing involving the government, undersigned counsel, and Mr. Davis. At the hearing, Mr. Davis stated that he intended standby counsel to pursue all "conviction-related" claims in the § 2255 Motion, but not those related to sentencing or competency. Transcript 4/17/12 (Doc. No. 2281), at 5. In response, this Court asked that Mr. Davis file a written list of the claims that he wished to pursue and those that he would waive. Transcript 4/17/12 (Doc. No. 2281), at p. 16. On April 23, 2012, Mr. Davis filed a letter listing

1

the nineteen claims he intended to pursue in his § 2255 proceedings.   Letter to the Court 4/23/12 (Doc. No. 2273).   The letter stated that he wished to drop the ten remaining claims, and additionally all sentencing and/or competency aspects of the nineteen chosen claims.   *Id.* at p. 1.

This Court issued an Order on June 6, 2012, that undersigned counsel, standby counsel for Mr. Davis, respond to the designations made by him as to which claims to pursue.   Order 6/6/12 (Doc. No. 2282).   This Court set a deadline of July 6, 2012, for any response to be filed.   *Id.*

Based upon Mr. Davis's representations to this Court that he wants to pursue with standby counsel the substantial conviction-related claims raised in the § 2255 Motion, undersigned counsel are able and willing to assist Mr. Davis in this effort as standby counsel and are prepared to go forward in the prosecution of those claims, working closely with Mr. Davis in this regard.

With respect to the issue of whether Mr. Davis is competent and the interrelated issue of whether he can validly waive the non-conviction-related claims raised in the § 2255 Motion, undersigned counsel at all times acted in good faith, based upon a reasonable belief, in asserting Mr. Davis's incompetency.   However, undersigned counsel, as standby counsel, are not now in a position to prosecute the competency issue and the interrelated issue of the validity of any waiver of the remaining claims.   First, Mr. Davis has made clear his position that he does not want standby counsel to pursue the issue of his incompetency, regardless of counsel's reasonably held contrary views on the issue.   Second, any Court-ordered requirement that standby counsel litigate the competency issue would directly undermine counsel's ability to work with and represent Mr. Davis in the prosecution of the claims he does desire to pursue with the assistance of standby counsel and would potentially raise a conflict with Mr. Davis that can and should be avoided.

Nevertheless, under the circumstances, undersigned counsel believe they are obligated, pursuant to Louisiana Rules of Professional Conduct Rule 1.14,[1] to advise the Court it should appoint a separate lawyer to represent Mr. Davis in connection with the litigation of the issue of whether or not he is competent and the interrelated issue of whether he can validly waive any claims in the § 2255 Motion.   This is especially so given that this Court has appointed a psychiatrist without consultation with the parties to conduct an evaluation of Mr. Davis and provide an expert report and opinion regarding his competency.   Order 6/27/12 (Doc. No. 2283).

In connection with the determination of his competency, Mr. Davis has a right to a hearing on the issue at which he is represented by counsel, a right that may not be waived until his competency is determined, in order to protect his rights under the Fifth, Sixth and Eighth Amendments.    A competency hearing will be necessary in this case.   *See*, *e.g.*, *Greene v. Norris*, Slip op., No. 5:04-00373, 2010 WL 4096828 (E.D. Ark. Oct. 15, 2010) (holding that "a hearing is necessary in order to determine whether [the petitioner] is competent to waive his *Atkins* claim and that counsel is entitled to conduct discovery before the hearing takes place.").[2]   A criminal

---

[1] Louisiana Rules of Professional Conduct Rule 1.14(b) provides:

> When the lawyer reasonably believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action, including consulting with individuals or entities that have the ability to take action to protect the client and, in appropriate cases, seeking the appointment of a fiduciary, including a guardian, curator or tutor, to protect the client's interests.

[2] In *Rees v. Peyton*, 384 U.S. 312, 314 (1966), a habeas petitioner moved to withdraw his petition and waive all further litigation.   The Court ordered a psychiatric evaluation to determine whether the petitioner "ha[d] the capacity to . . . make a rational choice with respect to continuing or abandoning further litigation".   *Id.* "[T]he question under *Rees* . . . is not whether mental illness substantially affects a *decision*, but whether a mental disease, disorder or defect substantially affects the prisoner's *capacity* to appreciate his options and make a rational choice among them."   *Dennis ex. Rel Butko v. Budge*, 378 F.3d 880, 890 (2004) (emphasis in original).   The symptoms of bipolar disorder "may substantially affect" Mr. Davis' ability to make the type of "rational choice" necessary for competence under *Rees*.   "Impairments in judgment, effective

3

defendant has the right to be represented by counsel during every critical stage of a prosecution, including a competency hearing. *See Estelle v. Smith*, 451 U.S. 454, 469-71 (1981); *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). Where, as here, a defendant's competency is at issue, a court may not allow that defendant to waive his right to counsel until the issue of competency has been resolved. *United States v. Klat*, 180 F.3d 264, *5 (5th Cir. 1999). *See United States v. Purnett*, 910 F.2d 51, 56 (2d Cir. 1990) (holding that "appointing counsel for the limited period needed to determine whether a defendant is competent . . . is not viewed as a denial of the defendant's right to self-representation"); *Mata v. Johnson*, 210 F.3d 324, 332-33 (5th Cir. 2000) (holding that proceeding to determine competency to waive § 2254 petition was inadequate where counsel was unable to present evidence and arguments at an adversarial hearing).

Also, courts have authorized protective action in cases where the client is not necessarily incompetent, but exhibits what may reasonably be interpreted as diminished capacity. For example, in *Smith v. Mahoney*, 611 F.3d 978, 1002 (9th Cir. 2010)*,* the defendant was suffering from deep depression due to living in solitary confinement and had expressed the desire to die. The court noted that, while these circumstances "did not render the defendant incompetent, they clearly did impair his ability to make 'adequately considered decisions in connection with [his] representation.'" *Id.* In that situation, competent counsel should have taken protective action and ensured that the client's decisions to plead guilty and seek the death penalty were based on a clear understanding and not "the product of fear and abject despair." *Id.* In *Cashill v. Second Judicial Dist. Court of State ex rel. County of Washoe*, Slip op., No. 57519, 2012 WL 627750 (Nev. Feb. 23, 2012), the client had been released from a psychiatric facility, where she had been diagnosed

---

weighing and deliberating, being able to see the big picture, inhibiting socially inappropriate behaviors, and inability to plan effectively are all neurological functions that are impaired in Bipolar Disorder." Ex. S-C to § 2255 Motion (Doc. No. 2265) (Report of George Woods, M.D.), at 4.

4

with having a major depressive episode.   Several months later, her attorney took action to protect the client's financial assets under the belief that she was still suffering from diminished capacity. The court upheld this action as reasonable under Rule 1.14(b).   In light of the good faith allegations of incompetency made in the § 2255 Motion, undersigned standby counsel suggest that protective action in the form of appointment of separate counsel to represent and protect Mr. Davis's interests in connection with the litigation of the competency issue is similarly appropriate.

WHEREFORE, undersigned standby counsel respectfully represent that they concur with Mr. Davis's stated desire vigorously to pursue the prosecution of the substantial conviction-related claims in the § 2255 Motion with their assistance.   Despite Mr. Davis's unwillingness to pursue as well the competency issues and the non-conviction-related claims alleged in good faith in the § 2255 Motion, undersigned counsel are willing and able to proceed to assist Mr. Davis as standby counsel on those claims he does seek to pursue and no more.   However, undersigned counsel believe they are ethically obligated to notify this Court, and respectfully do so, of the need to protect Mr. Davis's interests with regard to the competency issue and the interrelated issue of the validity of his waiver of the non-conviction-related claims through the appointment of separate capitally-qualified counsel to represent him in connection with the litigation of the competency issue.

Respectfully submitted,

/s Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org


Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
rebecca.hudsmith@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed

with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic

filing to all counsel of record on this 6th day of July, 2012.


/s Sarah Ottinger

Sarah Ottinger

6