UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 94-381 |
| LEN DAVIS | SECTION "C" |

**ORDER AND REASONS**

This capital post-conviction matter comes before the Court on a motion by standby counsel to vacate the Court's grant of relief under *Faretta v. California*, 422 U.S. 806 (1975). Rec. Doc. 2266. The Court has considered the motion, the oppositions of the government and the defendant,[1] the record, and the law and has concluded that the motion should be granted to a limited extent. The motion is granted only as to those issues raised by standby counsel that were not specifically adopted by the defendant.

Accordingly, the Court's orders that the defendant be allowed to represent himself, contained in an order dated March 17, 2011, and a minute entry dated May 16, 2011, are vacated as to those issues not specifically adopted by the defendant. Rec. Docs. 2197, 2231. Nevertheless, the defendant shall continue to represent himself as to those issues adopted by him

---

[1] He is technically "the movant," as he has already been convicted and Section 2255 proceedings are by motion rather than by petition, but the Court refers to him as "the defendant" here in order to avoid confusion with standby counsel, who made the instant motion.

1

from standby counsel's pleadings. *See United States v. Gillis*, 773 F.2d 549 (4th Cir. 1985).

I.      **The Scope of the *Faretta* Right**

The parties do not cite a case that resolves the issue whether a person moving for post-conviction relief under 28 U.S.C. § 2255 has an absolute right to represent himself. *Faretta* does not resolve the issue, because the Court's "holding was confined to the right to defend oneself at trial." *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 154 (2000). Neither does *Martinez*, where the Court held that "the reasoning in support of [the *Faretta*] holding" does not "appl[y] when the defendant becomes an appellant and assumes the burden of persuading a reviewing court that the conviction should be reversed." *Id.* But at least one court has addressed the closely related situation of a Section 2254 petition, holding that "there is no federal or constitutional right to self-representation in a direct appeal from a criminal proceeding, and thus, by logical extension, there is also no right to self-representation during a collateral proceeding." *McCleaf v. Carroll*, 416 F. Supp. 2d 283, 294–95 (D. Del. 2006).

The analogy drawn in *McCleaf* between an appeal and a petition for post-conviction relief is sound, and seeing no distinction between Sections 2254 and 2255 for purposes of *Faretta*, the Court concludes that *Martinez* should largely control the outcome here.[2] Just as the

---

[2] The Supreme Court's *Faretta* jurisprudence suggests that it is the nature of the proceeding that matters. It involves a trial, usually before a jury, dealing with factual issues as much as law, and with a presumption of innocence to the defendant. Collateral review, on the other hand, concerns mostly matters of law, very limited review of facts and the presumption of innocence is gone. The relevance of the presence of a jury accounts for the rule that standby counsel may participate even during trial and even without a defendant's express consent, so long as they do not "seriously undermin[e]" the "appearance before the jury" that the defendant is representing himself. *McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984). The dignity and autonomy interests advanced by lay representation are also greater when addressing one's lay peers (the jurors) rather than a legal professional.

2

Sixth Amendment right to counsel on which *Faretta* relied does not apply to appeals, *Martinez*, 528 U.S. at 159–60, a constitutional right to counsel does not apply in post-conviction collateral attacks, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Murray v. Giarrantano*, 492 U.S. 1, 10 (1989).  Just as the Supreme Court was "not aware of any historical consensus establishing a right of self-representation on appeal," this Court is unaware of—and the parties have not pointed it towards—any historical consensus establishing an absolute right of self-representation on collateral attack.  *Martinez*, 528 U.S. at 159.  And just as the Supreme Court was "entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding," this Court is of the same opinion about a collateral proceeding.  *Id.* at 161.

Perhaps for these reasons, the Fifth Circuit suggested in a prior opinion in this case that "the ending point for the Sixth Amendment right of self-representation in criminal proceedings" is the conclusion of the guilt and penalty phases of a criminal trial and the commencement of appellate proceedings.  *United States v. Davis*, 2001 WL 34712238, *2 (5th Cir. July 17, 2001).  *Faretta* was at its core a decision about the dignity and autonomy due a presumptively innocent or presumptively non-death eligible person.  No other rationale could support it.  "No one, including . . . the *Faretta* majority, attempts to argue that as a rule pro se representation is wise, desirable, or efficient."  *Id.* at 161.

## II.     28 U.S.C. § 1654

The government asserts that the defendant also has a statutory basis to proceed *pro se*, citing 28 U.S.C. § 1654, which provides:  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts,

respectively, are permitted to manage and conduct causes therein." But the burden to raise this issue was on the defendant. *Brown v. United States*, 264 F.2d 363, 366 (D.C. Cir. 1959) (en banc) ("[W]here a defendant fails to *expressly* assert his statutory right to conduct his own defense he cannot later successfully contend that the right was denied him." (emphasis added)). The defendant here repeatedly characterized the right he was asserting as *Faretta*'s constitutional right. He therefore has waived whether and to what extent Section 1654 independently confers on him a right to self-representation. *See, e.g.*, *South Dakota v. Dep't of Interior*, 665 F.3d 986, 991 (8th Cir. 2012) (raising constitutional argument but not similar statutory argument insufficient to preserve issue); *Hasan v. E. Wash. State. Univ.*, 485 Fed. Appx. 169, 170 (9th Cir. 2012) (failure to assert statutory claim along with constitutional claim waives it); *Lewis v. Jacks*, 486 F.3d 1025, 1030 (8th Cir. 2007); *Camp v. Gregory*, 67 F.3d 1286, 1299 (7th Cir. 1995).[3]

As the defendant has waived whatever non-constitutional right he may have had to proceed *pro se* under Section 1654, previously appointed standby counsel should have been appointed defendant's capital habeas counsel under the provisions of 18 U.S.C. § 3599(a)(2). By this order, they are appointed defendant's counsel *nunc pro tunc* as of the time of the *Faretta* hearing.

## III.  The Court's Discretion To Allow *Pro Se* Proceedings

Although, as already discussed, the defendant has no absolute right to proceed *pro se*

---

[3] Even if the defendant had not waived the issue, *Martinez* noted that while it is "arguable that [Section 1654] encompasses appeals as well as trials . . . . the statutory right is expressly limited by the phrase 'as by the rules of the said courts.'" 528 U.S. at 158. The Court would therefore need to decide the "arguable" question whether Section 1654 even applies to collateral proceedings—or indeed to any proceedings where there is a right to counsel (statutory or constitutional), as such a situation could not have been contemplated by its drafters. The Court need not delve into that morass, as *Martinez*'s discussion of Section 1654 makes it unnecessary.

here, the Court understands his desire to do so and therefore exercises its discretion under *Martinez*, 528 U.S. at 163, to allow the defendant to proceed *pro se* on the issues he designated for himself in Rec. Doc. 2273, while his counsel will proceed with the balance of the issues in the Section 2255 motion. Counsel are not to interfere with the defendant's litigation of the issues he has identified as ones on which he wishes to proceed *pro se*.

In order to provide the defendant with additional autonomy, the Court will also allow him to submit up to twenty pages of supplemental briefing each time his counsel submits a filing. *See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). While the Court is under no obligation to allow "hybrid representation[] whereby [the prisoner] and his attorney act as co-counsel," *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010), the Court has decided that hybrid representation in this case best balances the defendant's autonomy interests and the needs of the justice system.

Accordingly,

IT IS ORDERED that the motion filed by standby counsel to vacate the grant of *Faretta* relief is GRANTED, Rec. Doc. 2266, to the limited extent set forth above, and the defendant's motion in opposition to that extent is DENIED, Rec. Doc. 2319.

IT IS FURTHER ORDERED that previously appointed standby counsel are appointed counsel under 18 U.S.C. § 3599(a)(2) now as for then at the time of the *Faretta* hearing.

IT IS FURTHER ORDERED that the prisoner may proceed *pro se* on the claims he listed in Rec. Doc. 2273.

IT IS FURTHER ORDERED that counsel will proceed on the remaining claims in their Section 2255 petition, with the defendant allowed to file a supplemental brief of up to twenty

pages along with any future filings they may make.

IT IS FURTHER ORDERED that the government's motion to strike the motion filed by standby counsel and for sanctions is DENIED AS MOOT. Rec. Doc. 2277. The motion was timely filed by the counsel who should have been representing the defendant at the relevant time and who by this order are appointed his counsel now as for then at the time of the *Faretta* hearing, the orders from which and before are VACATED. Rec. Docs. 2197, 2231.

IT IS FURTHER ORDERED that the government file a response no later than June 28, 2013, to the motions to conduct discovery. Rec. Docs. 2267, 2268.

IT IS FURTHER ORDERED that the government file a response to the Section 2255 motion no later than August 30, 2013. Rec. Doc. 2265. Given the complexity of this matter, the Court will entertain motions to extend that deadline, if appropriate.

IT IS FURTHER ORDERED that the reply briefs of the defendant (as to the Rec. Doc. 2273 issues) and of counsel (to the remainder), along with any supplement to counsel's reply that the defendant may wish to submit, shall be filed by October 31, 2013, or within sixty days of the last government response, whichever is later. Given the complexity of this matter, the Court will entertain motions to extend that deadline, if appropriate.

New Orleans, Louisiana, this 9th day of April, 2013

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE