**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 94-381** |
| **v.** | * | **SECTION: "C"** |
| **LEN DAVIS** | * | |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN SUPPORT**
**OF MOTION FOR PARTIAL RECONSIDERATION**
**OF ORDER AND REASONS (REC. DOC. 2321) GRANTING IN PART**
**STAND-BY COUNSEL'S MOTION TO VACATE**
**COURT'S GRANT OF *FARETTA* RELIEF**

The United States moves the court for partial reconsideration of its order and reasons of April 9, 2013 (Rec. Doc. 2321).[1]  Specifically, the United States seeks reconsideration of:  (1) the court's decision that Davis does not have the right under *Faretta v.* California, 422 U.S. 806 (1975) to proceed *pro* se in this habeas proceeding brought under 28 U.S.C. § 2255; (2) the court's decision that Davis must be represented by appointed counsel on *habeas* claims he did not file or specifically adopt (Rec. Doc. 2273); (3) that *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152 (2000) holds as a matter of law that Davis does not have the right to represent himself

---

[1] This motion may become moot if the court grants the "Motion to Strike Sentencing Claims from Section 2255 Motion" (Rec. Doc. 2323), filed on April 11, 2013, by  standby counsel on behalf of *pro-se* Len Davis.  In that motion,  appointed counsel move to strike all claims that defendant Davis does not wish to pursue, as outlined in Doc. No. 2273, from the motion filed under 28 U.S.C. § 2255 (Rec. Doc. 2273).  Appointed counsel state in the memorandum in support of the motion to strike sentencing claims that they consulted by telephone with Davis after the court appointed them to represent him on the § 2255 claims he did not adopt and does not wish to pursue. (Rec. Doc. 2323).  According to his appointed counsel, "as Mr. Davis recently informed the Court, and as he reiterated to counsel today, he is so adamant about abandoning the claims he intends to waive all collateral proceedings in this capital case if the claims are not struck from his § 2255 motion."  (Rec. Doc. 2323-1, p. 1).  Noting that "[t]his Court has previously found Mr. Davis competent to proceed on four occasions—most recently in an order issued on February 7, 2013," appointed counsel advise that they rely on their ethical obligation "to pursue Mr. Davis' stated goal in the Section 2255 litigation:  to pursue relief only on those claims pertaining to guilt proceedings and to be 'murdered by the United States government' in the event he does not prevail on those claims."  (Rec. Doc. 2323-1, p. 2)(citing Davis's filing, Rec. Doc. 2319).   In order to preserve the objection should the Court deny the motion to strike, the United States advances this reconsideration.

1

and to control the litigation in this § 2255 proceeding; and (4) that defendant Davis has waived

his rights under 28 U.S.C. § 1654 to proceed *pro se*.

*Brief Relevant Background*

As this court is well aware, this criminal action against Len Davis has been pending for

nearly 20 years.  Of relevance to the present motion are the following:  defendant Davis, a

former New Orleans Police officer, was convicted of civil rights murder in violation of 18 U.S.C.

§§ 241 and 242 and was sentenced to death.  *United States v. Causey*, 185 F.3d 407 410-11 (5th

Cir. 1999).[2]   Davis's civil rights convictions were affirmed on initial appeal, but his death

sentence was reversed, and the case remanded for a new sentencing hearing.  *Id*. at 423.

On remand, Davis sought to proceed *pro se* in his penalty proceeding, but when his motion was

denied, he appealed the denial of his right to self-represent and, alternatively, sought a writ of

mandamus enforcing his right of self-representation.  *United States v. Davis*, 2001 WL 34712238

(5th Cir. July 17, 2001) (*Davis I*).[3]  Considering whether, under *Martinez v. Court of Appeal*, 528

U.S. 152 (2000), the right of self-representation could be limited to the end of the

"guilt/innocence phase of a bifurcated trial proceeding," the Fifth Circuit held that it could not

and noted that "*Martinez* focuses on the distinctions between trial and appellate stages of a

criminal proceeding," that a "lay appellant has no right to be present during appellate

proceedings," and that the "defendant, not the state, normally initiates appellate process."  2001

WL 34712238 at *2.  The Fifth Circuit rejected the district court's finding that *Faretta* does not

extend to capital proceedings, holding that "*Faretta* is clear.  If Davis made a knowing and

intelligent waiver of his right to counsel, he is entitled to represent himself.  'The right to defend

---

[2] Davis was also convicted of witness tampering under 18 U.S.C. § 1512(a)(1), but this conviction was reversed *Causey*, 185 F.3d 423.

[3]The district court held a hearing pursuant to *Faretta*, 422 U.S. at 806, finding that while Davis's *pro se* decision was knowing and intelligent, the right to proceed *pro se* under *Faretta* did not extend to criminal sentencing, and if it did, his *Faretta* interests were outweighed by Eighth Amendment concerns that the death sentences not be imposed arbitrarily and capriciously.  2001 WL 24712238 at *1.

2

is given directly to the accused; for it is he who suffers the consequences if the defense fails.'" 2001 WL 34712238 at *3 (quoting *Faretta*, 422 U.S. at 820)).  Unequivocally concluding that "Davis has a clear and indisputable right to mandamus relief and no adequate alternative to mandamus exists," the Fifth Circuit issued a writ of mandamus, ordering the district court to allow Davis to proceed *pro se*.  *Id.*

The Fifth Circuit revisited the matter of Davis's *Faretta* right to represent himself after the district court concluded that, irrespective of the defenses and  issues that Davis planned to raise and the defense strategies he planned to employ during his sentencing phase, "an independent counsel" should be appointed to represent "the interest of the public" in Davis's penalty phase hearing.  *United States v. Davis*, 285 F.3d 378, 380 (5th Cir. 2002) (*Davis II)*. Although Davis determined that he did not want to present traditional mitigating evidence to the jury and instead wanted to focus on presenting evidence related to his guilt, the "independent counsel" would, contrary to his wishes, present mitigating factors favoring Davis at the sentencing hearing.  *Id.*  Davis filed a motion in the Fifth Circuit for clarification of its previous *Faretta* order or for a second writ of mandamus overturning the appointment of independent counsel, complaining that the district court's order "completely eviscerates his *Faretta* right to represent himself pro so."  *Id.*  (quoting Davis's motion and application for second writ of mandamus).  The Fifth Circuit agreed and granted the second writ of mandamus.

In *Davis II*, the Fifth Circuit rejected the district court's finding that the interest of the public outweighed Davis's right of self-representation, a right "at the very heart of the Sixth Amendment," observing that the Framers 'always conceived of the right to counsel as an "assistance" for the accused, to be used at his option, in defending himself.'" 285 F.3d at 384 (citing *Faretta*, 422 U.S. at 832).  Rejecting outright the notion that "society's interest in a full

and fair capital sentencing proceeding can only be served if all possible aggravating and mitigating factors are presented to the jury," the Fifth Circuit held that "*Faretta* teaches us that the right to self-representation is a personal right. It cannot be impinged upon merely because society, or a judge, may have a difference of opinion with the accused as to what type of evidence, if any, should be presented in a penalty phase." 285 F.3d at 384. Acknowledging that Davis's strategy to focus on attacking evidence of his guilt, rather than introducing mitigating evidence, was risky, even foolhardy, *Davis II* nevertheless recognized that, regardless of its merits or likelihood of success, "Davis's right to self-representation encompasses the right to direct trial strategy". *Id.* at 384. For the second time in the instant case, the Fifth Circuit held, unambiguously, that:

> The core of a defendant's right to pro se representation is his ability to preserve actual control over the case he chooses to present to the jury. *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). This is so regardless of whether society would benefit from having a different presentation of the evidence. Because Davis will be stripped of his right to preserve actual control over his penalty trial defense if the appointment of the independent counsel is allowed to stand, we conclude that Davis has a clear and indisputable right to mandamus relief and no adequate alternative to mandamus exists. . . .We reiterate that the district court may appoint standby counsel for Davis if appropriate. However, during the penalty phase, the district court shall not allow standby counsel to interfere with Davis's self-representation right. Any attempt by standby counsel to present traditional mitigating evidence (against the wishes of Davis) would also violate Davis's *Faretta* right and this writ."

*Davis II*, 285 F.3d at 385 (internal citations omitted).

At the second sentencing hearing, the jury again recommended a sentence of death. (Rec. Doc. 1513). The Fifth Circuit affirmed Davis's capital sentence and his convictions on June 16, 2010. *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010) (*Davis III*). On March 21, 20101, the Supreme Court denied certiorari. *Davis v. United States*, 131 S.Ct. 1676 (2011).

4

On May 16, 2011, after his conviction and death sentence was final, Davis was transported from the federal correctional institution in which he is confined to be present in court for a *Faretta* hearing.  Rec. Doc. 2322.   After being advised by the court in great detail concerning his rights under the Sixth Amendment to be represented by counsel, the nature of a post-conviction challenge, the rules and laws generally governing petitions under 28 U.S.C. § 2255; and the dangers and pitfalls of undertaking self-representation, particularly during incarceration far from the courthouse.  After being questioned regarding any possible basis for lack of  voluntariness, Davis unequivocally stated that he wanted to proceed *pro se* and without legal representation.  (Rec. Doc. 2322, pp. 15-16).  The court found that Davis understood the consequences of proceeding without counsel and waived his right to counsel "voluntarily, knowingly, and intelligently."  (Rec. Doc. 2322, p. 16).

Being informed that standby counsel were being appointed, Davis also specifically questioned the court about the parameters of standby counsel's role, asking "You're not saying that they have the ability to do anything on their own."  (*Id.* at p. 17).  The court assured Davis that standby by counsel would be "the legs to expedite the things you want and need in order to prepare your petition," but that "you would be in charge of your representation."  (*Id.*).   The court stated that it was "not talking about forcing counsel on Mr. Davis," but was appointed standby counsel so they could obtain information or documents that Davis wanted faster than Davis could since they were outside of prison."  (*Id.* at 19).  Noting that a previous attempt to appoint independent counsel for Davis "to represent the public interests" was "slapped down" by the Fifth Circuit, the court clarified that standby counsel were not Davis's attorneys because he was representing himself and, in response to Davis's direct question, agreed that standby counsel did not "have any power to file anything" without his permission.  (*Id.* at 21-22).  The *Faretta*

hearing transcript proves that Davis was unbending and unyielding in his desire to represent himself in the § 2255 proceedings and stated under oath that he did not want any visits by any lawyers; was "not interested in speaking to lawyers over the telephone;" "not interested in having visitations with lawyers, doing any correspondence with lawyers;" and stated that if he changed his mind about that, he would notify the court. (*Id.* at 21).

On March 20, 2012, standby counsel filed on behalf of Davis, without his prior permission, a large number of voluminous motions, including a motion to vacate convictions and sentence under 28 U.S.C. § 2255, and the instant motion to vacate *Faretta* relief. (Rec. Docs. 2265, 2266, 2267, and 2268).

Pursuant to court order (Rec. Doc. 2274), on April 23, 2012, in an eleven page document, Davis listed specifically the nineteen of the twenty-nine claims included in the § 2255 motion which he wished to pursue, stating in no uncertain terms that "any issues not mentioned in this filing are not to be adjudicated by this Court, nor to be responded to by the government; which would be in violation of Defendant's *pro se* 6th Amendment right as it relates to 2255 brief." (Rec. Doc. 2273) (underlining in original). As he has, consistently, throughout these lengthy, decades long proceeding, Davis directs the court "not to adjudicate sentencing aspects of these issues, only convictions aspects; no aspects that would reverse sentences only." (*Id.*).[4] Davis concluded by stating that, "No claims approved by defendant in this motion should be viewed by this court nor the government as attacking defendant's death sentence. These claims attack convictions. In other words, if convictions remain in place, so does death sentence." (Rec. Doc.

---

[4] Throughout the document, Davis limits the issues he adopts to the conviction aspects only, repeatedly repudiating any adoption of any claim attacking his sentence, e.g., "*[Claim 2. Note] Pro se defendant will only allow this claim in relation to 1996 trial, not 2005 penalty trial"; "*[Claim 3. Note]* Pro se defendant will only allow this claim in relation to convictions, not simply sentencing of 1996 and 2005"; "*[Claim 8. Note]* 'Pro se' defendant will only allow this claim as it pertains to convictions not simply sentencing"; "*[Claim 9. Note]* 'Pro se' defendant will only allow this claim as it pertains to convictions not simply sentencing. On pages 12-126 starting at Section B. 2005 Trial: None of this is to be considered where it relates to 2005 Sentencing." (Rec. Doc. 2273, pp. 1-5). (underlining in original). Davis includes these types of notations throughout the document.

2273, p. 10).  On May 3, 2012, Davis submitted "Defendant's Response to Court's 'Order' Pertaining to Acceptance of 2255 Motion", in which he indicates that he does accept the discovery motion and the jury interview motion filed by standby counsel, but not in relation to the 2005 penalty phase, and in which he declares that "Defendant does not accept 'Faretta' motion."  (Rec. Doc. 2278) (underlining in original).

In addition to the memoranda filed by government counsel and standby counsel regarding standby counsel's motion to vacate *Faretta* relief, on February 19, 2012, Davis filed a "Motion of Defendant Opposing the Vacating of Defendant's Constitutional Right Under 6th Amendment to 'Pro Se' Representation Made Clear under 'Faretta.'"  (Rec. Doc. 2319).  In his motion, Davis reminds the court that his right to self-representation has been affirmed on two occasions by the Fifth Circuit, that he is disturbed by the fact that "this question is once again rearing it's 'ugly head,'" that he is "'sick and tired' of Supreme Court precedent applying to everyone in this country but him" and, in an obvious reference to his self-representation rights in § 2255 proceedings, "if any attempt is made to once again violate defendant's constitutional rights," he would waive any further 2255 review.  (Rec. Doc. No. 2319).

*Order and Reasons on Motion by Standby Counsel to Vacate Faretta Relief*

On April 9, 2013, after stating that the court had reviewed the record, the motion, the oppositions of the government and Davis, and the law, this court vacated her previous orders allowing Davis to proceed *pro se* and to control his own post-conviction proceeding, stating that he could proceed *pro se* on those claims raised by standby counsel which he adopted, but that as to those claims which he specifically repudiated, he had no right of self-representation in these § 2255 proceedings under *Faretta* or under 28 U.S.C. § 1654.

This ruling is erroneous as a matter of law insofar as it finds that Davis's right to self-representation under *Faretta v. California*, 422 U.S. at 806, does not extend to *habeas* proceedings under § 2255, that the holding of *Martinez v. Court of Appeal of Cal.*, 528 U.S. at 152, operates to deprive Davis of his right to proceed *pro se* in this § 2255 proceeding and to direct which claims he wishes to pursue and litigate, and which claims he repudiates, and that he has waived any statutory right under 28 U.S.C. § 1654 to proceed *pro se*. This court has clearly erred as a factual matter in concluding that Davis has waived any self-representation rights accorded to any litigant by the Constitution, federal statutes or any other source. This record demonstrates that Davis has clearly, consistently, and unequivocally invoked at every juncture, over the course of over a decade, his right to self-representation, a right which he has twice successfully sought to vindicate in the appellate courts.

*Scope of <u>Faretta</u> Right and <u>Martinez</u>*

The court's decision that Davis's right of self-representation as interpreted by *Faretta* and Fifth Circuit controlling authority do not extend to post conviction proceedings brought pursuant to § 2255 is contrary to law. Initially, the court stated that the parties did not highlight any consensus establishing an absolute right of self-representation on collateral attack. This, however, begs the question: whether a litigant who has so vigorously sought for so long to establish and protect the right to control his own case can be stripped of it on *habeas* review. Thus, the true issue is whether the court can override a competent defendant's control of his own case, and neither the court nor standby counsel cite any authority for such a proposition. As the Fifth Circuit has held twice in this case, the essence of the Sixth Amendment right recognized in *Faretta* is that "the right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails." *Davis I* , 2001 WL 34712238 at *3(quoting *Faretta*, 422 U.S.

8

at 820).  *Davis I* rejected outright the notion that *Martinez* furnished a legal basis for concluding that the right of self-representation is limited to the end of the guild/innocence phase of a bifurcated trial proceeding in a capital case, unambiguously finding that "*Faretta* is clear.  If Davis made a knowing an intelligent waiver of his right to counsel, he is entitled to represent himself."  2001 WL 34712238 at *3.

In the face of that finding, the government urges the court to reconsider its holding that *Martinez v. California* "largely control(s) the outcome here."  (Rec. Doc. 2321, p. 2).  As the government pointed out in the opposition to Motion to Vacate of *Faretta* Relief, which the government filed as Doc. 2320 on March 13, 2013, *Martinez*, as the Supreme Court itself observed, is a "narrow" opinion, confined to interpretation of a California appellate rule.  It does not extend to the broad construction of disallowing, over a litigant's express wish, the right to proceed in proper person in federal cases.  Nowhere does *Martinez* suggest that it precludes, over a federal *habeas* petitioner's intent, expressed repeatedly over the course of many years and stages of litigation, the right to represent himself in a *habeas* proceeding and to dictate which claims are presented for adjudication.  To find that Davis does not have the right to prosecute the *habeas* claims he accepts, and only those claims, defies the underlying basis of the two grants of mandamus relief in *Davis I* and *Davis II*.

The court's reliance on *McCleaf v. Carroll*, 416 F. Supp. 2d 283, 294-295 (D. Del. Feb. 28, 2006) is also misplaced, particularly when viewed against the backdrop of the Fifth Circuit's clear mandate that Davis has made a knowing, intelligent, and voluntary decision to represent himself.  Moreover, a *habeas* proceeding is in the district court, not in the court of appeal, involves fact finding, and is not limited to arguments before an appellate court.  There is little reason to assume that Davis does not have the right to represent himself on collateral review and

particularly in his efforts to vindicate himself with respect to the crimes of which he was convicted.

Contrary to the court's finding that "*Faretta* was at its core a decision about the dignity and autonomy due a presumptively innocent or presumptively non-death eligible person" and that "no other rationale could support it," the Fifth Circuit has identified the heart of a defendant's *Faretta* right to be the right of self-representation, the right of counsel to assist the accused, "to be used at his option, in defending himself." *Davis II*, 285 F.3d at 384. Above all, *Davis II* held that the stage of the proceeding, including the death penalty proceeding, is not the defining element of *Faretta*; rather, the Fifth Circuit held that "the right to self representation under *Faretta* is a personal right" and it "encompasses the right to direct trial strategy." *Id*. That Davis has a right to direct strategy in his § 2255 proceeding and to repudiate any claims he does not accept directly flows from the Fifth Circuit's *Faretta* interpretation in *Davis I* and *Davis II*. *See also Batchelor v.* Cain, 682 F.3d 400, 405-414 (5th Cir. 2012). Moreover, the court's failure to recognize such right constitutes a structural error. "[T]he denial of the right to self-representation constitutes a structural error that is not subject to harmless error review and instead requires automatic reversal." *Batchelor*, 682 F.2d at 405 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984)).

The rationale of the cases cited by the court do not support a finding that the stage of the litigation, rather than the inherent right of a criminal defendant to control his own defense strategy, governs when Davis can exercise his right of self-representation. To the extent that the court appointed standby counsel to represent Davis on claims he unambiguously refuses to bring, and that such an order is legally incorrect under *Faretta*, *Martinez*, *Davis I*, and *Davis II*, the government seeks reconsideration.

*Right of Self-Representation under 28 U.S.C. § 1654*

Additionally, the government seeks reconsideration of the court's cursory treatment of 28 U.S.C. § 1654, which establishes Davis's statutory right to proceed *pro se*. The court claims that Len Davis waived his §1654 right because he "repeatedly characterized the right he was asserting as *Faretta*'s constitutional right," construing that as Davis's failure to "*expressly* assert his statutory right to conduct his own defense." (Rec. Doc. 2321, at 4.)

That rigorous approach imposes an unreasonable burden on defendant Davis, as it ignores the practice to construe *pro se* pleadings liberally and in favor of the self-representing movant. But, the government respectfully points out, Davis, in fact, never even mentions "*Faretta*" in Documents 2273 and 2278, which are most relevant to this motion. Document 2319 also illustrates Len Davis's strong desire to self-represent, and it is unreasonable to translate the casual mention of *Faretta* in a *pro se* pleading as a waiver of the statutory right conferred under § 1654. Indeed, Davis has made it abundantly clear that he will not waive the right.

There has scarcely been a more ardent defender of the right to self-representation than Davis. He has sought and obtained two writs of mandamus compelling the court to allow him to proceed *pro se*. He has vigilantly guarded his right to direct his own criminal defense strategy, despite repeated district and appellate court warnings that such strategy is misguided. Whatever its basis, Davis has vigorously defended his right to represent himself and any finding that he has waived any basis for pursuing that right is clearly in error.

*Conclusion*

The court's latest order, without sound legal reason, repudiates its own ruling of May 16, 2011. The government moves for partial reconsideration as set out herein and in the motion for reconsideration, and incorporates our opposition (Doc. 2320), as if set forth fully herein. The

11

government moves the court to reconsider its order that appointed counsel be allowed to advance those claims specifically repudiated by Len Davis, because that ruling contradicts, indeed eviscerates, the court's ruling at the *Faretta* hearing on May 16, 2011, filed as Document 2231.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney
La. Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3027
E-mail:  michael.mcmahon @usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

s/Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney