**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CASE NO. 2:94-cr-00381** |
| | \* | |
| **v.** | \* | |
| | \* | **SECTION "C"** |
| **LEN DAVIS** | \* | |
| | \* | |

**AMENDMENT TO MOTION UNDER 28 U.S.C. § 2255 FOR COLLATERAL RELIEF**

NOW COMES Len Davis, with and through standby counsel, pursuant to the Fifth and Sixth Amendments and Fed. R. Civ. P. 15, and submits this Amendment to his § 2255 Motion with an additional ground for relief.

**THE OMISSION OF A CRITICAL ELEMENT OF COUNTS ONE AND TWO IN THE INDICTMENT IS STRUCTURAL ERROR WHICH REQUIRES REVERSAL OF MR. DAVIS' CONVICTIONS**

Len Davis, Paul Hardy, and Damon Causey were tried and convicted based upon a "third superseding" indictment handed down by a grand jury on August 10, 1995. SR 697-701.[1] It contained three counts against each defendant: (1) conspiracy against rights with death resulting under 18 U.S.C. § 241; (2) deprivation of rights with death resulting under color of law under 18 U.S.C. § 242; and (3) tampering with a witness with death resulting under 18 U.S.C. § 1512. *Id.* The indictment does not allege any intent element as to "death resulting." *Id.* There is no question that, under *Jones v. United States*, 526 U. S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Cotton*, 535 U. S. 625 (2002), and *Ring v. Arizona*, 536 U.S.

---

[1] Citations are made pursuant to the system set forth in the Motion, p, 12, Rec. Doc. 2265.

1

584 (2002), the Government's failure to include the intent elements in the indictment precluded a sentence of life or death for the offenses charged. Mr. Davis and Mr. Hardy were eligible only for a term of—at most—10 years. Furthermore, while this error attached at the time of sentencing, it rendered the original convictions as well as the sentences invalid. This Court must reverse Mr. Davis' convictions.

**I.    The Procedural History Demonstrates Mr. Davis' Tenacity in Raising this Claim—a Claim Now Pending Before the United States Supreme Court on Certiorari.**

Pursuant to the faulty indictment, the jury returned a verdict of guilty as to all counts for Len Davis and Paul Hardy, who were subsequently sentenced to death. On appeal, the Fifth Circuit reversed their convictions as to Count 3, vacated their death sentences, and remanded for resentencing. *United States v. Causey*, 185 F.3d 407 (5th Cir. 1999). On remand, the Government filed a renewed Notice of Intent to Seek the Death Penalty against Mr. Davis, which included the intent factors, as required by the Federal Death Penalty Act, of substantial planning and premeditation, and his prior conviction for a drug offense. SR 2516-17. *See* 18 U.S.C. §§ 3591 (a)(2)(A)-(D), 3592(c)(9), 3592(c)(12). The notice was subsequently amended to change the felony conviction from a statutory aggravating factor to a non-statutory aggravating factor. SR 2776-77.

Over the next decade, Mr. Davis and Mr. Hardy doggedly challenged the constitutionality of their indictment. Mr. Davis first asserted this error on November 13, 2000, in a motion to set aside convictions due to erroneous jury instructions. SR 2618. He argued that, under 18 U.S.C. §§ 241 and 242, in order to increase the maximum penalty from a fine or term of years to life imprisonment or the death penalty, a jury must find beyond a reasonable doubt that the defendants intended for death to result from the acts committed in violation of the statute. SR

2619. This Court denied the motion. SR 2737. On July 18, 2001, Mr. Davis filed a motion asking this Court to instruct the jury that it could sentence him to a fine or a term of years, which was denied. SR 3096, 3129. On November 21, 2001, Mr. Davis filed a motion to dismiss Count 1 because of the omission of the "death resulting element," and a motion to dismiss both counts due to the lack of intent as to "death resulting," which were both denied. SR 3234, 3249, 3274. On January 31, 2002, Mr. Davis filed an additional motion to dismiss based upon failure to allege the intent element as to "death resulting," which the Government argued was repetitive and this Court denied. SR 3276, 3310. On May 22, 2002, Mr. Davis filed a motion to dismiss the indictment due to the fact that the grand jury did not find that death was a "foreseeable result" of his conduct, and a motion to produce the grand jury transcripts to ascertain whether "death resulting" was presented to the grand jury. SR 3409, 3450. These motions were denied without a hearing. SR 3476. On June 24, 2002, the Supreme Court decided *Ring v. Arizona*, which prompted this Court to allow Mr. Davis to file additional motions on the subject. SR 3490. On July 12, 2002, Mr. Davis filed a motion asking this Court to reconsider its ruling denying the motions to dismiss the indictment for failure to allege essential intent elements. SR 3507.

This Court granted the motion in part and denied it in part. SR 3590. First, this Court found that the third superseding indictment did not contain the aggravating and mental state factors required under the FDPA. SR 3597-3600, 3610. Next, this Court found that *Apprendi* and *Ring* prohibited the Government from proceeding with the capital sentencing hearing, because sentencing would result in constitutional error. SR 3602-03. Finally, this Court found that even if it could be assumed that the *Apprendi* error already occurred, thus making Rule 52 review appropriate, the error in this case rose to the level of "plain error." SR 3608. However,

3

in a conclusion that lacked any citation to law, this Court found that Mr. Davis and Mr. Hardy remained eligible for life imprisonment. SR 3612.

The Government appealed this Court's ruling. On appeal, Mr. Davis argued—and the Government conceded—that harmless error review is inappropriate as the constitutional error would only be realized upon sentencing. *United States v. Davis*, 380 F.3d 821, 827 (5th Cir. 2004). The Fifth Circuit nevertheless held, "[f]or this unique case," that the omission of the intent factors was an indictment error, which occurred at the point the third superseding indictment was handed down. *Id.* at 828. Accordingly, the Fifth Circuit reviewed the error under a harmless error standard, and found that "on the basis of the evidence that would have been available to the grand jury, [a] rational grand jury presented with a proper indictment" would have found probable cause that the intent elements were met. *Id.* at 829. This determination was made despite this Court's factual finding that:

> The trial evidence, however, as to the aggravating factor of substantial planning and premeditation was **hotly contested and far from overwhelming**. Instead, that evidence is equivocal: it indicates some six hours between the initial anger by Davis and the ultimate revenge, and it indicates during those hours Hardy was purposely unavailable and recalcitrant to Davis' calls.

SR 3608 (emphasis added). The Fifth Circuit denied rehearing and rehearing en banc, and the United States Supreme Court denied certiorari. *United States v. Davis*, 121 Fed.Appx. 59 (5th Cir. 2004), *cert. denied*, 544 U.S. 1034 (2005).

The Government was consequently allowed to proceed on the constitutionally-deficient indictment and obtain a new death sentence for Mr. Davis. Mr. Hardy was sentenced to life in prison due to his intellectual disabilities. Both defendants continued, however, to challenge their indictment. On appeal before the Fifth Circuit, Mr. Davis again raised the issue, but the court found it foreclosed by the law of the case doctrine. *United States v. Davis*, 609 F.3d 663, 692

4

(5th Cir. 2010).  He raised the issue as one of two questions presented in a Petition for Writ of Certiorari to the Supreme Court, but was denied.  *Davis v. United States*, 131 S. Ct. 1676 (2011). For his part, Paul Hardy asserted this error, realized upon imposition of his life sentence, to this Court at his sentencing hearing, and then raised the issue on appeal to the Fifth Circuit.  The Fifth Circuit restated its prior holding that the indictment error was harmless, noting that it would be "puzzling" for "harmless error for imposition of the death penalty [to] suddenly become reversible error for a lesser sanction." *United States v. Hardy*, 499 Fed.Appx. 388, 390 (5th Cir. 2012).  At this time, Mr. Hardy has a pending Petition for Writ of Certiorari before the Supreme Court.  The Government has been ordered to file a response by May 20, 2013.  *See Hardy v. United States*, S. Ct. Docket No. 12-9527.

**II.    Under *Apprendi*, *Ring*, and *Cotton*, Any Fact that Increases a Penalty Beyond the Statutory Maximum Must Be Charged in the Indictment.**

18 U.S.C. §§ 241 and 242 contain two distinct offenses: the "basic" offense under the statute, which is punishable by up to ten years imprisonment, and the "aggravated" offense, punishable by up to "any term of years or for life or both," or the death penalty.

The "basic" offense of conspiracy against rights is defined as "two or more persons conspir[ing] to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." 18 U.S.C. § 241.  The "basic" offense of deprivation of rights is defined as acting "under color of any law" to "willfully subject[]" a person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 18 U.S.C. § 242.

5

The "aggravated" offense is described, identically in both sections, as follows:

> . . . and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death

18 U.S.C. §§ 242 and 241.

The Supreme Court in *Apprendi* held that any fact (other than a prior conviction) that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Applying *Apprendi*, the Court in *Cotton*, 535 U.S. at 632, held that in a drug distribution case, the indictment must specify the quantity of drugs involved in order to enhance the sentence beyond the statutory maximum. This is because, ""[i]n federal prosecutions, [any fact that increases the penalty for a crime beyond the prescribed statutory maximum] must also be charged in the indictment." *Id.* at 627. However, because there was no timely objection at trial, the Court applied the plain error test and found that this error did not affect substantial rights where the evidence of quantity was "uncontroverted." *Id.* at 634. In *Ring*, 536 U.S. at 609, the Court held that under *Apprendi*, statutory aggravating factors necessary for a death sentence must be presented to a jury.

## III.   Mr. Davis' Conviction is Irreparably Tainted by the Unconstitutional Indictment, Conviction, and Sentence in this Case.

It is beyond peradventure that the indictment in this case violated Mr. Davis' rights under the Fifth and Sixth Amendment to trial upon grand jury indictment and conviction only upon proof beyond a reasonable doubt. "The statute establishes a ten year maximum sentence for those convicted under the statute, and includes an increased penalty of 'any term of years or for life,'" if death results. *United States v. Lanham*, 617 F.3d 873, 887 (6th Cir. 2010); *see also*

*United States v. Redd*, 29 Fed.Appx. 290, 301 (6th Cir. 2002) ("The maximum statutory penalty for conspiracy against rights is ten years imprisonment"). In *Lanham*, a case involving a charge under § 241 with the "sexual abuse" aggravator rather than "death resulting," the Sixth Circuit held that "[b]ecause the question of whether an act of sexual abuse occurred is a factual issue that 'increases the penalty' for the violation of 18 U.S.C. § 241 'beyond the prescribed statutory maximum,' the question was required to be 'submitted to a jury, and proved beyond a reasonable doubt.'" *Lanham*, 671 F.3d at 887-88 (quoting *Apprendi*, 530 U.S. at 490). Under *Cotton*, moreover, the factual question of whether the defendants intended for death to result "must also be charged in the indictment." *Cotton*, 535 U.S. at 627. *Cf. United States v. Denson*, 588 F.2d 1112, 1129 (5th Cir. 1979) (denying mandamus where the district court had sentenced the defendants to probation for a violation of 18 U.S.C. § 241, where two juries had "failed to find these defendants intended to take the life of the victim"). In order for the indictment to support a later sentence beyond the ten-year statutory maximum, it would have had to allege that Mr. Davis and Mr. Hardy had *intended* for death to result. This indictment did not. *See* SR 697-701.

The only question, decided in the negative by the Fifth Circuit in this case, is whether this error is structural in nature, requiring automatic reversal.[2] *See Davis*, 380 F.3d at 827-29; *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004). Contrary to the Fifth Circuit's jurisprudence, several Courts of Appeal, as well as at least one Supreme Court justice, have found that harmless error does not apply to this situation. The Third, Ninth, and District of Columbia Circuits have held that such omissions constitute structural error and require reversal: *United States v. Pickett*, 353 F.3d 62, 68 (D.C. Cir. 2004); *United States v. Du Bo*, 186 F.3d 1177, 1179-81 (9th Cir.

---

[2] To the extent that this error was not raised prior to the first trial, Mr. Davis asserts that counsel at his first trial was ineffective for failing to do so.

1999); *United States v. Spinner*, 180 F.3d 514, 515-16 (3d Cir. 1999).  In *United States v. Resendiz-Ponce*, 549 U.S. 102, 103 (2007), the Supreme Court granted the Government's petition for a writ of certiorari to consider "[w]hether the omission of an element of a criminal offense from a federal indictment can constitute harmless error."  However, the Court never reached the question presented, as a majority found that there was no error after all.  *Id.* at 110-11.  Justice Scalia disagreed.  He wrote in a dissenting opinion that:

> My dissenting view that the indictment was faulty (a point on which we requested supplemental briefing) puts me in the odd position of being the sole Justice who must decide the question on which we granted certiorari: whether a constitutionally deficient indictment is structural error, as the Ninth Circuit held, or rather is amenable to harmless-error analysis. I cannot vote to affirm or to reverse the judgment without resolving that issue. Since the full Court will undoubtedly have to speak to the point on another day (it dodged the bullet today by inviting and deciding a different constitutional issue-albeit, to be fair, a narrower one) there is little use in my setting forth my views in detail. It should come as no surprise, given my opinions in United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), and Neder v. United States, 527 U.S. 1, 30, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (opinion concurring in part and dissenting in part), that I would find the error to be structural. I would therefore affirm the judgment of the Ninth Circuit.

*Id.* at 116-17.

It must again be stressed that the Government, Mr. Davis, and Mr. Hardy, all agreed that the error existed at the time of the indictment but was realized only upon sentencing.  The Fifth Circuit's decision finding that the error occurred at indictment was unsupported by any precedent and indeed the court cited no law for that proposition.  *Davis*, 380 F.3d at 827.  Accordingly, Mr. Davis must continue to assert this constitutional error as he has for the past thirteen years.  His indictment, conviction and sentence are constitutionally invalid and must be dismissed.

**IV.    Appellate Counsel was Ineffective for Failing to Raise this Error as it Related to Any Sentence Over Ten Years**

The error stemming from the faulty indictment in this case was realized not on account of the fact that Mr. Davis received a death sentence, but due to the fact that his sentence exceeded the statutory maximum—ten years. *See Apprendi*, 530 U.S. at 490. Appellate counsel, however, asserted this error only as it applied to Mr. Davis' death sentence. *See* Brief of Appellant at 184, *United States v. Davis*, 2008 WL 8162969 (5th Cir. Dec. 22, 2008). The Fifth Circuit predictably denied the claim under the law of the case doctrine, and the Supreme Court denied certiorari. *Davis*, 609 F.3d at 692; 131 S. Ct. 1676. As set forth above, the error occurred at the point that Mr. Davis was sentenced to anything above the statutory maximum because the grand jury indictment did not include the intent factor which, together with "death resulting," increased Mr. Davis' exposure to a penalty above ten years. At the point the error occurred, moreover, the entire proceeding against Mr. Davis was invalidated, from the indictment to the verdicts. *See Blakely v. Washington*, 542 U.S. 296, 314 (2004). Appellate counsel's limitation of this claim to Mr. Davis' death sentence amounted to constitutionally inadequate performance. Mr. Hardy's counsel raised the claim in the correct manner, and the Supreme Court has ordered the Government to respond to the claim. If Mr. Hardy is ultimately successful, he will be set free while Mr. Davis is potentially executed based upon the same invalid indictment. Had Mr. Davis' appellate counsel properly raised the claim as Mr. Hardy did, there is a reasonable probability that there would have been a different result.

Respectfully submitted,


/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*


## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 13th day of May, 2013.


/s Sarah Ottinger_____
Sarah Ottinger