**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDMENT TO § 2255 MOTION**

NOW COMES Len Davis, with and through standby counsel, pursuant to the Fifth and Sixth Amendments, Rule 12 of the Rules Governing § 2255 Cases and Fed. R. Civ. P. 15, and respectfully submits this Memorandum of Law in support of his Motion for Leave to File Amendment to § 2255 Motion (Doc. No. 2265).

Mr. Davis seeks to amend the claims in his § 2255 Motion with an argument, based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), challenging the core of the proceedings against him. Specifically, the indictment in this case was missing the statutory elements required for the imposition of any sentence beyond the statutory maximum in 18 U.S.C. §§ 241 and 242. At the point he was sentenced, the error was realized and tainted the whole of the proceedings, requiring complete nullification of his indictment, conviction, and sentence. Codefendant Paul Hardy has asserted this claim to the Fifth Circuit and now the Supreme Court. Mr. Davis seeks to preserve this substantial issue, in the event that the Supreme Court strikes down the Fifth Circuit's application of harmless error to the omission of an offense element from a federal indictment which increases the penalty above the statutory maximum.

1

Rule 15 of the Federal Rules of Civil Procedure[1] states that a court "should freely give [leave to amend] when justice so requires." *See Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2496 (2010). This standard "evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . . ." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). Indeed, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 (5th Cir. 2001) (stating that, although a district court's denial of motion for leave to amend is reviewed for abuse of discretion, such discretion is limited in that leave to amend must be freely granted when justice so requires).

Justice requires Mr. Davis to be granted leave to amend his Motion with an additional argument in support of relief. As this Court is well aware, there has been much contention regarding Mr. Davis' representation, his competency, and indeed whether his Motion was even validly filed. *See* Doc. No. 2277 (Government's *Motion to Strike and Motion for Sanctions*); Doc. No. 2283 (Order requiring competency evaluation); Doc. No. 2321 (Order granting *Motion to Vacate Faretta Relief* and denying Government's *Motion to Strike and Motion for Sanctions*); Doc. No. 2323 (Len Davis' *Motion to Strike*). It is only now, over a year after the filing of the Motion, that this Court has set in place a schedule for the parties to file responses and replies,

---

[1] "It is well settled that Rule 15 applies to federal habeas proceedings." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009).

and that undersigned counsel have been affirmed as validly representing Mr. Davis, as standby counsel, as to the remaining claims in his § 2255 Motion.

Moreover, the Government will not be prejudiced by the filing of this Amendment. First, this Court has granted the Government until August 30, 2013, to file a response to the claims in the § 2255 Motion. There will be ample time for the Government to respond to this additional ground for relief, as well as the ones already raised. Second, the Government is well-versed in this issue, as it has been raised in several different incarnations by both Mr. Davis and Mr. Hardy for over a decade. *See* SR 2618, 3096, 3129, 3234, 3249, 3274, 3276, 3310, 3409, 3450, 3507. The Government is on notice that Mr. Davis believes this claim entitles him to reversal of his conviction, due to his pre-trial pleadings and Petition for Writ of Certiorari. In fact, the Government has been ordered to respond to Mr. Hardy's Petition for Writ of Certiorari on the same issue, by May 20, 2013. *See Hardy v. United States*, S. Ct. Docket No. 12-9527.

WHEREFORE, Mr. Davis asks that this Court grant his Motion for Leave to File an Amendment, and incorporate the accompanying claim into his previously-filed § 2255 Motion (Doc. No. 2265).

Respectfully submitted,

/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 17th day of May, 2013.

/s Sarah Ottinger_____
Sarah Ottinger

4