**UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | |
| | | **SECTION: "C"** |
| **LEN DAVIS** | * | |
| | * * * | |

**GOVERNMENT'S OPPOSITION TO MOTION FOR LEAVE TO
FILE AMENDMENT TO § 2255 MOTION (DOC. 2329)**

The United States opposes standby counsel's motion to amend its March, 20, 2012 habeas

petition. Under normal circumstances, the proposed amendment would be time-barred under the

Antiterrorism and Effective Death Penalty Act (AEDPA), since it was filed on May 17, 2013, well

beyond the one-year limit imposed by the AEDPA, after judgment  became final. (The Supreme

Court denied *certiorari* on March 21, 2011 (*Davis v. United States*, 131 S. Ct. 1676 (Mem.)), so the

one-year period expired on March 21, 2012.) In fact, standing counsel attempted to justify the late

filing by invoking the "relation back" doctrine, but, out-of-time or not, the motion is moot because

the amendment cannot be considered under a habeas corpus motion.

Putting aside the prescription violation, the issue contemplated by the proposed amendment,

whether the indictment precluded imposition of the death penalty because it did not include certain

elements required by *Ring v. Arizona*[1] and the *Jones*[2], *Apprendi*[3], and *Cotton*[4] line of decisions, has already been decided by the Fifth Circuit against the defendant and cannot now be considered in a § 2255 motion.

Davis argued that *Ring*, read in conjunction with those other cases, required that the indictment (handed down before *Ring*) had to change the statutory elements necessary for the death penalty. Generally, those cases established the rule that any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be pleaded in the indictment, submitted to the jury, and proved beyond a reasonable doubt.

Even though the pre-*Ring* indictment did not contain the requisite factors (they were set out, consistent with the Federal Death Penalty Act, in a separate notice), the Fifth Circuit applied the harmless error standard of *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004) and held that the indictment was, indeed, sufficient. *United States v. Davis*, 380 F.3d 821 (5th Cir. 2004).

Since the Fifth Circuit has already held that the indictment supported the death penalty, entertaining standing counsels' amendment, whether timely or not, would be a useless exercise because of the "settled" rule that in "this Circuit . . . issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d, 506, 508 (5th Cir. 1986); *accord United States v. Segler*, 37 F.3d 1131, 1134 (5th

---

[1] 536 U.S. 584 (2002)

[2] *Jones v. United States*, 526 U.S. 227 (1999)

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000)

[4] *United States v. Cotton*, 535 U.S. 625 (2002)

Cir. 1994). Therefore, counsels' motion is a needless distraction, of academic interest only, because their proposed claim cannot be re-litigated in a habeas motion.

Accordingly, the United States prays that the motion for leave to file an amendment to the § 2255 motion (Doc. 2329) be denied.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


/s/ Michael E. McMahon
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
Hale Boggs Federal Building
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3027


## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.


s/Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney