**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

**REPLY TO OPPOSITION TO MOTION FOR LEAVE
TO CONDUCT DISCOVERY**

Pursuant to this Court's order granting leave (Doc. 2349), Mr. Davis respectfully files the following reply to the government's Opposition to Motion for Leave to Conduct Discovery (Doc. 2347), and seeks to stay further discovery proceedings until such time as undersigned counsel is able to determine whether the pending discovery was previously provided to trial counsel at both the 1996 and 2005 trials.

At the time he filed his § 2255 Motion (Doc. 2265), Mr. Davis filed a motion for leave to conduct discovery along with preliminary requests for discovery (Doc. 2267). Discovery in § 2255 proceedings is standard. It is governed by Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6"), the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the due process clause of the Fifth Amendment to the United States Constitution, and the Eighth Amendment prohibition against cruel and unusual punishment. Doc. 2267 at 1.

The government opposes conducting any discovery in this capital habeas case. Doc. 2346. The government takes the position that Mr. Davis should be denied leave to conduct discovery without a hearing. *Id*. at 17.

For the most part, the government opposes the specific discovery requested on the grounds that it has already provided it to prior counsel. *Id*. at 1, 4, 5, 6, 7.[1] Unfortunately, after an exhaustive review of prior counsel's files, Petitioner is convinced he does not have any means of ascertaining what discovery was previously provided in pre-trial litigation and therefore, whether it is contained in trial files. In light of the government's contention that many of the materials now sought under Rule 6 have already been provided, Mr. Davis seeks access to the previous discovery.

Mr. Davis respectfully requests that this Court direct the U.S. Attorney's office to provide Mr. Davis access, for inspection and copying, to all discovery previously provided to trial counsel, so that he may review it in full and adjust any discovery requests accordingly.

---

[1] In addition to asserting that most of the discovery sought has been previously provided—which Mr. Davis cannot verify for the reasons set out herein—the government contends that Mr. Davis has not demonstrated good cause for the requested discovery or made other preliminary showings sufficient to justify it. *See* Doc. 2346 at 3-4 ("Davis offers no factual support, no specific allegation, for the preposterous accusation that the government allowed Davis and Hardy to commit murder to protect the integrity of Operation Shattered Shied and then prosecuted Davis 'too vigorously' for Kim Groves' murder to compensate for that purported corruption."); *id.* at 4 ("after the 19 years since the investigation of Davis ended, standby counsel point to no trial transcript, no witness testimony or statement, or any other specific allegation that the government allowed the defendants to commit mayhem on New Orleans' streets"). The government thereby invokes a "prima facie" standard for conducting discovery in habeas proceedings. The government misapprehends the Rule 6 good cause standard, especially in the context of a capital case, where "federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 859 (1994).

In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Court rejected any requirement of establishing a "*prima facie*" case for relief in advance of discovery. First, the opinion in *Bracy* omits any reference to *Harris v. Nelson*'s "*prima facie*" language, relying instead on a considerably more forgiving formulation of the "good cause" rule taken from the same case, which only requires some "'*reason to believe* that the petitioner *may*, *if* the facts are fully developed be able to demonstrate that he is ... entitled to relief.'" 520 U.S. 899, 908-09 (1997) (emphasis added) (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). In addition, the *Bracy* Court rejected the court of appeals' conclusion that discovery was properly denied "because petitioner had failed to uncover any evidence of actual bias without discovery," so that "the probability is slight that a program of depositions aimed at crooks and their accomplices ... will yield such evidence." *Id*. at 903 (internal quotation marks and citation omitted). *Bracy* held that denying discovery was an abuse of discretion even though the petitioner's factual allegation of unconstitutional, case-specific judicial bias was concededly "quite speculative," "only a theory at this point," "not supported by any solid evidence," and premised on facts that "might be equally likely" to support an inference contrary to the one the petitioner advanced. *Id.* at 905, 909.

Mr. Davis' initial Motion for Leave to Conduct Discovery and Memorandum established good cause for further discovery. However, this Court need not make the determination now. The first order of business is for the government to provide access to previously-provided discovery.

Following review of the discovery previously provided, counsel will provide notice to the Court regarding the necessity of any further discovery, and if the government is correct, any remaining discovery litigation may be less substantial and more focused in scope.

### A. Prior Counsel Has Not Provided Habeas Counsel with All Discovery Previously Furnished by the Government.

Undersigned counsel has spoken with prior defense counsel for both trials in an effort to recreate files. Counsel at the 1996 trial maintained a full file, and turned over a copy of it to second-trial counsel. Subsequently, the original file was destroyed in Hurricane Katrina flooding.

A portion of second-trial counsel's master file was destroyed or lost in Katrina, and second-trial counsel has no way of ascertaining what was destroyed and what remains. As this Court is aware, the second trial concluded just prior to Hurricane Katrina, and apparently the post-trial reorganization of files had not been completed. Significantly, a copy of first-trial counsel's file is not included in second-trial counsel's file.

Mr. Davis also maintained files in his case, but many of them were lost in the flood that followed Hurricane Katrina, when Mr. Davis was evacuated from Orleans Parish Prison as the floodwater rose. Mr. Davis is not in possession of all discovery provided by the government prior to trial.

Counsel has spent considerable time combing through the files provided by prior counsel. There is no file indicating what discovery was turned over and when, and documents that were perhaps provided in discovery are located throughout the materials. Even the integrity of individual documents does not appear to have been preserved.[2]

---

[2] For example, a February 5, 1996 letter from the government to defense attorneys contains a list of discovery provided prior to the 1996 trial, but documents and video tapes on the list do exist in trial counsel files provided to current counsel. For illustrative purposes, the following items, among many others, are not in the trial files: Dawn

**B.  Further Complicating Matters, It Appears that Pre-trial Discovery Provided by the Government Was Never Itemized.**

It is standard for the government and defense to itemize what is provided in discovery prior to trial.  The itemized list generally describes with particularity what was turned over: the names and/or identifying information regarding documents provided and the number of pages of each document.  Frequently the documents provided are Bates-stamped for ease of reference.  The government generally catalogues discovery provided in a letter to defense counsel, and often the letter and the discovery itself is filed into the court record so that there is no question as to what was and was not provided prior to trial.[3]

Based on undersigned counsel's exhaustive review of the record and materials provided by prior defense counsel, no such detailed itemization of discovery exists.  While undersigned counsel has found a letter from the government to first-trial counsel, dated February 5, 1996, the list of what discovery was provided is non-descript at times (for example, "criminal records of" named persons, or "crime scene photos") and does not give any information about the number of pages provided.[4]  Counsel has been unable to locate a letter detailing discovery provided prior to the second trial.

---

Dedeaux videos, full Carlos Adams NOPD file, James Cadigan notes, NOPD Communications Division printout of 911 calls on the day of the murder (only one page is contained in files, which seems incomplete), NOPD Homicide File: Jerome Andrews, Hardy 302s: 11/2/94 and 12/5/94 (only partial 302s), Orleans Parish Coroner's Office Day Record, Memo re exceptional clearance, and homicide case file index.  When undersigned counsel *was* able to locate items that appear to match the list, they were not discovered in a single place in the trial files—rather they are scattered throughout a file consisting of 28 boxes of both loose materials and file folders.

[3] What was and was not provided prior to trial becomes critical in habeas proceedings where, as in Mr. Davis' case, the bulk of the claims before the court are ineffective assistance of counsel or *Brady/Giglio* claims.  When a jury is deprived of critical evidence in determining guilt or sentencing, the error generally arises from trial counsel's ineffectiveness or the prosecution's failure to turn over exculpatory evidence.  A full and accurate understanding of what was provided to trial counsel is the baseline from which habeas counsel's investigation proceeds.

[4] *See supra*, n. 2.  Many documents could not be located in trial counsel's files, or were clearly incomplete, based pagination in the document or the fact that unnumbered pages were clearly excerpted from a longer document.

**C. Given the Multiple Claims of Ineffective Assistance of Counsel, Prior Counsel Cannot Be Relied Upon to Assist in Identifying What Discovery No Longer Exists in the Materials Provided to Current Counsel.**

The § 2255 Motion which gives rise to discovery in these habeas proceedings alleges multiple claims of ineffective assistance of counsel at both trials. Doc. 2265 (Claims II, III, V, VII, IX, X, XIV, XV, XVI, XVII, XXI, XXIII, XXIV, XXV, XXVII, XXVIII, XXIX). Those claims of ineffective assistance of counsel may be further documented, and others may arise, once habeas counsel has access to all discovery provided to prior counsel. Habeas counsel has a duty to make an independent inquiry into the information available to trial counsel, and cannot rely upon the files and memory of prior counsel to establish what was provided and what may no longer exist in the materials provided to undersigned counsel.

**D. The Government Is Best Positioned to Efficiently Provide Discovery Previously Furnished to Trial Counsel.**

The government has likely maintained a single file throughout the course of this case. Indeed, the Assistant United States Attorney assigned to Mr. Davis' case has been assigned to it from its inception. Likely, the government has documented discovery turned over to the defense, and it may even maintain a copy of all materials provided, separate from the remainder of the file. Petitioner does not request that the government make copies of all materials previously provided. Rather, he seeks access to those materials, so that he may catalogue them and copy what is needed. The solution will avoid extensive back-and-forth over whether the current discovery provided has already been furnished, and will save the expenditure of the time and resources of this Court, undersigned counsel, and the United States.

WHEREFORE, for the foregoing reasons, Mr. Davis respectfully requests that this Court hold open the pending request for leave to conduct discovery and order the government to allow Petitioner an opportunity to review and copy all discovery previously provided to defense

counsel at the 1996 and 2005 trials.  Mr. Davis further requests that he be granted leave, following review of the discovery previously provided, to amend his initial requests for discovery should any further discovery be necessary.

Respectfully submitted,

/s Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org


Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 3rd day of March, 2014.


/s Sarah Ottinger
Sarah Ottinger