UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 94-381

LEN DAVIS                                   SECTION "C"

<u>ORDERS AND REASONS</u>

Despite his insistence that he is capable of representing himself, the defendant

has caused unnecessary confusion, serious procedural issues and significant delay in

the mere filing of the defendant's motion under 28 U.S.C. § 2255.  The Court is

concerned that the defendant's present confinement at Terre Haute may be contributing

to the problem.  The parties are advised that the Court is considering moving the

defendant to this district during the pendency of this motion, which will also facilitate

any continued monitoring of the defendant's competency by the Court, if needed.

Although currently the defendant is being allowed to represent himself as to

issues adopted by him, the Court is concerned with the tone of some of the defendant's

more recent pro se filings.  Rec. Docs. 2311, 2319.  The defendant is reminded that, at

this juncture, the decision regarding all aspects of this § 2255 motion lies with the Court,

not the defendant, and that there will be no disposition of <u>any</u> claim or issue without an

1

order from this Court.  The Court is well aware of its serious responsibilities in this capital case, along with the fact that the decision whether to appeal any adverse judgment is personal to any criminal defendant.

IT IS ORDERED that the motion for leave to conduct discovery filed by the Len Davis is DENIED.  Rec. Doc. 2267.   However, the Court will order that counsel promptly confer with each other to ensure that previously-provided discovery is available to current counsel.

IT IS FURTHER ORDERED that the motion to interview jurors filed by Len Davis is GRANTED.   Rec. Doc. 2268.  The Court stated at the end of the 1996 trial that consenting jurors could talk to the attorneys in the case in a limited manner.  Rec. Doc. 700 at 49-50.   The Court will also allow counsel for the defendant to contact the 2005 jurors to determine if they will consent to be interviewed.  Any interview or contact must comply with the restrictions imposed by LR 47.5, including non-disclosure of the vote of any other juror, the jury deliberations or evidence of improprieties in the jury's deliberations, "except as to whether (a) extraneous prejudicial information was improperly brought to the juror's attention; (b) any outside influence was improperly brought to bear upon any juror; or  (c) there was a clerical mistake in entering the verdict on the verdict form."  The Court will not assist counsel in locating jurors, and nothing in this ruling should be construed as an implicit extension of any deadline.

IT IS FURTHER ORDERED that the motion for leave to file amendment to § 2255 motion filed by Len Davis is GRANTED.   Rec. Doc. 2329, 2340.   In granting the motion, the Court notes that the supplemental claim presents a potential structural error and, in any event, granting the motion is the only mechanism to preserve appellate review of the issues presented.

IT IS FURTHER ORDERED that the motion to strike sentencing claims filed by Len Davis and the motion for partial reconsideration filed by the government are DENIED.  Rec. Docs. 2323, 2326.   In the interest of justice, the Court will consider all issues presented in the motion under 28 U.S.C. § 2255 by the defense, as supplemented and amended.   Rec. Docs. 2324, 2340, 2323, 2265.   To preserve all issues for appeal, the government shall file two separate oppositions.  The government shall file its opposition to all issues identified as "adopted" by the defendant in Rec. Doc. 2273 no later than August 15, 2014, and its opposition to all remaining claims shall be filed no later than October 15, 2014.

New Orleans, Louisiana, this 12th day of May, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3