**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | |
| | | **SECTION: "C"** |
| **LEN DAVIS** | * | |
| | * * * | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION**
**TO BE NOTICED AND ALLOWED TO PARTICIPATE IN**
**JUROR INTERVIEWS AND TO STAY INTERVIEWS**

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorney for the Eastern District of Louisiana, who respectfully files the instant memorandum in support of its motion to be noticed and allowed to participate in juror interviews and to stay interviews. For the reasons set forth below, the government requests that its motion be granted.

**LAW AND ARGUMENT**

**I.    The government should be allowed to participate in juror interviews.**

The government requests that it be noticed so that it can be present at juror interviews to avoid repeated requests for interviews of a juror who does not wish to be interviewed, to avoid repetitious interviews of prior jurors by counsel for the government and the defendant, and to permit transparency and ensure accuracy in the process. It is well-settled that this Court may set limits on or otherwise act to protect jurors after rendering a verdict. *E.g., United States v. Harrelson*, 713 F.2d 1114, 1118 (5th Cir. 1983) ("It is settled in our circuit that jurors, even after completing their duty, are entitled to privacy and to protection against harassment.") (citation and internal quotation marks omitted). For example, the Fifth Circuit has upheld the prohibition

on repeated interview requests once a juror has declined to be interviewed. *See id.*; LR 47.5(B) ("No person may make repeated requests for interviews or questioning after a juror has expressed his or her desire not to be interviewed.").

In this Court's order granting counsel for defense the right to conduct addressing juror interviews, Rec. Doc. 2352, the Court stated that as for 1996 trial jurors, attorneys in the case could talk to consenting jurors. As attorneys in this case, the government falls within that permission. The Court, however, authorized "counsel for the defendant" to contact 2005 jurors to determine if they will consent to interviews. The Court then set forth the limits for any such interviews.

In view of the foregoing, the government specifically requests authorization to be present at and participate in interviews of both the 1996 jurors and the 2005 jurors. To effectuate this request, the government seeks advance notice of the time and date of such interviews. Such notice will eliminate the potential that the government might accidentally and unnecessarily make a request to a juror who already has declined to be interviewed. A joint interview with all counsel also will reduce the burden on participating jurors by avoiding successive interviews and any attendant confusion such interviews might cause. It further will effectuate transparency, accuracy, and clarity in the interview process, as well as compliance by all parties with this Court's order and LR 47.5.

## II.    The Court's order allowing juror interviews should be stayed to permit government participation.

To implement the foregoing request, the government further seeks a brief stay of the Court's order granting counsel's motion to interview jurors, Rec. Doc. 2352, until after June 5, 2014, because the undersigned will be out of the country until that time, and no other Assistant

United States Attorney has sufficient background knowledge of this case to represent the government's interest herein.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court order that the government be noticed of and allowed to attend and participate in any interview of any juror, and that the Court's order granting counsel's motion to interview jurors be stayed until after June 5, 2014, to permit government participation.

.                                                    Respectfully Submitted,

                                                     KENNETH ALLEN POLITE, JR.
                                                     UNITED STATES ATTORNEY


                                                     /s/ Michael E. McMahon
                                                     MICHAEL E. MCMAHON
                                                     Assistant United States Attorney
                                                     Louisiana Bar Roll No. 10095
                                                     650 Poydras Street, Suite 1600
                                                     New Orleans, Louisiana  70130
                                                     Telephone: (504) 680-3027




## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

                                                     s/Michael E. McMahon
                                                     MICHAEL E. McMAHON
                                                     Assistant United States Attorney