UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
V.
LEN DAVIS

CRIMINAL NO. 94-381
SECTION "C"

TENDERED FOR FILING

MAY 19 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILE
MAY 19 2014
WILLIAM W. BLEVINS
CLERK

COMES NOW MOVANT LEN DAVIS WHO STATES HE WILL BE FILING AN INTERLOCUTORY APPEAL TO THE FIFTH CIRCUIT COURT OF APPEALS PERTAINING TO DISTRICT COURT'S DENIAL OF MOVANT'S SIXTH AMENDMENT RIGHT TO SELF REPRESENTATION.

COMES NOW MOVANT LEN DAVIS, WHO STATES THE FOLLOWING: IN THIS COURT'S "ORDER AND REASONS" DATED APRIL 19, 2013, COURT GRANTED CO-COUNSEL'S (SARAH OTTINGER; REBECCA HUDSMITH) MOTION TO DISSOLVE MOVANT OF HIS SIXTH AMENDMENT RIGHT TO SELF REPRESENTATION, ON HIS 2255 (POST CONVICTION REMEDIES).

THIS COURTS ORDER DISPOSES MOVANT OF HIS CONSTITUTIONALLY PROTECTED SIXTH AMENDMENT RIGHT TO SELF REPRESENTATION. AND OUT OF 'FIAT' CREATED A COURT DIC- TATED PRIVILEGE FOR SELF REPRESENTATION WITH LIMITATIONS INSTITUTED BY COURT.

MOVANT ASSERTS THAT THIS COURT'S ORDER IS IN VIOLATION OF THE FOLLOWING:

1.) THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH GRANTS MOVANT HIS RIGHT TO SELF REPRESENTATION;

2.) THE UNITED STATES SUPREME COURT'S PRECEDENT HANDED DOWN IN ('FARETTA' 422 U.S. 806 (1975) WHICH GIVES MOVANT AUTHORITY TO OPERATE AS HIS OWN COUNSEL;

3.) THE FIFTH CIRCUITS PRECEDENT AND 'MANDATE' HANDED DOWN IN THIS CASE ON THE EXACT SAME 6TH AMENDMENT ISSUE SEEN IN : ( U.S. V. DAVIS NO. 01-30656 JULY 17, 2001); GRANTING MOVANT THE

②

RIGHT TO SELF REPRESENTATION;

4.) THE FIFTH CIRCUIT'S SECOND MANDATE IN THIS CASE ON SAME 6TH AMENDMENT CLAIM PREVENTING "SPECIAL COUNSEL" FROM RAISING CLAIMS OR DEFENSES AGAINST THE WISHES OF MOVANT SEE (U.S. V. DAVIS 01-30656 MARCH 11, 2002);

5.) AND CONGRESS'S CREATED STATUTORY RIGHT UNDER 28 U.S.C 1654 GIVING MOVANT THE AUTONOMY TO REPRESENT HIMSELF IN COURT, WHICH WAS <u>AFFIRMED</u> AND MADE THE "LAW OF THE CASE" BY FIFTH CIRCUIT IN IT'S FIRST MANDATE: SEE;

<u>PG 2</u>: ... WE BEGIN BY NOTING THAT DAVIS HAS A STATUTORY RIGHT TO REPRESENT HIMSELF PURSUANT TO <u>28 U.S.C §1654</u> WHICH STATES, "IN ALL COURTS OF THE UNITED STATES THE PARTIES MAY PLEAD AND CONDUCT THEIR OWN CASES PERSONALLY ... (U.S. V. DAVIS NO. 01-30656 JAN 17, 2001.

IT IS FOR THESE REASONS AND MORE THAT THIS CLAIM NEEDS TO BE RESOLVED BY FIFTH CIRCUIT COURT OF APPEALS BEFORE THIS CASE CAN MOVE FORWARD. THERE IS NO MORE FUNDAMENTAL RIGHT THAT CAN BE DENIED MOVANT THEN THE RIGHT TO CONDUCT HIS CRIMINAL CASE IN THE BEST WAY HE SEE'S FIT TO ACHIEVE SUCCESS.

THEREFORE, MOVANT NOTIFY'S COURT OF HIS INTENT TO FILE AN EMERGENCY WRIT TO FIFTH CIRCUIT. AND ASK THAT THIS CASE NOT PRECEDE FORWARD ON ANY SUBSTANTIVE ISSUE UNTIL IT HAS BEEN RESOLVED. (PLEASE SEE FOLLOWING MOTION IN CONJUNCTION WITH THIS ONE.)

MAY 14, 2014

④

RESPECTFULLY SUBMITTED BY.
'PRO SE' MOVANT
LEN DAVIS