**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

**MEMORANDUM IN SUPPORT OF MOTION OPPOSING TRANSFER OF
PETITIONER FROM USP TERRE HAUTE TO A DISTRICT PRISON**

This Court recently "advised that the Court is considering moving the defendant to this district during the pendency of this motion, which will also facilitate any continued monitoring of the defendant's competency by the Court, if needed." Doc. No. 2352.

Undersigned counsel met with Mr. Davis at USP Terre Haute on Tuesday, May 20, 2014. He is opposed to being moved from Terre Haute to a district prison for multiple reasons.

First, this Court has allowed Mr. Davis to proceed with undersigned counsel as co-counsel on the claims he desires to pursue (as set out in Doc. No. 2273), and has determined that he may "submit up to twenty pages of supplemental briefing each time his counsel submits a filing." Doc. No. 2321 at 5. If Mr. Davis is transferred to a district prison, the Court's Order will become meaningless, and to the extent it can be honored, will involve a significant investment of undersigned counsel's time. At Terre Haute, Mr. Davis has the means to participate substantively in his defense as co-counsel and to file informed supplemental briefing because he has access to portions of his case file and to the internet and legal materials he needs. In contrast, based upon his previous experience at other prisons in the New Orleans area, Mr. Davis knows that he will have limited or no access to legal materials, and will not be able to

maintain his case file in his cell.  The limitations imposed on his ability to act as co-counsel if held in a district prison will require that undersigned counsel regularly provide Mr. Davis with the legal materials he seeks and will result in additional time spent on that endeavor alone.

Second, this Court is contemplating the move to facilitate monitoring of Mr. Davis' competency, if needed.  According to Mr. Davis, a mental health professional regularly checks in with him at Terre Haute, and records of those check-ins are available to the Court.

Third, Mr. Davis participates in a weekly bible study group with other prisoners at Terre Haute.   Transfer to a district prison would interrupt a significant and meaningful religious practice for Mr. Davis.

Fourth, in the past, Mr. Davis has faced serious threats to his safety in Louisiana prisons. At Terre Haute, Mr. Davis does not feel the same level of concern about his safety.

For all these reasons, Mr. Davis should remain at Terre Haute.

Respectfully submitted,

/s Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org


Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 23rd day of May, 2014.

/s Sarah Ottinger_____
Sarah Ottinger