UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

V.

LEN DAVIS

TENDERED FOR FILING

MAY 22 2014

U.S. DISTRICT COURT
Eastern District

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAY 22 2014
          WB

WILLIAM W. BLEVINS
CLERK

CRIMINAL ACTION

NO. 94-381

SECTION "C"

MOVANT'S RESPONSE TO
COURT'S UNSUBSTANTIATED
CLAIMS AGAINST MOVANT
LAID OUT IN COURT'S "ORDERS
AND REASONS" DATED MAY 12, 2014

COMES NOW MOVANT LEN DAVIS WHO STATES THE FOLLOWING: THE COURT ATTRIBUTES TO MOVANT THE FOLLOWING ALLEGATIONS:
. . . HAS CAUSED UNNECESSARY CONFUSION; SERIOUS PROCEDURAL ISSUES; CAUSE SIGNIFICANT DELAY IN THE MERE FILING OF THE DEFENDANTS MOTION UNDER 28 U.S.C. 2255; COURT CONCERNED THAT THE DEFENDANT'S PRESENT CONFINEMENT AT TERRE HAUTE MAY BE CONTRIBUTING TO THE

①

PROBLEM, COURT IS CONSIDERING MOVING THE DEFENDANT TO THIS DISTRICT DURING THE PENDENCY OF THIS MOTION WHICH WILL ALSO FACILITATE ANY CONTINUED MONITORING OF THE DEFENDANT'S COMPETENCY BY THE COURT, IF NEEDED . . . ." (PG 1 OF COURT'S ORDER)

MOVANT WILL ANSWER EACH OF THESE VERY UNSUBSTANTIATED CLAIMS.

① MOVANT CAUSED UNNECESSARY CONFUSION:

MOVANT POINTS OUT THAT HE WAS NOT THE ONE WHO FILED A '2255 MOTION', IT WAS CO-COUNSEL. (AND WHAT MOVANT HAS BEEN DEALING WITH FOR PAST TWO YEARS WAS THE PRIMARY REASON HE DIDN'T FILE.) MOVANT MADE HIS POSITION CRYSTAL CLEAR AT APRIL 17, 2012 STATUS CONFERENCE.

MR. DAVIS : . . . WHAT I SAID WAS IS THAT NOT ONLY WOULD THE COURT, BUT MS. OTTINGER AND MS. HUDSMITH WOULD HAVE TO ACKNOWLEDGE FOR THE RECORD THAT EVERY SENTENCING ISSUE IN THAT 2255

②

IS REDACTED. ANYTHING DEALING WITH INCOMPETENCY, WHICH WE ALL KNOW IS ABSURD, WOULD BE REDACTED...
(PG. 4)

AS PROOF THAT THE GOVERNMENT WAS NOT "CONFUSED" BY THIS, SEE THE FOLLOWING:

... THIS RECORD DEMONSTRATES THAT DAVIS HAS CLEARLY, CONSISTENTLY, AND UNEQUIVOCALLY INVOKED AT EVERY JUNCTURE, OVER THE COURSE OF OVER A DECADE, HIS RIGHT TO SELF REPRESENTATION, A RIGHT WHICH HE HAS TWICE SUCCESSFULLY SOUGHT TO VINDICATE IN THE APPELLATE COURTS...
(GOV'T DOCUMENT 2326-1)

THEREFORE; THE RECORD DOES NOT HAVE ANY EVIDENCE THAT MOVANT HAS CREATED "UNNECESSARY CONFUSION".

③

② SERIOUS PROCEDURAL ISSUES:

MOVANT IS UNAWARE OF ANY PROCEDURAL ISSUES CAUSED BY HIM. THE FIFTH CIRCUIT ON TWO OCCASION'S HAS ISSUED 'MANDATES' STATING THAT MOVANT CAN REPRESENT HIM-SEIF. IF COURT WOUID HAVE FOLLOWED THOSE 'MANDATES', THIS CASE WOUID BE FUIIY LIT-IGATED AFTER TWO YEARS. NO PROCEDURAL PROBIEMS CAN BE ATTRIBUTED TO MOVANT.

③ SIGNIFICANT DELAY :

MOVANT POINTS OUT THAT AII MOTIONS HE HAS FIIED HAVE BEEN IN RESPONSE TO THIS COURT'S ATTEMPT TO VIOIATE MOVANT'S 6TH AMENDMENT CONSTITUTIONAI RIGHT, TO SEIF REPRESENTATION. THIS INCIUDES MOVANT'S MOTION STATING HE WOUID "WAIVE THE FIIING OF 2255" IF COURT VIOIATED MOVANT'S 6TH AMENDMENT RIGHT.

④

EVEN THE GOVERNMENT RECOGNIZED THIS IN THEIR MOTION.

    ... IN HIS MOTION, DAVIS REMINDS THE COURT THAT HIS RIGHT TO SELF RE-PRESENTATION HAS BEEN AFFIRMED ON TWO OCCASIONS BY THE FIFTH CIRCUIT, THAT HE IS "SICK AND TIRED" OF SUPREME COURT PRECEDENT APPLYING TO EVERYONE IN THIS COUNTRY BUT HIM" AND, IN AN OBVIOUS REFERENCE TO HIS SELF REPRE-~~SENTATION~~ IN § 2255 PROCEEDINGS "IF ANY ATTEMPT IS MADE TO ONCE AGAIN VIOLATE DEFENDANT'S CONSTITUTIONAL RIGHTS; HE WOULD WAIVE ANY FURTHER 2255 REVIEW. (REC DOC. NO. 2319) ... (GOV'T DOC. NO. 2326)

    THEREFORE, THE RECORD DOES NOT CONTAIN <u>ANY</u> EVIDENCE THAT MOVANT IS RESPONSIBLE FOR <u>ANY DELAYS</u>.



④ CONCERNED THAT CONFINEMENT AT TERRE HAUTE IS CONTRIBUTING TO ALLEGED PROBLEMS:

MOVANT POINTS OUT THAT HE HAS ACCESS TO ANY CRIMINAL CASE LAW HE NEEDS VIA LEGAL COMPUTER. — WOULD NOT HAVE THIS IF MOVED TO LOUISIANA.

MOVANT HAS ACCESS TO ALL RECENT RULINGS FROM FEDERAL COURTS VIA CRIMINAL LAW REPORT. — WOULD NOT HAVE THIS IF MOVED,

MOVANT HAS ACCESS TO CO-COUNSEL AT ALL TIMES OF THE DAY VIA TELEPHONE, — WOULD NOT HAVE THIS IF MOVED.

MOVANT HAS HIS OWN CELL WHERE HE STORES VOLUMINOUS AMOUNTS OF 20 YEARS OF LEGAL MATERIALS NEEDED TO LITIGATE HIS CASE. — COULD NOT HAVE THIS IF MOVED.

MOVANT HAS NOT HAD <u>ONE</u> SINGLE DIS-CIPLINARY WRITE UP SINCE HE'S BEEN HERE.

⑥

MOVANT CHALLENGES THE COURT TO CONTACT COUNSELOR HERE AT TERRE HAUTE AND ASK IF MOVANT HAS EVER CAUSED <u>ONE SINGLE</u> PROBLEM.

MOVANT HAS BEEN <u>LEADING</u> BIBLE STUDY SINCE 2009 FOR OTHER DEATHROW PRISONERS.

MOVANT GETS PLENTY OF OUTDOOR EXERCISE AND HAS LOST OVER 30 lbs IN LAST TWO YEARS.

ANY <u>THREAT</u> TO RE-LOCATE MOVANT FOR NO LEGITIMATE REASON WOULD <u>PREVENT</u> MOVANT FROM PROPERLY DEFENDING HIMSELF. AND FROM MAINTAINING HIS EXCELLENT HEALTH.



(7)

⑤ MONITORING OF MOVANT'S COMPETENCY
BY COURT :

MOVANT POINTS OUT THAT HE IS INTERVIEWED
EVERY SINGLE MONTH BY A PSYCHIATRIST HERE
AT TERRE HAUTE. AS ARE OTHER DEATHROW
PRISONERS. IF THIS COURT HAS A GENUINE
CONCERN ABOUT MOVANT'S MENTAL COMPET-
ENCY, COURT CAN CONTACT PSYCHIATRIST
DEPARTMENT HERE AT TERRE HAUTE. OR THE
COURT CAN READ DR. NED P. MASBAUM'S
REPORT ORDERED BY COURT.

PAST MEDICAL HISTORY :

...THE ROUTINE PSYCHOLOGY VISITS
AT THE PRISON REPORTED ON THE FEDERAL
BUREAU OF PRISONS PSYCHOLOGY DATA
SYSTEMS REVEALED NO SYMPTOMATOLOGY
OR DIAGNOSIS. . . . (PG. 3; OCT 31, 2012)

⑧

As the record clearly indicates none of this courts claims can be substantiated.

Movant has been explicitly clear that he would not proceed forward with sentencing claims. "Court Appointed" Psychiatrist Dr. Masbaum had no problem with movant's position as it pertained to mental competency.

Movant points out that everytime he makes a decision that this court doesn't like, as it pertains to movant's 6th Amendment right. Court has movant 'Tested' to determine his competency. (E.G. Movant refused to participate in 1996 sentencing phase — tested by

(9)

PSYCHIATRIST; MOVANT REFUSED TO PARTICIPATE IN 2005 SENTENCING PHASE — TESTED BY PSYCHIATRIST; MOVANT EXERCISES HIS RIGHT TO PROCEED 'PRO SE' ON 2255 MOTION — TESTED BY PSYCHIATRIST; MOVANT DECIDES TO ONLY PROCEED FORWARD WITH CONVICTION RELATED ISSUES IN 2255 — TESTED BY PSYCHIATRIST; MOVANT FILES MOTION NOTIFYING COURT THAT IF HIS 6TH AMENDMENT RIGHT TO PROCEED 'PRO SE' IS VIOLATED FOR A THIRD TIME HE WILL 'WAIVE HIS '2255 MOTION' — COURT WANTS TO MONITOR MOVANT'S MENTAL CAPACITY, AND TELLS MOVANT THAT ONLY COURT WILL GIVE "ORDER"

(10)

TO ALLOW 2255 TO BE WAIVED, NOT MOVANT.) SEE; BOBBY WILCHER VS. JAMES V. ANDERSON 188 F.D. 279 (2006). 5TH CIRCUIT IS CLEAR WHO HAS AUTHORI-TY ON 'WAIVER'.

## -CONCLUSION-

IF MOVANT IS MOVED FROM A PLACE WHERE HE HAS EVERYTHING HE NEEDS TO PROPERLY DEFEND HIMSELF, DUE TO COURT'S ATTEMPT TO 'INTIMIDATE' MOVANT. (COURT IS AWARE THAT MOVANT DOES NOT LIKE ANY FILTHY JAILS IN LOUISIANA. MOVANT HAS MENTIONED IT TWICE IN MOTIONS SINCE 2011.)

(11)

MOVANT CAN ONLY VIEW COURTS MOVE AS ONE THAT IS MEANT TO DENY MOVANT WHAT HE NEEDS TO BE 'PRO SE'. AND MOVANT WILL NOT ALLOW HIS RIGHT UNDER THE 6TH AMENDMENT TO BE DISSOLVED THROUGH A 'BACK-DOOR' MOVE.

THEREFORE, MOVANT WOULD BE FORCED TO OFFICIALLY 'WAIVE' HIS 2255 MOTION AND PUT TO REST THIS 'UNCONSTITUTIONAL ABOMINATION' WE REFER TO AS CASE 94-381. HOPEFULLY, IT WON'T COME TO THAT.

(12)

HOPEFULLY, THE FIFTH CIRCUIT WILL BE GIVEN THE OPPORTUNITY TO ISSUE YET A THIRD MANDATE ON SIXTH AMENDMENT RIGHTS OF MOVANT. AND THIS 'ABOMINATION' CAN MOVE FORWARD ON CONVICTION ISSUES ONLY.

RESPECTFULLY SUBMITTED BY

PRO SE MOVANT

MAY 16, 2014

(13)

MR. LEN DAVIS

2 4 3 2 5 0 3 4

Name

Reg. No.

☐ Federal Prison Camp
P.O. Box 12014
Terre Haute, IN 47801

☒ Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

☐ U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801



CLERKS OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA 70130

ATTN: JUDGE HELEN BERRIGAN CASE #94-381 "C"

MR. LEN DAVIS

Name

243 25034

Reg. No.

☐ Federal Prison Camp
P.O. Box 12014
Terre Haute, IN 47801

☒ Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

☐ U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801



CLERKS OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA 70130

ATTN: JUDGE HELEN BERRIGAN, CASE # 94-381 "C"