UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 94-381

LEN DAVIS                               SECTION "C"

ORDERS AND REASONS

This matter comes before the Court on statement that the defendant will be filing

an interlocutory appeal filed by the defendant *pro se*, motion to appoint appellate counsel

to file emergency writ to the Fifth Circuit Court of Appeals filed by the defendant *pro se,* a

response from the defendant *pro se* and a motion opposing transfer filed by the defendant

through counsel.[1]  Rec. Docs. 2358 – 2361.  The documents relate to the  Court's Order

and Reasons dated May 12, 2014, insofar as the Court denied the defense motion to strike

sentencing claims along with the government's motion for partial reconsideration and

notified counsel that it is considering transferring the defendant to this district in order to

facilitate the consideration of the pending motion under 28 U.S.C. § 2255.  Rec. Doc. 2352.

The Court has allowed the defendant to represent himself in certain aspects with

---

[1]The Court will also assume that the government does not oppose the motion to appoint appellate counsel since the resulting limitation on the number of claims determined by this Court would lessen the scope of the legal briefing required of it.

regard to the pending § 2255.  Rec. Doc. 2321.  The Court approaches this motion fully aware that the defendant is not a lawyer and that the defendant may not fully understand the legal substance of the Court's rulings.   The Court recognizes that this matter now arises under 28 U.S.C. § 2255, but that the right to file an interlocutory appeal is extremely limited in criminal cases.  *See generally*, 15B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE §§ 3918 – 3918.9 (3d ed. 2014); 22 James Wm Moore, Daniel R. Coquilette, Gregory P. Joseph, Sol Schreiber, Jerold S. Solovy & Georgene M. Vairo, MOORE'S FEDERAL PRACTICE § 202.14[1][a] (3d ed. 2012). To the extent that the considerations governing interlocutory appeals set forth in *Flanagan v. United States*, 465 U.S. 259 (1984) are relevant, none are met.[2]   In any event, the issue of interlocutory appellate jurisdiction is for the Fifth Circuit's consideration, although it does have bearing on the immediate issue presented by the defendant's first *pro se* motion regarding the appointment of new counsel.

This *pro se* request for new counsel to file an interlocutory appeal concerns the defendant's objection to the Court's order that the government file memoranda directed to the issues included in the original § 2255 that were not subsequently adopted by the

---

[2]The minimum conditions that must be met to fall into the "collateral order" exception to the final judgment rule require that the challenged trial court order must "conclusively determine the disputed question," must "resolve an important issue completely separate from the merits of the action" and must "be effectively unreviewable on appeal from a final judgment." *Flanagan*, 465 U.S. at 265, (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

defendant *pro se*.  The Court denies the motion to appoint additional counsel for a number of reasons.  The record reflects that thirteen attorneys have represented the defendant to date and that two of them continue to serve as counsel.   The defendant's insistence that he is capable of representing himself should extend to his proceeding *pro se* in pursuit of the immediate appellate review he now seeks.   Rec. Doc.  2359.

In addition, the presumptively reasonable budget for defense counsel on collateral review in a capital case has been exhausted in this matter.  This Court can not guarantee that additional counsel would be compensated without appellate approval and, in any event, such appointment would cause additional delay in a case that has spanned two decades.

More importantly, the work of the defense is complete as it pertains to the submission of the pending § 2255.   The challenged order pertains to the scope of the briefing due from the government, not the defense.

As reflected in the response from the defendant *pro se*, the defendant's challenge is more focused on the Court's notion that it has the authority to rule on all claims filed in the § 2255 contained in the record.  Rec. Doc. 2361.  In this regard, the Court again disagrees with the defendant that any pending claim can be determined without a court order, while again recognizing that the defendant is a layman and perhaps does not understand that the case upon which he relies is not relevant to the context here.  *Wilcher v. Anderson*, 188 Fed.Appx. 279 (5th Cir. 2006),  involved a *pro se* defendant who chose to

3

waive his <u>appeal</u> of an adverse ruling and dismissal of his habeas petition by a district court order.  The Court is respectful of the defendant's right to choose whether to appeal any adverse final ruling to the Fifth Circuit and nothing in this Court's challenged order impinges on that right.

Rather, the Court's order merely provides that <u>all</u> issues raised in the pending § 2255 motion will be determined and, if appropriate, preserved for appellate review in this capital matter.  There is no limitation on the defendant's right to choose whether to appeal any adverse final judgment from this Court.   While again recognizing that the defendant is a layman, the Court strongly disagrees with the defendant's assessment that he has not "caused unnecessary confusion, serious procedural issues and significant delay in the mere filing of the § 2255." Rec. Doc. 2352 at 1; Rec. Doc. 2361.  This latest motion is another attempt at unnecessary delay from the defendant.

The defendant ultimately seeks an appellate order prohibiting the Court from ordering memoranda from the government and determining issues contained in the § 2255 of record and from considering transfer of the defendant to this district.   The parties are advised that, in order to minimize any immediate disruption for the defendant in pursuing any interlocutory appeal, the Court will allow the defendant to remain in his present confinement at this time pending interlocutory review, unless circumstances warrant otherwise.   In all other respects, the May 12, 2014, order and deadlines remain in effect, and the Court will continue toward disposition of all claims in contained in the §

2255 of record unless otherwise ordered by a higher court.  Rec. Doc. 2352.

The defense is advised that the Court will continue to file written documents from the defendant into the record for purposes of completeness.  In an effort to move forward, however, it may not continue to issue a reasoned ruling as to all written filings unless it is deemed necessary.

Accordingly,

IT IS ORDERED that the motion to appoint appellate counsel to file emergency writ to the Fifth Circuit Court of Appeals filed by the defendant *pro se* is DENIED.   Rec. Doc. 2359.

IT IS FURTHER ORDERED that the defendant's motion opposing transfer is DISMISSED AS MOOT.  Rec. Doc. 2360.  The Court has not issued an order to transfer.

The defendant's objections are noted.

New Orleans, Louisiana, this 27th day of May, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE