**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | |
| | | **SECTION: "C"** |
| **LEN DAVIS** | * | |

*　　*　　*

**GOVERNMENT'S OPPOSITION TO STANDBY COUNSELS' MOTION**
**TO FIX DATE FOR REPLY (DOC. 2371)**

Standby counsels' "motion to fix date" (Doc. 2371) to reply to our response (Doc. 2369) to the 19 guilt-related issues identified by Len Davis is inconsistent with, and disregards, the Court's order of April 9, 2013, that assigned control of those issues to the defendant. The Court ruled: "… the defendant shall continue to represent himself as to those issues adopted by him from standby counsel's pleadings." (Doc. 2321 at 1-2). The Court also set ground rules for how the habeas issues would be handled, "understand[ing] [Davis's] desire to [represent himself] and therefore exercis[ing] its discretion … to allow the defendant to proceed *pro se* on the issues he designated for himself in Rec. Doc. 2273, while his counsel will proceed with the balance of the issues in the Section 2255 motion. Counsel are *not to interfere with the defendant's litigation of the issues he has identified* as ones on which he wishes to proceed *pro se*." *Id*. at 5 (emphasis provided). Their motion should be considered in the context of that order; otherwise, the order becomes pointless.

According to the Court's order, the defendant controls disposition of all guilt-related issues and he, not the standby counsel, should respond as he sees fit. Standbys should not be

allowed to expropriate this aspect of the litigation from Davis. And, to be consistent, the Court should deny their motion for this very reason.

In keeping with that ruling, and with the Court's order that "counsel will proceed on the remaining claims in their Section 2255 petition with the defendant allowed to file a supplemental brief of up to 20 pages," any response to our opposition to the guilt-related issues lies with defendant Davis, not with standby counsel. Any other interpretation would make the April 9 order meaningless and lend further disorder to an already confused situation.

**WHEREFORE**, the United States opposes any reply by standby counsel to the guilt-related issues addressed in our reply of April 15, 2014.

Respectfully Submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


/s/ Michael E. McMahon
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130
Telephone: (504) 680-3027

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney