**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | |
| | | **SECTION: "C"** |
| **LEN DAVIS** | * | |

\* \* \*

**GOVERNMENT'S MOTION TO DELAY PROCEEDINGS PENDING
DISPOSITION OF DEFENDANT'S INTERLOCUTORY APPEAL
AND PETITION FOR WRIT OF MANDAMUS**


As of this writing, the defendant has filed an interlocutory appeal and a petition for a third writ of mandamus to preclude consideration of any non-guilt-related issues, including the motion to interview jurors from the second sentencing phase.

A notice of appeal from an interlocutory order divests a district court of jurisdiction over those aspects of the case on appeal. Fifth Circuit case law "makes this point clearly: 'it is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal.'" *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007); *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); see also *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*") (emphasis added).

In its order of May 27, 2014, the court recognized that the interlocutory appeal "concerns the defendant's objection to the Court's order that the government file memoranda directed to the issues included in the original § 2255 that were not subsequently adopted by the defendant *pro se*." (Doc. 2363 at 2-3). The Fifth Circuit, then, will address whether any of the non-guilt-related issues that Len Davis has repudiated may be litigated.[1]

For the same reasons, the United States moves that its response to non-guilt-related issues, due October 15, 2014, be delayed until the Fifth Circuit resolves the question of what issues will be litigated, by whom. Otherwise, our response could be rendered irrelevant, if the Fifth Circuit grants Davis's appeal.

Respectfully Submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana    70130
Telephone: (504) 680-3027

---

[1] Furthermore, this motion again contradicts the Court's order that it would not assist standby counsel in locating jurors. For the sake of consistency, and if the Court's order means anything, that ground alone justifies denial of the motion.

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney