**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CASE NO. 2:94-cr-00381** |
| | \* | |
| **v.** | \* | |
| | \* | **SECTION "C"** |
| **LEN DAVIS** | \* | |
| | \* | |

**NOTICE OF ONGOING OBJECTION TO THE ASSISTANT UNITED STATES ATTORNEY'S CONTACT WITH A REPRESENTED DEFENDANT**

The Government's latest filing indicates that AUSA McMahon communicated with Len Davis at Terre Haute in lieu of contacting undersigned counsel regarding consent to the Government's Motion to Delay Proceedings (Doc. 2379). Because undersigned counsel represents Mr. Davis, counsel for the Government should not contact him directly. *See* La. Rules of Professional Conduct, Rule 4.2.[1] "The rule that contact with a represented party should be through his lawyer is so well established in American jurisprudence that attorneys are generally prohibited by ethical rules from contact with the opposing party if represented by counsel." *United States v. Villanueva-Diaz*, 634 F.3d 844, 851 (5th Cir. 2011). This rule is fundamentally concerned with the duties of attorneys, rather than the rights of the parties. *United States v. Lopez*, 4 F.3d 1455, 1462 (9th Cir. 1993). Regardless of whether Mr. Davis is represented in a

---

[1] Unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order, a lawyer in representing a client shall not communicate about the subject of the representation with:

(a) a person the lawyer knows to be represented by another lawyer in the matter; . . . .

La. Rules of Professional Conduct, Rule 4.2.

full or hybrid capacity, he is a represented party and Mr. McMahon had an absolute ethical duty not to contact him about any matter in this case.

Even if Mr. Davis can act as additional counsel for himself, he has stated in pro se pleadings that Sarah Ottinger and Rebecca Hudsmith "fully represent Defendant on all 'designated claims.'" Doc. 2293, at 3. Moreover, the subject about which Mr. McMahon contacted Mr. Davis was a *penalty*-related matter: whether Mr. Davis consented to a stay of proceedings on penalty-related issues during the pendency of his appeal. Doc. 2379, at 1. This Court granted counsel's motion to vacate *Faretta* relief as to those issues not specifically adopted by Mr. Davis and ordered that counsel "will proceed on the remaining claims." Doc. 2321. As such, undersigned counsel represent Mr. Davis on those claims in a classic attorney-client capacity. There was no possible reason why Mr. McMahon should have contacted Mr. Davis personally on this matter. Undersigned counsel objects to this violation of Rule 4.2 of the La. Rules of Professional Conduct, and will seek sanctions if it happens again.

Respectfully submitted,

/s Sarah L. Ottinger____
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 8th day of October, 2014.


/s Sarah Ottinger_____
Sarah Ottinger