**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | |

**MEMORANDUM IN OPPOSITION TO GOVERNMENT'S
MOTION TO DELAY THE PROCEEDINGS**

The Government seeks to delay the proceedings and opposes this Court providing undersigned counsel with the names of jurors who served in 2005.  Doc. 2379.

Mr. Davis has no objection to postponing the Government's response to penalty-related issues, and Mr. Davis' reply to the Government's response as to all issues, until after the Fifth Circuit has resolved Mr. Davis' appeal. However, the pendency of the interlocutory appeal does not prohibit counsel from continuing to investigate this case, including penalty-related issues. Counsel have simply asked to be provided with information which the Government and the Court already have: the names of the jurors who served at the 2005 trial. Doc. 2372. Nothing prevents counsel from continuing to work on penalty-related[1] aspects of this case, and indeed "counsel at every stage of the case have a continuing duty to investigate issues bearing upon penalty." AMERICAN BAR ASSOCIATION GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (reprinted at 31 HOFSTRA L. REV. 913 (2003)), Guideline 10.11(A).

---

[1] Additionally, interviews with the 2005 jurors may reveal issues which relate to the conviction or the case as a whole.

The basis for the Government's Motion to Delay the Proceedings is its argument that Mr. Davis' appeal divested this Court of jurisdiction over any issues regarding his sentencing. *See* Doc. 2376, at 1. This argument reads the Fifth Circuit's jurisprudence too broadly, however. The filing of a notice of appeal divests the district court of its jurisdiction over only those matters involved in the appeal. *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007). The appeal in this case concerns two issues: whether this Court erred in "denying Petitioner his Sixth Amendment right to self representation during post conviction relief" and whether this Court erred in "ruling that Petitioner waived his right under 28 U.S.C. § 1654." *See* Brief of Appellant at 5, *United States v. Davis*, Case No. 14-30516 (5th Cir. filed July 24, 2014). This Court has already decided the issue of whether counsel may contact the jurors from the 2005 trial. Doc. 2352. It is only a matter of counsel being given access to information which the Government, this Court, and prior counsel already have.

Although the Government cites *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007), in support of its contention that this Court lost all authority over any matter concerning Mr. Davis' sentencing, the opinion in *Alice L.* actually supports this Court's authority to rule on the Motion to Discovery Names of Jurors (Doc. 2372). After the district court in *Alice L.* denied the defendant's qualified immunity defense, the defendant filed an interlocutory appeal and simultaneously moved to stay all proceedings particularly as to discovery. The trial court denied the request for a stay and ordered compliance with the discovery requests during the interlocutory appeal. *Id.* at 564. On appeal, the defendant argued "that her appeal of the district court's denial of qualified immunity is so broad as to divest the district court of jurisdiction to compel her compliance with discovery requests made related to the Title IX claims against Eanes ISD." *Id.* at 565. The Fifth Circuit rejected this argument finding that qualified immunity confers

2

"a right to immunity from certain claims, not from litigation in general." *Id.* "How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id.* at 565.

Accordingly, given the limited nature of the appeal, the collateral nature of counsel's request, and counsel's continuing duty to investigate this case, this Court should grant access to the names of the 2005 jurors and deny the Government's motion to stay the proceedings as to any penalty-related discovery.

Respectfully submitted,

/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 9th day of October, 2014.

/s Sarah Ottinger_____
Sarah Ottinger