**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 94-381** |
| **v.** | * | |
| | | **SECTION: "C"** |
| **LEN DAVIS** | * | |

*     *     *

## GOVERNMENT'S RESPONSE TO "ONGOING OBJECTION" (DOC. 2380)

Standby counsels' latest pleading compels reply. In their haste to impugn bad motives against, and to threaten "sanctions" against, the government, their "Ongoing Objection to Contact with Unrepresented Defendant" misleads the court because it omits facts: actually, persistent attempts were made to contact counsel for consent to our motion to delay response to non-guilt related issues (Doc. 2379), pending disposition of Len Davis's interlocutory appeal and petition for a third writ of mandamus.

Early in the afternoon of October 7, the undersigned attempted to reach Ms. Hudsmith by phone. I left her a detailed voicemail message, describing the purpose of my call, and requested that she get back to me. Several hours elapsed and I called her once again. The woman who answered told me that she was "on the phone" and I repeated my request. The woman assured me that she would pass on my message. Ms. Hudsmith, however, did not return my call, so I assumed there was no objection to the motion for delay, which was not filed until the next morning, still awaiting her response.

Len Davis is a *pro se* litigant, and the extent of his self-representation will be decided by the Fifth Circuit. As far as contact with Mr. Davis goes, the government suggests that standby

counsel refer to Circuit Judge James Dennis's order of December 9, 2013, in Case No. 13-30276, in which he notes that: "Under this circuit local rules, 'All motions must state that the movant has contacted or attempted to contact all other parties and must indicate whether or not an opposition will be filed.' " (5th Cir. R. 27.4). Judge Dennis went on to note that, even if a government litigation opponent is incarcerated, the rule must be obeyed: "Under our Constitution, the imprisoned retain the right to participate in litigation in our courts." *See generally*, *Cruz v. Hauck*, 475 F.2d 475, 476 (5th Cir. 1973). Since Mr. Davis is a party to this litigation, there was nothing improper about obtaining his consent. We were, by rule, compelled to seek his position and we will continue to comply with that requirement.

Perhaps if standby were as assiduous in returning phone calls as they are anxious in threatening "sanctions," as well as more educated on local rules, miscommunications and hasty "objections" could be avoided.

Respectfully Submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

/s/ Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130
Telephone: (504) 680-3027

˘2˘

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

<u>/s/ Michael E. McMahon</u>
MICHAEL E. McMAHON
Assistant United States Attorney