**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO PROHIBIT THE GOVERNMENT**
**FROM CONTACTING LEN DAVIS REGARDING THIS CASE**

In the Government's latest pleading (Doc. 2383), AUSA McMahon has indicated that not only has he directly contacted Mr. Davis regarding matters for which he has counsel, but also that he will continue to do so in the future. Counsel for Mr. Davis are accordingly compelled to ask this Court to prohibit such communications in this case, as they violate Mr. McMahon's ethical duty not to contact a represented party.

On October 3, 2014, the Government filed a response to Mr. Davis' Motion to Discover Juror Names (Doc. 2372), in which the Government moved this Court to delay its response to penalty-related issues until after the Fifth Circuit resolves Mr. Davis' interlocutory appeal. Doc. 2373. Because this pleading attempted to respond to Mr. Davis' motion and at the same time request other relief, the Clerk's office issued a notice of deficiency and ordered that the Government refile the pleading as two separate documents.

In response, the Government filed an opposition to the Motion to Discover Juror Names (Doc. 2375) and a separate Motion to Delay Proceedings (Doc. 2376). However, as the Government filed the motion as an "ex parte/consent" motion without attaching a memorandum

1

in support or certifying that consent had been provided by the opposing party, that document too was marked as deficient. The Government was given seven days from the notice of deficiency—October 7, 2014—to refile a pleading that complied with the Local Rules. Therefore, the Government had until October 14 to correct this deficiency.

There was no reason why Mr. McMahon had to contact Mr. Davis at all.[1] But even if there had been some hypothetical pressing need for Mr. McMahon to communicate with Mr. Davis, the ethical rule has no exceptions. It is absolute: "a lawyer in representing a client **shall not** communicate about the subject of the representation with: (a) a person the lawyer knows to be represented by another lawyer in the matter . . . ." La. Rules of Professional Conduct, Rule 4.2.[2]

The Government claims that "[s]ince Mr. Davis is a party to this litigation, there was nothing improper about obtaining his consent." Doc. 2383, at 2. Indeed, *because* Mr. Davis is a party to this litigation, an attorney representing the *adverse* party—the Government—is prohibited from contacting him directly. Any communications about the subject of the representation must go through counsel. Although the Government cites an unpublished order of the Fifth Circuit for the proposition that it can contact a represented defendant to obtain consent

---

[1] The Government claims it contacted Mr. Davis to obtain consent for the delay in proceedings after "persistent attempts" to contact counsel for Mr. Davis. These attempts, however, amount to two phone calls over the course of one afternoon, which were returned the next morning. As AUSA McMahon asserts in his Response, he called Rebecca Hudsmith twice on October 7. He did not attempt to contact co-counsel, Sarah Ottinger. Ms. Hudsmith was unavailable to take his calls at that time or return them, but passed the message on to co-counsel, Ottinger. Ms. Ottinger called Mr. McMahon the very next morning, October 8, and was unable to reach him. She left a message on his voicemail asking him to call her back. Within an hour, however, Mr. McMahon filed his motion (Doc. 2379), which contained a certification that he had communicated with Mr. Davis *personally* regarding consent for the motion.

[2] The United States District Court for the Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct. *See* Rules For Lawyer Disciplinary Enforcement of the United States District Court for the Eastern District Of Louisiana, Rule 1.2.

for a motion, the case cited involves a *pro se* defendant without counsel. In the order, the Fifth Circuit strikes several pleadings filed by the Government due to the Government's failure to adhere to the local rule requiring a certification as to whether consent was sought before filing. The defendant, however, was pro se and unrepresented by any attorney. *See United States v. Thomas*, No. 13-30276 (5th Cir. 2013).

In this case, Mr. Davis is a represented party, both for guilt and penalty-related claims. As he has made clear, undersigned counsel "fully represent Defendant on all 'designated claims.'" Doc. 2293, at 3. As to penalty-related claims, undersigned counsel are sole counsel for Mr. Davis. Doc. 2321. He does not represent himself in any capacity as to these claims. The Government's communication, as stated in their motion and response, directly pertained to the subject of undersigned counsel's representation of Mr. Davis: issues related to penalty claims. *See* Docs. 2379, 2383.

The ethical prohibition on an attorney contacting a represented party is firmly entrenched in our legal system. *Matter of Howes*, 940 P.2d 159, 164 (N.M. 1997) (holding that the Assistant U.S. Attorney's "duty to refrain from communicating with a represented criminal defendant is not subject to argument."). This prohibition serves to prevent disclosure of attorney/client communications, and protect a party from making statements elicited by a skilled opposing attorney. *See Jenkins v. Wal-Mart Stores, Inc.*, 956 F. Supp. 695, 697 (W.D. La. 1997). In this case, the prohibited communication resulted in a represented party giving consent to the Government for the filing of a motion which relates to penalty issues. Counsel for Mr. Davis ask that this Court prohibit all further attempts by the Government to communicate with Mr. Davis regarding this case.

Respectfully submitted,


/s Sarah L. Ottinger____
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*


## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 10th day of October, 2014.


/s Sarah Ottinger_____
Sarah Ottinger


4