**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "C"** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

**SUPPLEMENTAL MEMORANDUM TO MOTION TO PROHIBIT THE
GOVERNMENT FROM CONTACTING LEN DAVIS REGARDING THIS CASE**

NOW COMES Len Davis, through counsel, and respectfully files this supplemental memorandum to his motion to prohibit the government from contacting him regarding this case (Doc. 2387). Since the filing of the notice of objection (Doc. 2380), the Government's response (Doc. 2383) and the subsequent motion to prohibit Government communications with Mr. Davis (Doc. 2387), new facts have come to undersigned counsel's attention. As such, this supplement is submitted to correct the factual basis upon which the motion is grounded.

The Government's *Motion and Memo in Support to Delay Proceedings Pending Disposition of Defendant's Interlocutory Appeal and Petition for Writ of Mandamus* states that: "Len Davis, the defendant, was contacted by telephone on October 7, 2014, from the penitentiary in Terre Haute and has no opposition to this motion." Doc. 2379, at 2. Because it was apparent that AUSA McMahon had contacted Mr. Davis—a represented party—regarding a penalty-related matter, counsel filed a notice of objection to this communication as a violation of the Rules of Professional Conduct. Doc. 2380. In response, AUSA McMahon accused undersigned counsel of "mislead[ing] the court" and implied that he would continue to contact Mr. Davis at

1

will. Doc. 2383. Counsel were then compelled to formally move for an order prohibiting Government attorneys from directly communicating with Mr. Davis about this case. Doc. 2387.

It has since come to counsel's attention that Mr. Davis disputes AUSA McMahon's account of the phone call in the Motion to Delay Proceedings (Doc. 2379), regarding his consent to the motion. In the motion, the Government represents to this Court that Mr. Davis consented to delaying the proceedings as to all penalty-related issues until the appeal is resolved. Doc. 2379, at 2.[1]

As set forth in the attached declaration, Mr. Davis maintains that he did not consent to this motion. He states that on October 7, 2014, he was contacted by AUSA McMahon on an unmonitored legal call at Terre Haute, and was asked *only about a 30-day extension of time for the Government to file its brief in the Fifth Circuit*. Indeed, the Government sought and received a 30-day extension from the Fifth Circuit on that same date. *See* Docket, *United States v. Davis*, No. 14-30516 (5th Cir. Oct. 7, 2014). Mr. Davis was not asked about any motions in this Court. AUSA McMahon stated that he needed the 30-day extension in the Fifth Circuit in order to obtain consent from the Department of Justice to move to recuse this Court. After the call was over and Mr. Davis handed the telephone back to Counselor John Edwards, Mr. Davis overheard AUSA McMahon ask Counselor Edwards whether the call had been recorded. Counselor Edwards responded that it was not.

Because Mr. Davis is pro se on his appeal to the Fifth Circuit, there would have been no ethical problem with contacting him about an extension of time in that case. As to this case, in contrast, Mr. Davis is represented by counsel and must only be contacted through counsel.

---

[1] Although the proposed order pertains only to the Government's response to penalty-related issues, the title and content of the motion appear to apply to all penalty-related aspects of the case. *See* Docs. 2379, 2379-1.

At a minimum, the Government's communication with Mr. Davis about proceedings before this Court will create unnecessary confusion.[2]   Such communication is also unethical where, as here, Mr. Davis is represented by counsel.

WHEREFORE, counsel submits the instant supplement to the *Motion to Prohibit the Government from Contacting Len Davis Regarding this Case*, and reurges that the Government should be ordered to communicate with Mr. Davis only through counsel.

Respectfully submitted,

/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
saraho@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

---

[2] According to Mr. Davis' account of the phone call, the Government's Motion to Delay Proceedings contains a material factual misrepresentation in violation of Federal Rule of Civil Procedure 11(b)(3) and Rule 3.3 of the La. Rules of Professional Conduct (candor toward the tribunal).

3

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 5th day of November, 2014.


/s Sarah Ottinger_____
Sarah Ottinger