IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 2:94-cr-00381 |
| | * | |
| v. | * | |
| | * | SECTION "C" |
| LEN DAVIS | * | |
| | * | |

## MEMORANDUM OF LAW REGARDING RECUSAL

This Court has ordered counsel to provide memoranda of law "directed to the issue of whether [the Court] should recuse herself under 28 U.S.C. § 455(a) and/or § 455(b)(1)." Doc 2404.[1] The Court seeks memoranda following the Government's request to the Fifth Circuit Court of Appeals, in Petitioner's pending Petition for Writ of Mandamus, that Petitioner's case be reassigned to a new judge. In the Mandamus proceedings, the Government asserts that "the district court's insistence on dictating the issues before it and depriving Davis of his right to control his own litigation strategy raises the appearance that the court is no longer functioning as a neutral arbiter." *See Government's Memorandum Brief* (*Memorandum Brief*), *United States v. Davis*, United States Court of Appeals for the Fifth Circuit, No. 14-30516, at 2. According to the Government, this Court's legal rulings over the course of more than a decade regarding Petitioner's right to self-representation "*could* cause a neutral observer to question the district court's ability to act as a neutral and impartial arbiter." *Id*. at 20 (emphasis added).

---

[1] Mr. Davis has had the opportunity to review this pleading and consents to its filing.

1

### This Court's Rulings Regarding *Pro Se* Representation

This Court first addressed Petitioner's right to represent himself in 2001. At that point, Petitioner's second sentencing trial was pending, and he elected to go *pro se* at the capital sentencing trial. The Court denied Petitioner's request and he filed a Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals. The issue was one of first impression, characterized by the dissent as a "res nova constitutional issue." *United States v. Davis*, 2001 WL 34712238 at *4 (5th Cir. 2001). As such, the majority commended this Court for "its thoughtful grappling with this issue." It went on to find that the Eighth Amendment prohibition against arbitrary and capricious sentences of death did not trump Petitioner's right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). 2001 WL 34712238 at *3. One justice dissented, and would have denied self-representation under the circumstances presented by Petitioner's case. *Id*. at *4-7.

Following the grant of the Petition for Writ of Mandamus and remand, this Court appointed independent counsel to present mitigation evidence at Petitioner's capital sentencing trial. Petitioner again filed a Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals. At issue was whether this Court had the inherent authority to appoint independent counsel and if so, whether its action in doing so violated Petitioner's *Faretta* right to self-representation. *United States v. Davis*, 285 F.3d 378 (5th Cir. 2002). The Fifth Circuit found that Petitioner's *Faretta* right to self-represent at his capital sentencing trial was paramount. *Id*. at 385. Again one justice dissented, and issued a lengthy opinion. *Id*. at 385-398.

Petitioner has again asserted his right to self-represent, this time in post-conviction proceedings pursuant to 28 U.S.C. §2255. Petitioner and his appointed standby counsel have achieved a good working relationship with respect to all issues challenging the constitutionality

of Petitioner's conviction.  This Court has denied Petitioner self-representation with respect to sentencing claims, finding that *Faretta* does not apply to § 2255 proceedings and that Petitioner has waived "whatever non-constitutional right he may have had to proceed *pro se*" under 28 U.S.C. § 1654.  Doc. 2321 at 4.  Petitioner has filed a Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals arguing that the *Faretta* right to self-representation applies to § 2255 proceedings, and that he has not waived his § 1654 statutory right to proceed *pro se* because it is the law of the case, recognized by the Fifth Circuit in its previous mandamus decision regarding self-representation.  *Brief of Appellant*, *United States v. Davis*, United States Court of Appeals for the Fifth Circuit, No. 14-30516, at 22 (citing *United States v. Davis*, 2001 WL 34712238 at *1).  The Government has joined Petitioner, arguing that the principle of party presentation and the statutory right to self-representation dictate that Petitioner be allowed to proceed *pro se* in § 2255 proceedings.  *Memorandum Brief* at 18-19.

The Government also requests the extraordinary, rarely-used remedy of reassignment of Petitioner's case to a new judge to "ensure the appearance of impartiality, that justice is done, and that any further decisions are made by a truly neutral arbiter."  *Memorandum Brief* at 36.  In doing so it has not recognized 1) that this Court is intimately familiar with Petitioner's case, having presided over the first trial, the second resentencing trial, and now § 2255 proceedings for the past 20 years;[2] 2) that each time this Court has addressed Petitioner's desire to proceed *pro*

---

[2] As undersigned counsel is acutely aware, having come into this case over 15 years after it commenced, developing even a cursory understanding of the prior proceedings is extraordinarily time-consuming.  The Government's brief acknowledges that one factor to consider is "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness," yet brushes that concern aside, observing that the § 2255 proceedings are "in the initial stages."  *Memorandum Brief* at 34 (citing *In re ChryslerDaimer Corp.*, 294 F.3d 667, 700-01 (5th Cir. 2002).  The statement ignores that § 2255 proceedings are based upon trial proceedings, and claims cannot be adjudicated competently without complete familiarity

*se*, it has ventured into issues of first impression, characterized as such by the Fifth Circuit Court of Appeals; and 3) that even the justices of the Fifth Circuit Court of Appeals have been unable to agree to date on whether Petitioner should proceed *pro se* under the circumstances presented by his case.  That said, Mr. Davis remains steadfast in his assertion that it is his fundamental constitutional right to proceed *pro se* with respect to sentencing claims raised in his § 2255 Motion.

### Recusal Under 28 U.S.C. § 455

Legal rulings do not constitute a basis for recusal under 28 U.S.C. §§ 455(a) or (b)(1). The recusal provisions provide for disqualification of a judge where her "impartiality might reasonably be questioned," Section 455(a), or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Section 455(b)(1).  Section 455(b)(1) is limited to instances where an extra-judicial source creates the bias or prejudice. *Liteky v. United States*, 510 U.S. 540, 553 (1994).  While Section 455(a)'s standard of reasonably questioned impartiality has a "broader reach" than Section 455(b)(1)'s standard of personal bias or prejudice, it still encompasses a bias or prejudice—partiality—acquired from an extrajudicial source.[3]  The difference is that under Section 455(a), "a judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so."  *Id*. (emphasis in the original).

A judge's ruling on a matter before her in and of itself "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest of circumstances evidence the degree of

---

with the trial proceedings.  Reassignment to a new judge would involve massive waste and duplication, consuming literally hundreds of hours of scarce judicial resources.

[3] An extrajudicial source is not *any* extrajudicial source.  Thus, for example, "the judge's view of the law acquired in scholarly reading" cannot be deemed an extrajudicial source. *Id*. at 554.

favoritism or antagonism required . . . when no extrajudicial source is involved." *Id*. at 555.  In order for adverse legal rulings to constitute grounds for recusal, they must "display[] deep-seated and unequivocal antagonism." *Id*. at 556.

The Government does not assert in its *Memorandum Brief* to the Fifth Circuit that this Court's rulings on self-representation are due to reliance on an extrajudicial source.  Nor do the rulings display the "deep-seated and unequivocal antagonism" toward Petitioner required for recusal.  Beyond the fact of an adverse ruling, the orders do not reflect antagonism at all. Furthermore, the Court has not been unequivocal in finding no right to self-represent. Following the Fifth Circuit's 2001 and 2002 mandamus decisions, this Court presided over the capital resentencing trial with Petitioner proceeding *pro se*.  When Petitioner initially requested that he be allowed to proceed *pro se* in § 2255 proceedings, this Court granted his request twice.  *See* Docs. 2197, 2231.  There is no evidence that this Court's legal rulings reflect deep-seated or unequivocal antagonism.

Fifth Circuit law is in accord.  The standard for assessing the appearance of partiality is one of reasonableness—and not whether "the hypersensitive, cynical, and suspicious person . . . would harbor doubts concerning the judge's impartiality." *Raborn v. Inpatient Mgmt. Partners Inc.*, 352 Fed. Appx. 881, 883 (5th Cir. 2009) (citing *Sensely v. Albritton*, 335 F.3d 591, 599 (5th Cir. 2004); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). Recusal due to legal rulings must be based on "personal, rather than judicial, bias." *United States v. Williams*, 463 Fed. Appx. 282, 284 (5th Cir. 2012) (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)).   Even where a district court disregards the Fifth Circuit's decision on a mandamus and enters the same erroneous ruling, recusal is not warranted.  *Johnson v. Maestri Murrell Prop. Mgmt.*, 555 Fed. Appx. 309, 314 (5th Cir. 2014).

This Court's decisions regarding self-representation cannot reasonably be understood as arising from personal, rather than judicial, bias.  When the Court appointed independent counsel, following the Fifth Circuit's initial mandamus decision granting self representation, even the Fifth Circuit Justices disagreed as to whether that was justified under the law.  The repetitive nature of the *pro se* litigation is attributable to the novelty of Petitioner's requests, not this Court's bias.  Any doubts to the contrary are unreasonable.  Recusal is not warranted under the law.

Respectfully submitted,

/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955
sottinger@thejusticecenter.org

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Hybrid Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 15th day of January, 2015.

/s Sarah Ottinger_____
Sarah Ottinger

6