# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 14-30516

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEN DAVIS,

Defendant - Appellant

———————

Consolidated with 14-30552

In re: LEN DAVIS,

Petitioner

———————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-752

———————

Before BENAVIDES, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nos. 14-30516 & 14-30552

This court has consolidated an interlocutory appeal and a petition for writ of mandamus, which both stem from an order in a 28 U.S.C. § 2255 proceeding. The order at issue vacated a previous order that had allowed the § 2255 petitioner, Len Davis ("Davis"), to proceed *pro se* with the assistance of standby counsel.  More specifically, the order challenged on appeal allows Davis to proceed *pro se* as to the 19 claims that he agreed to raise; however, with respect to the 10 claims that standby counsel raised and Davis declined to raise, the district court appointed standby counsel to litigate those claims. Concluding that the district court erred in denying Davis his statutory right to proceed *pro se*, we VACATE and REMAND for further proceedings.

I.    BACKGROUND

In 1996, Davis, a former New Orleans Police Officer, was convicted of a civil rights murder and sentenced to death.  18 U.S.C. §§ 241 and 242.  On his direct appeal, this court upheld the instant convictions but reversed the sentence and remanded for a new penalty trial.  *United States v. Causey and Davis*, 185 F.3d 407 (5th Cir. 1999).[1]  On remand, Davis informed the court that he wanted to proceed *pro se* during the re-sentencing trial.  The district court held a *Faretta*[2] hearing and found that Davis had made a knowing and intelligent decision to represent himself.  Nonetheless, the court ruled that the Sixth Amendment right to represent one's self does not apply to sentencing. Davis successfully sought a writ of mandamus in which this court instructed

---

[1] There was a third conviction for willfully killing to prevent the victim from communicating to law enforcement officers regarding a possible federal crime.  This court reversed that conviction for insufficient evidence.  *Causey,* 185 F.3d at 421–23.  The death sentences were vacated because the jury did not make separate recommendations regarding the appropriate penalty for each count of conviction.  *Id.* at 423.

[2] *Faretta v. California*, 422 U.S. 806 (1975). "A *Faretta* hearing is a hearing conducted to gauge whether a defendant has invoked his or her right to self-representation knowingly, voluntarily, and competently; the judge conducting the hearing must also warn the defendant of the dangers and pitfalls of self-representation." *United States v. Richardson*, 478 F. App'x 82, 86 n.9 (5th Cir. 2012).

Nos. 14-30516 & 14-30552

the district court to permit Davis to represent himself at sentencing. *United States v. Davis,* No. 01-30656, 2001 WL 34712238 (5th Cir. July 17, 2001) ("*Davis I*"). Subsequently, on remand, the district court issued an order appointing independent counsel, stating that counsel was to represent the interest of the public with respect to affording Davis a full and fair sentencing phase. Davis again petitioned for a writ of mandamus, and this court granted the petition, holding that the appointment of independent counsel to present evidence that Davis declined to present violated Davis's Sixth Amendment Right to self-representation. *United States v. Davis,* 285 F.3d 378, 384–85 (5th Cir. 2002) ("*Davis II*").[3]

In July of 2005, the re-sentencing proceedings were held before a jury. Ultimately, the jury returned a verdict recommending a death sentence. The district court sentenced Davis to death, and he appealed. This court affirmed his convictions and sentence of death. *United States v. Davis,* 609 F.3d 663, 699 (5th Cir. 2010), *cert. denied,* 562 U.S. 1290 (2011).

Thereafter, Davis informed the district court that he wished to proceed *pro se* during his habeas proceedings. The district court held another *Faretta* hearing and found that he understood the consequences of proceeding without counsel and that he waived his right to counsel voluntarily. The court also appointed Dr. Mancuso, a psychiatrist, to examine Davis. After examination, Davis was found competent to make the decision to represent himself. The court then appointed standby counsel, explaining that Davis would be in charge of representing himself.

---

[3] On remand, the district court held that the indictment's failure to include the required intent element and aggravating factor for substantial planning and premeditation prohibited a death sentence. On appeal, this court held that the error was harmless and remanded the cause. *United States v. Davis,* 380 F.3d 821, 830 (5th Cir. 2004).

3

Nos. 14-30516 & 14-30552

However, on March 20, 2012, without Davis's permission, standby counsel filed several motions on his behalf, including a § 2255 motion that raised 29 issues. Nineteen of the issues challenged his underlying convictions, and Davis agreed to raise those issues. The remaining issues challenged his death sentence and his competency, and Davis refused to agree to raise those issues. Standby counsel then filed a Motion to Vacate Grant of *Faretta* Relief, seeking to preclude Davis from proceeding *pro se*. The district court then conducted a status conference in April 2012, with Davis participating by telephone. Davis again informed the court that he only wanted to raise challenges to his convictions. The district court requested Davis to submit a letter specifying which issues he would adopt, and Davis complied. Davis also filed a response in which he opposed counsel's motion to vacate his *Faretta* relief.

Because Davis did not want to raise any issues regarding his mental health or his death sentence, the court ordered another psychiatrist, Dr. Nasbaum, to evaluate Davis. After the examination, Dr. Nasbaum likewise concluded that Davis was competent and found no evidence of psychosis. The court adopted Dr. Nasbaum's opinion finding Davis competent. Davis filed another opposition to standby counsel's motion, and stated that if his right to self-representation was violated, he would waive any § 2255 review.

On April 9, 2013, the district court vacated its previous order and ruled that Davis had no Sixth Amendment right of self-representation under *Faretta*, and that he had waived any right of self-representation under 28 U.S.C. § 1654 by failing to expressly assert that statutory right.[4]    Nonetheless, the court allowed Davis to represent himself with respect to the 19 issues he agreed to

---

[4] Section 1654 provides as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Nos. 14-30516 & 14-30552

raise in his petition. With respect to the remaining 10 competency and sentencing issues, standby counsel would represent Davis. After speaking with Davis on the phone, standby counsel then filed a motion to strike from the petition the claims Davis did not agree to raise. The government moved for partial reconsideration of the order granting the motion to vacate the grant of *Faretta* relief. Ultimately, the district court denied both the government's motion to reconsider and standby counsel's motion to strike certain claims, ruling that Davis had no right to represent himself. However, Davis was allowed to represent himself as to the claims he agreed to raise. Davis then filed a notice of interlocutory appeal and a petition for writ of mandamus. He also moved for appointment of new counsel on appeal. The court denied the motion to appoint counsel and granted Davis leave to proceed *in forma pauperis* on appeal. The interlocutory appeal and petition for writ of mandamus are now before this court.

II.    ANALYSIS

A.    Jurisdiction

As a threshold matter, this court must examine the basis of its jurisdiction. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). As set forth above, Davis filed a notice of interlocutory appeal from the district court's order, in which it vacated in part a previous order that had granted him leave to proceed *pro se.*[5] The government contends that we have jurisdiction over this appeal pursuant to the collateral order doctrine. Under that doctrine, a party may "appeal a collateral order if the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from

---

[5] In § 2255 proceedings, a petitioner cannot take an appeal from a final order unless a circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). However, because this appeal is not from a final order, no COA is required.

Nos. 14-30516 & 14-30552

a final judgment." *In re Bradford,* 660 F.3d 226, 228 (5th Cir. 2011) (citation and internal quotation marks omitted). We agree that Davis's claim of the denial of the right to proceed *pro se* satisfies all three of the prongs of this test. *See Prewitt v. City of Greenville, Miss.,* 161 F.3d 296, 298 (5th Cir. 1998) (holding that a denial of the right to proceed *pro se* falls within the collateral order doctrine).

Davis has also petitioned this court for a writ of mandamus. Because we have jurisdiction over this appeal pursuant to the collateral order doctrine, we dismiss as moot Davis's petition for mandamus.

B.  Statutory Right to Proceed *Pro Se*

Davis argues that the district court denied him the right to represent himself in violation of 28 U.S.C. § 1654. Section 1654 provides as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Citing § 1654, this court has noted that a "habeas petitioner does have a statutory right to self representation." *Scott v. Wainwright,* 617 F.2d 99, 102 n.3 (5th Cir. 1980) (28 U.S.C. § 2254 habeas case); *see also Anderson v. United States,* 948 F.2d 704, 705 n.3 (11th Cir. 1991) (recognizing that although a § 2255 petitioner has a statutory right to represent himself, because there were allegations that he was incompetent, counsel was appointed to represent him) (citing 28 U.S.C. § 1654).

The district court ruled that Davis had forfeited any *statutory* right to represent himself because his pleadings only referred to his constitutional right under *Faretta.* Davis argues that the district court erred in finding that he waived his statutory claim. The government agrees.

On March 7, 2011, Davis first asserted his right to represent himself during post-conviction proceedings. At that time, Davis filed a document in

6

Nos. 14-30516 & 14-30552

the district court entitled "Notification to Court Not to Appoint Nor Assign any Lawyers to Represent Defendant on PostConviction." In that notice Davis did not specifically reference either a statutory or constitutional right to proceed *pro se*.

Subsequently, standby counsel filed a "Motion to Vacate Grant of *Faretta* Relief," seeking to preclude Davis from proceeding *pro se*. The district court ordered Davis to file any opposition to standby counsel's Motion to Vacate *Faretta* Relief by March 14, 2013. On February 29, 2013, Davis filed a response opposing standby counsel's motion. In that response, he did cite to his Sixth Amendment Right to self-representation. In addition, however, Davis relied upon this court's two prior opinions issuing the writ of mandamus, *Davis I* and *Davis II*. In the first opinion, this court cited and discussed Davis's statutory right to self-representation under § 1654. *Davis,* 2001 WL 34712238, at *1. Although that opinion involved waiver of counsel at trial, Davis was relying on that authority in his request to proceed *pro se* during his § 2255 proceedings. Thus, he was relying on his statutory right to represent himself. Further, it is well settled law that federal courts liberally construe briefs filed by *pro se* litigants to "avoid waiver." *United States v. Gonzalez*, 592 F.3d 675, 680 n.3 (5th Cir. 2009); *accord Haines v. Kerner,* 404 U.S. 519, 520 (1972) (explaining that the court holds a *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers"). Under these circumstances, we are persuaded that Davis sufficiently raised his statutory right to proceed *pro se*.

In addition to finding the claim waived, the district court also noted that the right to self-representation under the statute is limited by the phrase "by

7

Nos. 14-30516 & 14-30552

the rules of such courts." That is correct.[6]  Here, however, the district court did not identify a rule of the court that would prevent Davis from representing himself.  Further, the district court has repeatedly had Davis examined for competency by psychiatrists and, based on their evaluations, has found him competent to waive his right to counsel each time.[7]  Indeed, the district court is currently allowing Davis to proceed *pro se* with respect to all 19 of the claims that Davis agreed to raise in this § 2255 proceeding.  This indicates that the court does not have an issue with Davis's ability to proceed *pro se*.  In light of the court's determination that Davis is competent and that his waiver of counsel was voluntarily and intelligently made, the district court erred in ordering standby counsel to litigate issues he did not agree to raise.  Accordingly, the district court erred in not allowing Davis to exercise his statutory right to represent himself in the instant proceedings.

## C. Constitutional Right to Proceed *Pro Se*

Davis also argues that the district court violated his Sixth Amendment right to proceed *pro se*.  Because we have determined that his statutory right to represent himself was violated, we do not need to address whether he had a constitutional right to represent himself.  *See Ysleta del Sur Pueblo v. State of Tex.,* 36 F.3d 1325, 1332 (5th Cir. 1994) (explaining that this court "should not reach constitutional issues when a case can be resolved on other grounds").

## D.  *In Forma Pauperis*

Davis has filed a motion to proceed *in forma pauperis* (IFP) with this court.  To obtain leave to proceed IFP, a petitioner must demonstrate financial

---

[6]   As previously set forth, § 1654 provides as follows:  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, *by the rules of such courts*, respectively, are permitted to manage and conduct causes therein." (emphasis added).

[7]   According to the government, Davis has been found competent to waive his right to counsel four times since his conviction.

eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(1). Here, however, the district court had already granted Davis's motion to proceed IFP on June 17. Rule 24(a)(3) provides that if a district court grants a motion to proceed IFP, that party may proceed IFP on appeal without further authorization.[8] *See also Tanks v. Perez,* 27 F. App'x 325, 327 (6th Cir. 2001) (denying the motion for leave to proceed IFP as unnecessary because the petitioner had previously been granted IFP status by the district court). Thus, we deny as unnecessary the motion for leave to proceed IFP.

### E. Motion for Appointment of Counsel

Davis has filed a motion with this court for appointment of counsel on appeal. The district court denied his motion for appointment of appellate counsel, stating that the "record reflects that thirteen attorneys have represented the defendant to date and that two of them continue to serve as counsel. The defendant's insistence that he is capable of representing himself should extend to his proceeding *pro se* in pursuit of the immediate appellate review he now seeks." The court also noted that the "budget for defense counsel on collateral review in a capital case has been exhausted in this matter." In his motion before this court, Davis asserts that his current stand-by attorneys have an obvious conflict and thus could not represent him on this appeal. Davis points out that these attorneys filed the motion to vacate the order granting him leave to proceed *pro se*, and he is now challenging the district court's grant of that motion.

Generally speaking, there is no constitutional entitlement to appointed counsel in post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S.

---

[8] There are some exceptions when further authorization is needed—such as when a district court finds that the appeal is not taken in good faith—but those are not relevant in the instant case.

Nos. 14-30516 & 14-30552

551, 555 (1987). Nonetheless, under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel for a § 2255 petitioner who is financially eligible if the court determines that "the interests of justice so require." The decision whether to appoint counsel is within the discretion of the district court. *United States v. Garcia,* 689 F.3d 362, 363 (5th Cir. 2012) (citing *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995)).

Here, Davis appears to have a general understanding of his case and has filed appropriate briefing on appeal. We believe that supplemental briefing by appointed counsel would not further aid the court and would be an inefficient use of resources. Thus, we conclude that the court did not abuse its discretion in denying the motion to appoint appellate counsel. *See Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir. 1985).

F. Reassignment of Case to another District Judge

In its brief, the government suggests that this court should reassign the case to another district judge on remand. Although this court has the power to reassign a case to another judge, it is an "extraordinary power that is rarely invoked." *In re DaimlerChrysler Corp.,* 294 F.3d 697, 700 (5th Cir. 2002) (citations and internal quotation marks omitted).

To determine whether to invoke this power, this court employs two different tests. *Id.* We first consider whether the "facts might reasonably cause an objective observer to question [the judge's] impartiality." *Id.* at 701 (citation and internal quotation marks omitted). Second, we look to the following factors:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication

Nos. 14-30516 & 14-30552

out of proportion to any gain in preserving the appearance of fairness.

*Id.* at 700–01 (citation omitted).

The government asserts that the district court's rulings with respect to Davis's right to proceed *pro se* would reasonably cause an objective observer to question the neutrality of the district court or even conclude the court has taken on the role of an advocate in Davis's case. We are not persuaded that the court's actions would cause an objective observer to question the neutrality of the court. We note that the court allowed Davis to proceed *pro se* on the issues he raised. We interpret the court's rulings as attempting to ensure that his habeas proceedings are conducted properly. Moreover, "judicial rulings alone almost never constitute a valid basis for finding bias or impartiality." *Test Masters Educ. Serv., Inc. v. Robin Singh Educ. Serv., Inc.,* 799 F.3d 437, 455 (5th Cir. 2015) (internal quotation marks and citations omitted).

As for the second test, we are confident that the district court will follow the mandate in this opinion and allow Davis to represent himself. Further, we are not persuaded that reassignment is needed to preserve the appearance of justice.[9] Finally, we note that Davis has not joined the government in its request to reassign his case to another judge. Accordingly, we decline to reassign this case to a different district judge.

III.  CONCLUSION

For the above reasons, the district court's judgment is VACATED and REMANDED for proceedings consistent with this opinion. We DISMISS as MOOT the petition for writ of mandamus. We DENY as unnecessary the

---

[9] Because we conclude that reassignment is not needed to preserve the appearance of justice, we need not address whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

11

Nos. 14-30516 & 14-30552

motion for leave to proceed IFP.  We DENY the motion to appoint appellate counsel.



**Certified as a true copy and issued
as the mandate on Oct 28, 2015**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

12

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

October 28, 2015

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

        No. 14-30552    In re: Len Davis
                        USDC No. 2:12-CV-752
                        USDC No. 2:94-CR-381-1

Dear Mr. Blevins,

Enclosed is a certified copy of an opinion-order entered on October 28, 2015.  We have closed the case in this court.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Jamei R. Schaeffer, Deputy Clerk

Enclosure(s)

cc:
    Mr. Kevin G. Boitmann
    Ms. Diane Hollenshead Copes
    Mr. Len Davis
    Mr. Michael Edward McMahon