# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

December 30, 2015

Ms. Sarah Lynn Ottinger
P.O. Box 19741
New Orleans, LA 70179

    No. 15-31120   In re: Len Davis
                 USDC No. 2:94-CR-381-1

Dear Ms. Ottinger,

We have docketed the petition for writ of mandamus, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See FED R. APP. P. and 5TH CIR. R. 27 for guidance. Documents not authorized by these rules will not be acknowledged or acted upon.

**Attention Attorneys:** Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at www.ca5.uscourts.gov/attorneys/attorney-forms/eroa_downloads. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see FED R. APP. P. 12(b) and 5TH CIR. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

**Attention Attorneys:** Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Dantrell L. Johnson, Deputy Clerk
504-310-7689

cc:  Mr. William W. Blevins
     Mr. Michael Edward McMahon
     Mr. Mark A. Miller

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————————————————

## No.
## CAPITAL CASE

———————————————————————————

## In Re LEN DAVIS,

### Petitioner

———————————————————————————————————

## PETITION FOR WRIT OF MANDAMUS
## TO THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA,
## JUDGE HELEN G. BERRIGAN, RECUSED
## JUDGE IVAN L.R. LEMELLE
## CASE NO. 2:94-cr-00381

———————————————————————————————————

## PETITION FOR WRIT OF MANDAMUS
———————————————————————————————————

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336

Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 529-5955

Standby Counsel for Len Davis

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**No.**
**CAPITAL CASE**

_____

**In Re LEN DAVIS,**

**Petitioner**

_____

### CERTIFICATE OF INTERESTED PERSONS
_____

The undersigned standby counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| **District Court Judge** | Honorable Ivan L.R. Lemelle (reallotted judge) |
| | Honorable Helen G. Berrigan (original judge) |
| **Petitioner** | Len Davis |
| **Codefendant** | Paul Hardy |
| **Victim** | Kim Groves |
| **Present and Past Counsel for Petitioner, Len Davis** | Rebecca Hudsmith (habeas) |
| | Sarah Ottinger (habeas) |

i

Marcia A. Widder (resentencing appeal)

Barry J. Fisher (resentencing appeal)

Julian R. Murray (resentencing trial and appeal)

Carol A. Kolinchak (resentencing trial)

Laurie White (resentencing trial)

Archie B. Creech (original appeal)

Patrick J. Fanning (original appeal)

Dwight Doskey (original trial)

Milton P. Massinter (original trial)

Curklin Atkins (original trial)

John T. Mulvehill (original trial)

**Present and Past Counsel For Codefendant Paul Hardy**

D. Craig Hughes (habeas)

Elizabeth Bagert Carpenter (habeas)

Herbert Victor Larson, Jr. (first appeal, resentencing, second appeal)

Marilyn Michele Fournet (resentencing, second appeal)

Denise M. Leboeuf (resentencing)

Daniel J. Markey, Jr. (trial)

Patrick McGinity (trial)

Bruce Harris (trial)

ii

**Present and Past Counsel for Respondent, United States of America (unless otherwise noted, listed attorneys are/were employed as Assistant U.S. Attorneys for the Eastern District of Louisiana)**

Kenneth Allen Polite, Jr., United States Attorney for the Eastern District of Louisiana (habeas)

James Letten, United States Attorney for the Eastern District of Louisiana (habeas, resentencing appeal, resentencing trial)

Eddie Jordan, Jr., United States Attorney for the Eastern District of Louisiana (resentencing trial, original appeal, original trial)

Michael E. McMahon (habeas, resentencing trial, original appeal, original trial)

Gregory B. Friel, U.S. Department of Justice (resentencing appeal)

April J. Anderson, U.S. Department of Justice (resentencing appeal)

Peter McCloskey, U.S. Department of Justice (resentencing appeal)

Stephen A. Higginson (resentencing appeal)

Mark Miller (resentencing trial)

Sharon Smith (resentencing trial)

Bill Lan Lee, U.S. Department of Justice (original appeal)

Constantine George (original trial)

Jan Maselli Mann (original trial)

Suzanne Drouet, U.S. Department of Justice (original trial)

Peter McCloskey, U.S. Department of Justice

iii

(original trial)

Nelson Thayer, U.S. Department of Justice
(original trial)




s/ Sarah L. Ottinger
Sarah L. Ottinger

Standby Attorney of Record for Len Davis

iv

## PETITION FOR WRIT OF MANDAMUS

## RELIEF SOUGHT

Petitioner Len Davis respectfully requests that this Court issue a Writ of Mandamus reversing the district court's recusal and re-allotment of his case, consistent with this Court's recent opinion.[1]

## ISSUES PRESENTED

1.    Whether the district court circumvented the law-of-the-case doctrine by recusing itself on the grounds that its "impartiality might reasonably be questioned,"[2] when this Court addressed the issue less than two months earlier and found "we are not persuaded that the court's actions would cause an objective observer to question the neutrality of the court."[3]

2.    Whether the district court's "impartiality might reasonably be questioned" based on the record in this case.

---

[1] Mr. Davis has advised the district court that standby counsel have his permission to represent him on all claims he wishes to pursue in habeas litigation—his designated claims all pertaining to the guilt phase of trial:

> [S]tandby counsel Sarah Ottinger and Rebecca Hudsmith have permission of pro se Defendant (lead counsel) to fully represent Defendant on all "designated claims." This includes any motions filed; hearings; etc. etc.

*Motion of Defendant Pertaining to Competency Exam; Counsel for Competency Exam; and Standby Counsel's Authority to Represent Defendant on "Designated Claims,"* District Court Doc. 2293 at 3. Nevertheless, undersigned counsel have discussed the filing of this Petition for Writ of Mandamus with Mr. Davis and he concurs in its filing as well as in raising the issues raised.

[2] 28 U.S.C. § 455(a).

[3] *United States v. Davis*; 2015 U.S. App. LEXIS 18993, *15 (5th Cir. 2015).

1

3.     Even if the district court's "impartiality might reasonably be questioned," whether Mr. Davis has already waived the grounds for disqualification, or can do so now "after full disclosure on the record of the basis of disqualification."[4]

## STATEMENT OF FACTS

On March 20, 2012, undersigned standby counsel filed a *Motion Under 28 U.S.C. § 2255 for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial*. District Court Doc. 2265.  The district court subsequently held a status hearing with the government, undersigned counsel, and Mr. Davis.  At the hearing, Mr. Davis stated that he intended standby counsel to pursue all "conviction-related" claims in the § 2255 Motion, but not those related to sentencing or competency.  District Court Doc. 2281, at 5.  In response, the district court asked that Mr. Davis file a written list of the claims that he wished to pursue and those that he would waive.  *Id*. at 16.  On April 23, 2012, Mr. Davis filed a letter listing the nineteen claims he intended to pursue in his § 2255 proceedings (designated claims).  District Court Doc. 2273.  The letter stated that he wished to drop the ten remaining claims, and additionally all sentencing and/or competency aspects of the nineteen chosen claims (non-designated claims).  *Id.* at 1.

---

[4] 28 U.S.C. § 455(e).

2

Subsequently, the district court entered an order allowing Mr. Davis to proceed *pro se* with standby counsel on the 19 designated claims pertaining to guilt, and denying *pro se* representation on the non-designated claims pertaining to sentencing and competency.[5] The court appointed undersigned counsel to represent Mr. Davis on the non-designated claims. District Court Doc. 2321.

Mr. Davis, *pro se*, sought a writ of mandamus and appeal. This Court consolidated the two cases and treated them as an appeal. *United States v. Davis*; 2015 U.S. App. LEXIS 18993 (5th Cir. 2015).

The government filed a brief supporting Mr. Davis' position that he should be allowed to proceed *pro se* on his non-designated claims. *See Government's Memorandum Brief*, *United States v. Davis*, Case No. 14-30516, Consolidated with 14-30552, at 20-33 (hereinafter *Memorandum Brief*).   Because Mr. Davis was seeking his third mandamus over the life of his case pertaining to his right to self-represent, the government went on request that this Court reassign Mr. Davis' case to a different judge "to preserve the appearance that justice is done." *Id*. at 33.[6]

This Court found that in the absence of any concerns as to competency, Mr. Davis has a statutory right to represent himself, which he did not waive, and so

---

[5] Claims Mr. Davis wishes to pursue will be referred to herein as "designated claims." Those he does not wish to pursue will be referred to as "non-designated claims."

[6] *See In re DaimlerChrysler Corp.*, 294 F.3d 697, 700 (5th Cir. 2002) (reassignment is an "extraordinary power that is rarely invoked").

"the district court erred in ordering standby counsel to litigate issues he did not agree to raise." *Davis*, at *11.[7] It went on to soundly reject the government's argument regarding reassignment of Mr. Davis' case to a different district court judge:

> The government asserts that the district court's rulings with respect to Davis's right to proceed *pro se* would reasonably cause an objective observer to question the neutrality of the district court or even conclude the court has taken on the role of an advocate in Davis's case. We are not persuaded that the court's actions would cause an objective observer to question the neutrality of the court. We note that the court allowed Davis to proceed *pro se* on the issues he raised. We interpret the court's rulings as attempting to ensure that his habeas proceedings are conducted properly. Moreover, "judicial rulings alone almost never constitute a valid basis for finding bias or impartiality." *Test Masters Educ. Serv., Inc. v. Robin Singh Educ. Serv., Inc.*, 799 F.3d 437, 455 (5th Cir. 2015) (internal quotation marks and citations omitted).

*Id*. at *15. The Court added, "we note that Davis has not joined the government in its request to reassign the case to a different district judge." *Id*.

Following this Court's opinion, the district court recused itself from Petitioner's case—as well as from codefendant Paul Hardy's habeas proceedings—and ordered the case re-alloted on December 14, 2015. *See* Exhibit A. The court simply stated that it recused itself pursuant to 28 U.S.C.

---

[7] In his *pro se* capacity, Mr. Davis will be withdrawing all non-designated claims.

§ 455(a), which provides for disqualification in any proceeding in which a judge's "impartiality might reasonably be questioned." *Id*.

This Petition for Writ of Mandamus ensues.

## ARGUMENT

Recusal is reviewable by a petition for a writ of mandamus where "exceptional circumstances" are presented and the petitioner proves "a clear and indisputable right" to the writ. *In re Cameron Int'l Corp.*, 393 Fed. Appx. 133, 134-135 (5th Cir. 2010) (citing *In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984); *In re Placid Oil Co.*, 802 F.2d 783, 786 (5th Cir. 1986)). The district court's recusal from Petitioner's case, shortly after this Court applied the same standard to decline reassignment of Petitioner's case, is exceptional; counsel has not found a case presenting similar circumstances. Likewise, Petitioner has a clear and indisputable right to the writ. This Court has already decided reassignment is not warranted. Judicial decisions—the only ground raised by the government for reassignment—in and of themselves do not generally warrant recusal. And even if the district court's impartiality can reasonably be questioned, Mr. Davis can waive any issue of bias, since the only allegation of bias arises from the prejudice he suffered from district court rulings.

## I. THE DISTRICT COURT'S RECUSAL UNDER 28 U.S.C. § 455(a) VIOLATES THE LAW-OF-THE-CASE DOCTRINE.

The law-of-the-case doctrine precludes reconsideration of an issue that has already been resolved by another court or judge. With respect to appellate decisions, "an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir.) (citation omitted), *cert. denied*, 285 F.3d 888, 537 U.S. 883 (2002)). While exceptions to the doctrine exist, none are applicable to the circumstances of Petitioner's case.[8]

In the recent interlocutory appeal, the government argued that Mr. Davis' case should be reassigned due to the district court's rulings regarding *pro se* representation. *Memorandum Brief* at 33-36. This Court fully addressed the argument in its opinion, specifically finding that the district court's rulings regarding self-representation would not "cause an objective observer to question the neutrality of the court." 2015 U.S. App. LEXIS 18993, *15.

The district court's order recusing itself is completely at odds with this Court's findings of fact and law on appeal. The district court found that its

---

[8] "The doctrine has three exceptions: (1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision in clearly erroneous and would work a manifest injustice." *Matthews*, 312 F.3d at 657 (citing *United States v. Becerra*, 155 F.3d 740, 752-53 (5th Cir. 1998)).

"impartiality might reasonably be questioned," pursuant to 28 U.S.C. § 455(a), and recused itself. This Court's finding that an objective observer would not question the court's neutrality leads to the inevitable conclusion that the district court's impartiality cannot reasonably be questioned. A Writ of Mandamus should issue rescinding recusal on the grounds that the district court departed from the law of the case established by this Court.

## II. THE RECORD IN THIS CASE DOES NOT SUPPORT A FINDING THAT THE DISTRICT COURT'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED.

As this Court recognized in the recent interlocutory appeal, "judicial rulings alone almost never constitute a valid basis for finding bias or impartiality." 2015 U.S. App. LEXIS 18993, *15. Indeed, 28 U.S.C. § 455(a)'s standard of reasonably questioned impartiality speaks to a bias or prejudice—partiality—acquired from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554 (1994).

> A judge's ruling on a matter before her, in and of itself,
>
> cannot possibly show reliance upon an extrajudicial source; and can only in the rarest of circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Id*. at 555.  In order for adverse legal rulings to constitute grounds for recusal, they must "display[] deep-seated and unequivocal antagonism."  *Id*. at 556.

In its *Memorandum Brief*—the only source of the existence of a reason for recusal, since none has been raised in the course of over 20 years of litigation in

7

this case—the government never asserted that the district court's rulings on self-representation are due to reliance on an extrajudicial source.  Nor did the rulings display the "deep-seated and unequivocal antagonism" toward Petitioner required for recusal.  Beyond the fact of an adverse ruling, the orders did not reflect antagonism at all.  Furthermore, the Court has not been unequivocal in finding no right to self-represent. Following this Court's 2001 and 2002 mandamus decisions, the district court presided over the capital resentencing trial with Petitioner proceeding *pro se*.  When Petitioner initially requested that he be allowed to proceed *pro se* in § 2255 proceedings, the district court granted his request twice. *See* Docs. 2197, 2231.  There is no evidence that the district court's legal rulings reflect deep-seated or unequivocal antagonism.

Fifth Circuit law is in accord.  The standard for assessing the appearance of partiality is one of reasonableness—and not whether "the hypersensitive, cynical, and suspicious person…would harbor doubts concerning the judge's impartiality." *Raborn v. Inpatient Mgmt. Partners Inc.*, 352 Fed. Appx. 881, 883 (5th Cir. 2009) (citing *Sensely v. Albritton*, 335 F.3d 591, 599 (5th Cir. 2004); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). Recusal due to legal rulings must be based on "personal, rather than judicial, bias." *United States v. Williams*, 463 Fed. Appx. 282, 284 (5th Cir. 2012) (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)).  Even where a district court disregards a decision of this Court on a

mandamus and enters the same erroneous ruling, recusal is not warranted. *Johnson v. Maestri Murrell Prop. Mgmt.*, 555 Fed. Appx. 309, 314 (5th Cir. 2014).

Furthermore, the district court's rulings denying or restricting self-representation all occurred in the context of self-representation on sentencing claims. The district court has ordered that Mr. Davis be allowed to proceed *pro se* on the designated habeas claims pertaining to guilt. Mr. Davis has indicated repeatedly that he intends to withdraw the non-designated habeas claims pertaining to sentencing, which will render any concern about bias attributable to the district court's past rulings moot.

The district court's decisions regarding self-representation cannot reasonably be understood as arising from personal, rather than judicial, bias. The repetitive nature of the *pro se* litigation is attributable to the novelty of Petitioner's requests, not the district court's bias. Any doubts to the contrary are unreasonable. This Court should issue a Writ of Mandamus rescinding recusal.

## III. EVEN IF IMPARTIALITY CAN REASONABLY BE QUESTIONED, MR. DAVIS HAS ALREADY WAIVED THE GROUNDS FOR DISQUALIFICATION—A WAIVER CONSISTENT WITH PRESERVING SCARCE JUDICIAL RESOURCES.

28 U.S.C § 455(e) provides that where recusal is premised on Section 455(a), the grounds for disqualification can be waived "after full disclosure on the record of the basis of disqualification." *Id*. Courts have relied on Section 455(e)'s

9

waiver provision to conclude that a guilty plea implicitly waives the appeal of the denial of a motion to recuse based upon Section 455(a). *United States v. Hoctel*, 154 F.3d 506, 508 (5th Cir. 1998) (Section 455 statutory scheme "clearly contemplates the possibility of waiver in § 455(a)"); *accord United States v. Lopez*, 569 Fed. Appx. 238 (5th Cir. 2014) (unconditional guilty plea waived right to appeal denial of recusal under Section 455(a)); *United States v. Patti*, 337 F.3d 1317, 1322 (11th Cir. 2003) (in light of "Congress's express provision for waiver of recusal under [Section 455] subsection (a)," guilty plea eviscerates right to appeal recusal following guilty plea). In the same way, Mr. Davis waived concerns about impartiality in the recent interlocutory appeal of his case. To the extent he did not, he is willing to waive any Section 455(a) grounds for recusal now.

Only the government has asserted a factual basis for recusal under Section 455(a), and the facts it has raised are related to the district court's three rulings denying or limiting Mr. Davis' right to *pro se* representation. The government has argued that the district court's rulings "have repeatedly attempted to curtail Davis's control of his case" which "could cause a neutral observer to question the district court's ability to act as an impartial and neutral arbiter." *Government Memorandum* at 19-20. But as this Court recognized, even though the government claims the appearance of neutrality is compromised with respect to Mr. Davis' rights, "Davis has not joined the government in its request to reassign the case to a

10

different district judge." *Davis*, at *16. Indeed, Mr. Davis does not desire reassignment even if grounds for recusal under Section 455(a) are found to exist.

Mr. Davis' position is in line with the raison d'etre of Section 455(e): "the waiver provision in section 455(e) relating to section 455(a) is justified by concern for judicial economy." *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989). The district court's disqualification from Mr. Davis' case will result in lengthy delays and a significant waste of judicial resources in his case. A new district court judge will need to become familiar with the mammoth record in this case. The court record spans 21 years, from December 1994 through present. The district court docket alone for the case is 139 pages, with 2422 entries. The transcripts of the first trial proceedings—just the transcripts without any pleadings, discovery, or exhibits—consist of at least 4300 pages. Transcripts of the second trial proceedings consist of at least 6800 pages.[9] Legal issues involved are complex, and a new judge would need to become familiar with both appeals of verdicts, and other interlocutory appeals. Hundreds of hours will be expended in becoming familiar with Mr. Davis' case—and Mr. Hardy's. Reassignment to avoid an appearance of bias based on judicial decisions, which are in essence moot at this point in the litigation, simply makes no sense.

---

[9] Even though Mr. Davis intends to drop all claims pertaining to sentencing, in the second trial, the record of the second trial contains significant information pertaining to guilt claims: withheld exculpatory evidence, inconsistent statements of witnesses, inconsistent arguments by the government, and other pertinent information.

11

WHEREFORE, for the foregoing reasons, Mr. Davis respectfully requests that this Court issue a Writ of Mandamus reversing the district court's reassignment of his case.

Respectfully submitted,

s/ Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 258-6537
sottinger1010@gmail.com

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

Standby Counsel for Len Davis

## CERTIFICATE OF COMPLIANCE WITH Rule 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This petition complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 2995 words excluding parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.      This petition complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman for text and 12-point Times New Roman for footnotes.


s/ Sarah L. Ottinger
Standby Counsel for Len Davis

Dated: December 28, 2015

13

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF System and has been sent via U.S. mail, postage prepaid, to: Honorable Helen G. Berrigan, 500 Poydras Street, Room C556, New Orleans, LA 70130; Honorable Ivan L.R. Lemelle, 500 Poydras Street, Room C525, New Orleans, LA 70130; Michael E. McMahon, Assistant U.S. Attorney, 650 Poydras Street, Suite 1600, New Orleans, LA 70139, on this the 28th day of December, 2015.

s/ Sarah L. Ottinger

14

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

### No.
### CAPITAL CASE

_____

### In Re LEN DAVIS,

### Petitioner

_____

### PETITION FOR WRIT OF MANDAMUS
### TO THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA,
### JUDGE HELEN G. BERRIGAN, PRESIDING
### CASE NO. 2:94-cr-00381

_____

### PETITION FOR WRIT OF MANDAMUS

_____

# EXHIBIT A

ORDER RE-ALLOTTING CASE
*United States v. Len Davis and Paul Hardy*
Nos. 94-381, C.A. 12-752, C.A. 14-2305
United States District Court
Eastern District of Louisiana
December 14, 2015

Case: 15-31120     Document: 00513325555     Page: 21     Date Filed: 12/30/2015

Case 2:94-cr-00381-HLRL-MBN  Document 2425  Filed 01/11/16   Page 23 of 23
Case 2:94-cr-00381-ILRL-MBN  Document 2422  Filed 12/14/15   Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LEN DAVIS
PAUL HARDY

CRIMINAL

NO.  94-381 and
C.A. 12-752 & 14-2305

SECTION: "C"

### ORDER RE-ALLOTTING CASE

Pursuant to 28 U.S.C. Section 455(a), I hereby recuse myself from acting on this case; therefore,

**IT IS ORDERED** that the Clerk of Court re-allot this matter to a section of this Court other than Section "C".

New Orleans, Louisiana, this 14th day of December, 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

12/14/15
REALLOTTED TO
**SECT. B MAG 5**