**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | **SECTION "B"** |
| | * | |
| **LEN DAVIS** | * | **THIS IS A CAPITAL CASE** |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SUSPEND FILING OF WITNESS AND EXHIBIT LISTS**

Len Davis, through undersigned counsel, respectfully submits the following memorandum in support of his *Motion to Suspend Filing of Witness and Exhibit Lists*.

### Introduction

On December 14, 2015, the Honorable Helen G. Berrigan recused herself from presiding over collateral proceedings in this case. The case was reallotted to this Court. Doc. 2422. The case remained dormant until earlier this month, when this Court scheduled a conference on August 4, 2017, and ordered counsel to provide witness and exhibit lists for an evidentiary hearing, in the event one is ordered. Doc. 2430.

At the time of her self-recusal, Judge Berrigan had presided over proceedings in Mr. Davis' case for 21 years. She presided over Mr. Davis' first trial in 1996, Docs. 1-628, the retrial of the penalty phase in 2005, Docs. 721-1542, and collateral proceedings from March 2, 2011 to December 14, 2015. Docs. 2190-2430.

At the time of Judge Berrigan's self-recusal, the Fifth Circuit Court of Appeals had recently issued a decision on Mr. Davis' *pro se* appeal of her ruling that he could not represent himself on sentencing claims in collateral proceedings. During the pendency of the appeal,

numerous issues had been put on hold pending the Fifth Circuit's decision. Those issues have yet to be resolved.

Given all the outstanding unresolved issues, Mr. Davis is not in a position at this time to file an informed list of witnesses and exhibits. Resolution of the pending issues will greatly inform the list, saving time and resources.

## Procedural History

On April 24, 1996, a federal jury found Mr. Davis guilty of conspiracy against rights under 18 U.S.C. § 241, deprivation of rights under color of law under 18 U.S.C. § 242, and tampering with a witness, under 18 U.S.C. § 1512.  On April 26, 1996, the jury recommended a sentence of death.  When Mr. Davis appealed his convictions and sentence of death, the Fifth Circuit Court of Appeals reversed his conviction under 18 U.S.C. § 1512 because the Government produced "no evidence" at trial that supported a jury finding that Ms. Groves' murder was to prevent her from reporting a federal crime, or to impede a federal investigation of the complaint she lodged with the New Orleans Police Department against Mr. Davis.  *United States v. Causey*, 185 F.3d 407, 422-23 (5th Cir. 1999).  As a result of the Government's failure to present evidence supporting the conviction under 18 U.S.C. § 1512, the Fifth Circuit vacated Mr. Davis' sentence of death and remanded his case to this Court for a new sentencing trial.  *Id*. at 423.

Mr. Davis was sentenced to death by a second jury at a second trial on August 5, 2005. After the Fifth Circuit affirmed the sentence of death, the United States Supreme Court denied certiorari on March 21, 2011.  *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010), *cert denied sub nom Davis v. United States*, 131 S.Ct. 1676 (2011).

Undersigned counsel filed Mr. Davis' *Motion Under 28 U.S.C. § 2255 for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial* (hereinafter "§ 2255 Motion") on March 20, 2012. Doc. 2265.[1] On April 23, 2012, Mr. Davis filed a list of 19 claims contained in the § 2255 Motion which he adopted, all pertaining to the culpability phase of trial. Doc. 2273. The District Court subsequently held a status hearing with the government, undersigned counsel, and Mr. Davis. At the hearing, Mr. Davis stated that he intended standby counsel to pursue all "conviction-related" claims in the § 2255 Motion, but not those related to sentencing or competency. Doc. 2281 at 5. In response, the District Court asked that Mr. Davis file a written list of the claims that he wished to pursue and those that he would waive. *Id*. at 16.

On April 23, 2012, Mr. Davis filed a letter listing the nineteen claims he intended to pursue in his § 2255 proceedings. Doc. 2273. The letter stated that he wished to drop the ten remaining claims, and additionally all sentencing and/or competency aspects of the nineteen chosen claims. *Id.* at 1.

Subsequently, the District Court entered an order allowing Mr. Davis to proceed *pro se* with standby counsel on the 19 claims pertaining to guilt, and denying *pro se* representation on the claims pertaining to sentencing and competency. The court appointed undersigned counsel to represent Mr. Davis on the sentencing claims. Doc. 2321. Mr. Davis, *pro se*, appealed the order. The Fifth Circuit Court of Appeals reversed the District Court, finding that Mr. Davis has a statutory right to represent himself, which he did not waive, and so "the district court erred in ordering standby counsel to litigate issues he did not agree to raise." *United States v. Davis*; 629 Fed. Appx. 613, 618 (5th Cir. 2015). The Fifth Circuit remanded Mr. Davis' case for further

---

[1] Subsequently, the District Court ordered Mr. Davis to file a supplement to the § 2255 Motion with citations to the record of the first trial—which were unavailable to counsel at the time of the initial filing. Doc. 2336. Mr. Davis refiled the § 2255 Motion with corrected citations on September 23, 2013. Doc. 2340.

proceedings consistent with its opinion. *Id*. at 620. It was at this point that Judge Berrigan recused herself and Mr. Davis' case was reallotted to this court.

Between the time the § 2255 Motion was filed and reallottment of Mr. Davis' case to this Court, multiple issues were addressed or partially addressed:

- Dismissal and Sanctions, Docs. 2277-80, 2282, 2321;

- Competency, Docs 2283-2312, 2318;

- Self-representation, Docs 2266, 2311, 2312, 2318-2333;

- Striking Sentencing Claims, Docs. 2323, 2325-2326, 2352, 2361;

- Discovery, Docs. 2267, 2343-2346, 2348-2350, 2352;

- Juror Interviews, Docs. 2268, 2343-2345, 2347-2349, 2351-2352, 2354-56, 2362, 2372, 2375, 2392, 2359, 2367, 2370, 2421;

- Budgeting, Docs. 2366, 2381;

- Response to Guilt Claims, Docs. 2320, 2369;

- Fixing Reply Date, Docs. 2371, 2374, 2392;

- Delaying Proceedings Pending Appeal, Docs. 2379, 2382, 2385, 2388-2390;

- Government's Unethical Contact with Mr. Davis, Docs. 2387, 2395-98; and

- Recusal, Docs. 2404-2406, 2419-2420, 2422.

### Outstanding Issues

Respectfully, the order to provide witness and exhibit lists is premature and will result in a waste of judicial resources. With a little more time, counsel could conceivably generate such a list, but it will require an exhaustive review of an extensive file for every conceivable witness and exhibit pertaining to all 29 claims asserted in the § 2255 Motion. At this point, even in light

of the Fifth Circuit's decision allowing Mr. Davis to proceed *pro se* on sentencing claims, both culpability and sentencing claims are still pending before the Court. In addition:

- the government has yet to respond to sentencing claims and Mr. Davis has yet to reply to the government's response to culpability claims, let alone sentencing claims.

- the budget for defense representation approved by Judge Berrigan has been exhausted by extensive litigation that has proceeded prior to briefing on the § 2255 Motion being completed;

- discovery has come to a halt because the government has failed to respond to a court order;

- Mr. Davis has yet to file a Motion for Evidentiary Hearing; and

- Mr. McMahon's biased and potentially unethical behavior in the course of collateral proceedings must be addressed.

1.    Defense Budget Exhausted

At this point, the defense has exhausted the anticipated budget for representation. Defense must submit a new budget *ex parte* for this Court's and the Fifth Circuit Court of Appeals' approval. It will include the addition of an attorney who was working on Mr. Davis' case under Ms. Ottinger's supervision when she was Director of the Capital Appeals Project.[2]

2.    Briefing Incomplete

Mr. Davis filed his § 2255 Motion on March 20, 2012 (Docs. 2265, 2340) and an Amendment to the § 2255 Motion on September 23, 2013. Doc. 2341. The government responded to claims only involving culpability on August 15, 2014. Doc. 2369. Mr. Davis then

---

[2] Counsel Ottinger left her position as Director of the Capital Appeals Project on October 31, 2015 and is now in private practice.

filed a *Motion to Fix Date for Reply* on September 25, 2014. Doc. 2371. On November 12, 2014, the Court dismissed the motion without prejudice, to be refiled, after a ruling by the Fifth Circuit Court of Appeals on what was the then-pending appeal regarding *pro se* representation on sentencing claims. Doc. 2396. Mr. Davis will refile the motion once it is determined which claims he will proceed on.

3.      Discovery Incomplete

On May 12, 2014, the Court denied Mr. Davis' *Motion for Discovery*, Doc. 2267, **with an additional order that "counsel promptly confer with each other to ensure that previously-provided discovery is available to current counsel."** Doc. 2352. To no avail, undersigned counsel has made numerous attempts via email to confer with counsel for the government and schedule a time to review previously-provided discovery. Undersigned counsel has yet to receive a response from Mr. McMahon. Defense counsel cannot adequately represent Mr. Davis in these collateral proceedings until such time as they have reviewed previously-provided discovery.

4.      Motion for Evidentiary Hearing

Once briefing is complete and counsel has reviewed previously-provided discovery, Mr. Davis will file a Motion for Evidentiary hearing setting out the claims and issues that he contends can only be addressed by an evidentiary hearing. It would be premature to file the motion at this point, without reviewing previously-provided discovery.

5.      Motion to Recuse Mr. McMahon

Mr. Davis anticipates filing a Motion to Recuse Mr. McMahon due to what he contends is repeated unethical behavior and behavior that evidences that Mr. McMahon can no longer pursue justice in an unbiased manner.

6

Once the multiple outstanding issues are resolved, Mr. Davis will be in a far better position to file a realistic list of witnesses and exhibits, should this Court order an evidentiary hearing. Postponing the filing of the list will save innumerable hours combing through 22 years of litigation to generate an expansive list covering all claims in the § 2255 Motion.

Wherefore, for all the reasons set out in his motion and this memorandum, Mr. Davis respectfully requests that this Court suspend the filing of witness and exhibit lists until other preliminary matters are resolved.

Respectfully submitted,

/s Sarah L. Ottinger____
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 258-6537
sottinger1010@gmail.com

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 23rd day of June, 2017.

/s Sarah Ottinger_____
Sarah Ottinger