**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 94-381** |
| **v.** | * | **SECTION: "B"** |
| **LEN DAVIS** | * | |
| **PAUL HARDY** | | |
| | * * * | |

**GOVERNMENT'S COURT-ORDERED RESPONSE TO ORDER (DOC. 2430)**
**OPPOSING EVIDENTIARY HEARING**

The United States respectfully suggests that the Court reconsider, and reject, the idea that

Davis and Hardy are entitled to an evidentiary hearing on their respective habeas petitions. Neither

defendant has alleged facts or identified concrete disputes that would support relief, so no hearing

is necessary.

## I.    An Evidentiary Hearing Should Not Be Ordered

An evidentiary hearing is rarely granted to a habeas petitioner. 28 U.S.C. § 2255(b)

provides that a prisoner is not entitled to a hearing before the dismissal of a motion to vacate, set

aside, or correct a sentence if "the motion and the files and records of the case conclusively show

the prisoner is entitled to no relief." The Supreme Court has decided that, "if the record refutes

the applicant's factual allegations or otherwise precludes habeas relief, a district court is not

required to hold an evidentiary hearing." *Schiro v. Landrigan*, 550 U.S. 465, 475 (2007).

Hornbook law also dictates that a habeas corpus petitioner must adduce facts that would

entitle him to relief in order to justify an evidentiary hearing. *Wilson v. Butler*, 825 F.2d 879, 880

(5th Cir. 1987); *see also Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir. 1996) ("A habeas petitioner

must make sufficiently specific factual allegations; conclusionary allegations will not suffice to

mandate either discovery or a hearing"). For example, in *Ellis v. Lynaugh*, the Fifth Circuit held

that the district court correctly dismissed petitioner's habeas claim without granting an evidentiary hearing because the petitioner failed to allege facts that, if true, would entitle him to relief. 873 F.2d 830, 840 (5th Cir. 1989). Denying the hearing, the court reasoned that, "[t]he [district] court need not 'blindly accept speculative and inconcrete claims as the basis upon which to order a hearing.' Nor is a hearing required when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Id.* (quoting *Lavernia v. Lynaugh*, 845 F.2d 493, 501 (5th Cir. 1988)).

The Fifth Circuit has maintained its precedent on this issue: the court held in *United States v. Young* that the petitioner did not deserve an evidentiary hearing on his § 2255 motion because he did not demonstrate any factual dispute in his claim. 2013 WL 3233258 (5th Cir. May 30, 2013) (per curiam). The petitioner in that case argued he was entitled to relief because his counsel was ineffective. Holding that the district court properly dismissed the petitioner's motion without conducting a hearing, the Fifth Circuit stated, "[petitioner] here identifies no factual dispute that prevents us from resolving his ineffective assistance claim; it fails as a matter of law. Therefore, the district court did not abuse its discretion by failing to hold a hearing…" *Id*. at 470.

On a least one point the United States and standby counsel agree: no factual dispute has been developed to justify a hearing. Counsel concedes this, writing that, before an evidentiary hearing can be held, "it will require an exhaustive review of an extensive file for every conceivable witness and exhibit pertaining to all 29 claims[1] asserted in the § 2255 Motion." (Rec. Doc. 2431-1 at 4.) With that concession in mind, an evidentiary hearing would surely devolve into an unstructured juridical free-for-all, injecting more chaos into this already-interminable litigation.

---

[1] Standby counsel here plays fast-and-loose with the facts. Honoring Davis's wishes, the Fifth Circuit granted his appeal, permitting litigation of only the 19 guilt-related issues that Davis has embraced.

The United States has answered both the 19-guilt related issues Davis has accepted, as well as Hardy's § 2255 application.  Their collective claims implicate legal questions that, as in most habeas petitions, can be decided on the vast record compiled since Davis and Hardy were indicted 23 years ago.  No factual dispute worthy of resolution at an evidentiary hearing has been crystalized by either Davis or Hardy in their respective habeas petitions, meaning a hearing would operate in a formless, open-ended context, the very antithesis of the predicate necessary to trigger the taking of evidence.  The law dictates that the foundation for an evidentiary hearing in § 2255 litigation must comprise well-defined factual disputes, not, as contemplated here, an amorphous guessing game.[2]

## II.      Standby Counsel Distorts the Record

Standby counsel's garbled mis-description of the procedural posture of this case fails to reliably inform the Court.  At this point, the Fifth Circuit has winnowed this Court's consideration to only the 19 guilt-related issues Davis has accepted, rejecting the remaining sentencing and mental health claims that Davis has firmly rejected.  The United States has responded to Hardy's habeas petition (Rec. Doc. 2399) and to Davis's guilt-related arguments (Rec. Doc. 2369).  What remains is the Court's disposition of those petitions.

In strikingly misleading fashion, standby counsel misrepresents the procedural status of this case, distorting the third, and latest, ruling by the Fifth Circuit that curbed Judge Berrigan's crusade to deprive Davis of his right to self-represent, and misreading the order denying the motion

---

[2] While the Court's order mentions "specified pending claims" (Rec. Doc. 2430 at 2), no such issues worthy of an evidentiary hearing have been so specified.

to conduct discovery (Rec. Doc. 2267).  The United States, accordingly, is compelled to disabuse counsel of those misapprehensions, in order to restore this matter to its proper legal moorings.[3]

The Fifth Circuit, in its *per curiam* opinion of October 28, 2015, agreed with Davis and held that his statutory right to select the 19 guilt-related issues to litigate was violated when Judge Berrigan tried to force into play other issues Davis adamantly rejected, those addressing his mental competence and anything concerning his death sentence.  Indeed, the focus of Davis's third appeal/request for mandamus was to determine whether Davis could litigate only those issues he accepted, or whether the other, rejected issues would be forced on him.

While the Fifth Circuit agreed with Davis that no competency- or sentencing-related arguments will be considered, standby counsel's insinuation that the United States was somehow remiss by not responding to the rejected claims ("the government has yet to respond to sentencing claims…" (Rec. Doc. 2431-1 at 5)), is incongruous and misplaced.  The government has "yet to respond" to sentencing claims" because the Fifth Circuit ruled no such response was required.

Their inaccurate accusation is not isolated.  Standby counsel incoherently proclaims as well: "…even in light of the Fifth Circuit's decision allowing Mr. Davis to proceed *pro se* on sentencing claims (sic), both culpability and sentencing (sic) claims are still pending before the Court." *Id*.  This mangling of the Fifth Circuit's ruling misses the point entirely: More accurately, the court decided that Davis should proceed only on the *culpability*, not *sentencing*, (or competency) issues, just as Davis wanted.  Thus, no "sentencing claims are still pending," since the Fifth Circuit has foreclosed their consideration.

---

[3] To provide the Court with an accurate history of Davis's battle to represent himself, attached as an exhibit is the Government's Memorandum Brief, filed in connection with Davis's third request for a writ of mandamus from the Fifth Circuit.

Standby counsel's equally distorted treatment of this Court's predecessor's denial of their motion to conduct discovery must be challenged.  The order denying discovery (Rec. Doc. 2352 at 2) also read: "However, the Court will order that counsel promptly confer with each other to ensure that previously-provided discovery is available to current counsel."  Taking the path of least resistance, standby counsel misinterprets the instruction's reference to "counsel" as pointing to the government, not to the several attorneys who previously represented Davis.  The order means (with explanatory brackets provided) that "[Davis's prior and standby] counsel…confer with *each other* to ensure that previously-provided discovery [by the government] is available…" *not* that the government had to re-produce unspecified material, an interpretation that eviscerates the denial, rendering the order meaningless.  The onus, therefore, is on standby counsel to prove, by affidavit or otherwise, that they have "promptly" conferred (now over three years after that May 12, 2014 order) with Davis's other counsel.  If no such consultation occurred, it is standby counsel, not the government, who chose to disregard the order.

In any event, it is simply unrealistic to require the prosecution to satisfy a fishing expedition after nearly a quarter-century, hence the denial of the motion to conduct discovery. Davis and Hardy were indicted in 1994, 23 years ago; they were tried in 1996, 21 years ago; and Davis's new penalty phase took place less than a month before Hurricane Katrina struck.

For the foregoing, the United States prays that the Court reconsider and that no evidentiary hearing is ordered.

Respectfully Submitted,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

/s/ Michael E. McMahon
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3027

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

s/Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney