**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "B" (5)** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL**

Len Davis, an indigent death-sentenced prisoner, requests the appointment of additional counsel for litigation related to his motion for post-conviction relief under 28 U.S.C. § 2255. Specifically, Mr. Davis requests that this Court appoint Cecelia Kappel, an experienced local capital litigator, who is a member in good standing of the Louisiana State Bar and the bars of the United States District Court for the Eastern District of Louisiana and the Fifth Circuit Court of Appeals. As a staff attorney at the Capital Appeals Project, formerly headed by counsel Sarah Ottinger, Ms. Kappel has been working on this case since 2011 and assisted in the investigation and preparation of the § 2255 Motion as well as related litigation. However, Ms. Ottinger has since gone into private practice and Ms. Kappel no longer works as part of her staff. Mr. Davis requests that she be appointed as counsel so she can continue to assist in his representation.

Ms. Kappel is certified by the Louisiana Public Defender Board as Lead Counsel in capital direct appeal and post-conviction proceedings in Louisiana. She has been litigating habeas cases before the United States District Court for the Eastern District of Louisiana for over seven years, and has been representing death- and life-sentenced clients on appeals before the United States Court of Appeals for the Fifth Circuit for over five years. She is also admitted to

the bar of the United States Supreme Court. She has represented clients in capital and non-capital habeas proceedings under 28 U.S.C. § 2254 in federal courts in Louisiana and Mississippi. She has argued cases before the Louisiana Supreme Court and the United States Court of Appeals for the Fifth Circuit.

Section 3599 allows for the appointment of more than two attorneys for a defendant in a capital case, if necessary for adequate representation. 18 U.S.C. § 3599(a)(1). *See* Guide to Judiciary Policy, § 620.10.10 (Federal Death Penalty Cases). Indeed, the Guide to Judiciary Policy advises that: "Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys." Guide to Judiciary Policy, § 620.10.20 (Habeas Corpus Proceedings).

This case is extraordinarily complex even by capital case standards. These charges arose out of a large-scale federal sting operation involving New Orleans Police Department personnel, after a citizen was killed during the sting. Len Davis, Paul Hardy, and Damon Causey were tried in 1995 for conspiracy against rights, deprivation of rights under color of law, and tampering with a witness, with death resulting under 18 U.S.C. §§ 2, 242, 241 and 1512. Mr. Davis and Mr. Hardy were sentenced to death. On appeal, the Fifth Circuit found that there was insufficient evidence as to the witness tampering charge, and reversed the death sentences.  Mr. Hardy was later found to be intellectually disabled and ineligible for the death penalty.

The Government continued to seek the death penalty against Mr. Davis, however, and after a long and complex pre-trial period, Mr. Davis represented himself during the eligibility phase of his trial. A jury returned a second verdict of death in 2005. Through counsel, Mr. Davis appealed his sentence to the Fifth Circuit, which affirmed in 2010. *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010). After certiorari was denied, *Davis v. United States*, 562 U.S. 1290

2

(2011), counsel Sarah Ottinger and Rebecca Hudsmith were asked to become involved in this case for post-conviction proceedings. At that time, Cecelia Kappel also began working on the case. She has been involved from the beginning of the representation, has participated in the investigation, and has a relationship with the client. Because she is very familiar with the factual and legal underpinnings of the case, she can provide substantial assistance to Ms. Ottinger and Ms. Hudsmith without first having to become familiar with the case.

As made clear by the § 2255 Motion, this case involves many witnesses and evidentiary matters that overlap with the drug conspiracy case, and many issues unique to the capital case that have arisen over the past 22 years of litigation and have yet to be finally resolved. Although the § 2255 Motion has been filed, there is much to be done. There are outstanding motions and discovery requests; the § 2255 Motion must be supplemented, and new motions must be submitted. A hearing is also required in this capital case. Mr. Davis requires the assistance of an additional attorney who is already familiar with his case, in the interests of justice and judicial economy. Only Ms. Ottinger and Ms. Kappel would be submitting CJA vouchers in this case, and will make every effort not to duplicate efforts. All three attorneys would divide the responsibilities in an efficient and financially responsible way.

Finally, undersigned counsel will be submitting a proposed budget for this case and hereby requests that the Court allow for interim billing in this matter.

Respectfully submitted,

/s Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
2563 Bayou Road, 2d Floor
New Orleans, LA 70119
(504) 258-6537
Sottinger1010@gmail.com

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 31st day of July, 2017.

/s Sarah Ottinger_____
Sarah Ottinger