## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | |
| | * | **SECTION "B"** |
| **LEN DAVIS** | * | |
| | * | **THIS IS A CAPITAL CASE** |

## SUPPLEMENTAL RESPONSE TO GOVERNMENT'S OPPOSITION TO AN EVIDENTIARY HEARING

Pursuant to the Court's grant of leave to do so (Doc. 2446), Mr. Davis submits this supplemental response to the government's opposition to an evidentiary hearing (Doc. 2437, "Opposition"). Mr. Davis incorporates herein his previously-filed *Response to Government's Opposition to Evidentiary Hearing*. Doc. 2444 ("Response").

In the Response, Mr. Davis set out the law governing granting an evidentiary hearing in 28 U.S.C. § 2255 proceedings, distinguishing it from § 2254 habeas proceedings following state-court collateral litigation. Doc. 2444 at 1-4. He outlined the substantial factual questions at issue which merit an evidentiary hearing. *Id*. at 4-9. And he pointed out the additional litigation and discovery that remains prior to reaching the decision as to whether to grant an evidentiary hearing. *Id*. at 9-10. It is the third point upon which Mr. Davis will elaborate more thoroughly.

### A. The Decision of Whether to Grant an Evidentiary Hearing is Premature: Rule 7, Expanding the Record

Rule 7 of the Rules Governing Section 2255 Proceedings contemplates the need for expansion of the record in the event the § 2255 Motion is not dismissed.[1] This Court may "direct the parties to expand the record by submitting additional materials relating to the motion." Rule 7(a). Materials "that may be required include letters predating the filing of the motion, documents, [and] exhibits…," to name a few. Rule 7(b). Expansion of the record is contemplated *before* the court rules on whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8 (judge "*must* review" "any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted) (emphasis added).

In this case, Mr. Davis has advised the Court that he cannot determine, even after consultation with prior counsel, what discovery was provided to counsel at both the 1996 and 2005 trials:

> Undersigned counsel has spoken with prior defense counsel for both trials in an effort to recreate files. Counsel at the 1996 trial maintained a full file, and turned over a copy of it to second-trial counsel. Subsequently, the original file was destroyed in Hurricane Katrina flooding.
>
> A portion of second-trial counsel's master file was destroyed or lost in Katrina, and second-trial counsel has no way of ascertaining what was destroyed and what remains. As this Court is aware, the second trial concluded just prior to Hurricane Katrina, and apparently the post-trial reorganization of files had not been completed. Significantly, a copy of first-trial counsel's file is not included in second-trial counsel's file.
>
> Mr. Davis also maintained files in his case, but many of them were lost in the flood that followed Hurricane Katrina, when Mr. Davis was evacuated from Orleans Parish Prison as the floodwater rose. Mr. Davis is not in possession of all discovery provided by the government prior to trial.

---

[1] The Court, in ordering the government to respond to the § 2255 Motion, has already determined that the § 2255 Motion states claims to which if proven would entitle Mr. Davis to relief. *See* Rules Governing § 2255 Proceedings, Rule4 (b) (if it appears from "the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion….").

Counsel has spent considerable time combing through the files provided by prior counsel. There is no file indicating what discovery was turned over and when, and documents that were perhaps provided in discovery are located throughout the materials. Even the integrity of individual documents does not appear to have been preserved.[2]

Doc. 2350 at 3-4. Knowledge of and access to the discovery previously provided is essential 1) to reviewing Mr. Davis' conflict, *Brady/Giglio*, and ineffective-assistance-of-counsel claims;[3] and 2) to meeting the government's sweeping contentions that information was previously provided to defense counsel.[4]

As a result, the Court ordered—over three years ago—that "counsel promptly confer with each other to ensure that previously-provided discovery is available to current counsel." Doc. 2352 at 2. Undersigned counsel's requests to meet with opposing counsel have since been ignored. Counsel received *no response—whatsoever*—to a voicemail and email message regarding scheduling a time to confer over discovery.[5]

---

[2] For example, a February 5, 1996 letter from the government to defense attorneys contains a list of discovery provided prior to the 1996 trial, but documents and video tapes on the list do exist in trial counsel files provided to current counsel. For illustrative purposes, the following items, among many others, are not in the trial files: Dawn Dedeaux videos, full Carlos Adams NOPD file, James Cadigan notes, NOPD Communications Division printout of 911 calls on the day of the murder (only one page is contained in files, which seems incomplete), NOPD Homicide File: Jerome Andrews, Hardy 302s: 11/2/94 and 12/5/94 (only partial 302s), Orleans Parish Coroner's Office Day Record, Memo re exceptional clearance, and homicide case file index. When undersigned counsel *was* able to locate items that appear to match the list, they were not discovered in a single place in the trial files—rather they are scattered throughout a file consisting of 28 boxes of both loose materials and file folders.

[3] What was and was not provided prior to trial becomes critical in § 2255 proceedings where, as in Mr. Davis' case, the bulk of the claims before the court are ineffective-assistance-of-counsel or *Brady/Giglio* claims. *See*, *e.g.*, *United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008) (remanded for evidentiary hearing on § 2255 Motion ineffective-assistance-of-counsel claim where discovery provided to defense counsel but unknown to defendant prior to entering plea gave rise to a motion to suppress never filed by trial counsel). Constitutional error most frequently arises from trial counsel's ineffectiveness or the prosecution's failure to turn over exculpatory evidence. A full and accurate understanding of what was provided to trial counsel is the baseline from which habeas counsel's investigation proceeds.

[4] *See* Doc. 2346 at 1, 4, 5, 6, 7.

[5] The government now contends that undersigned counsel was ordered to confer promptly with prior counsel. *See* Opposition at 5. First, its contention makes no sense in the context of the pleadings before

Only after reviewing discovery available to trial counsel can Mr. Davis seek to expand the record with what is relevant to these § 2255 proceedings. Should he be forced to proceed in the dark, he will be stripped of his right to counsel and due process.

**B. The Decision of Whether to Grant an Evidentiary Hearing is Premature: Rule 8, Evidentiary Hearing**

Rule 8(a) of the Rules Governing Section 2255 Proceedings mandates that the Court review records of prior proceedings, including "any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id*. This Court did not preside over any of the trial proceedings in this case. It is as much in the dark as is Mr. Davis regarding the documents and other discovery provided to trial counsel. It cannot meaningfully determine even whether an evidentiary hearing is warranted—particularly in regard to Claims 1, 8, 11, 18, 19, 28 and 29 of the § 2255 Motion—at this juncture.

Respectfully submitted,

/s Sarah L. Ottinger____
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 258-6537
sottinger1010@gmail.com

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

---

the Court when it ruled. And second, counsel should have responded long ago with his interpretation of the order, rather than ignoring undersigned counsel's efforts to confer as ordered by the Court.

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 18th day of August, 2017.


/s Sarah Ottinger_____
Sarah Ottinger