**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | **SECTION "B"** |
| | * | |
| **LEN DAVIS** | * | **THIS IS A CAPITAL CASE** |
| **PAUL HARDY** | * | |

**JOINT STATUS REPORT**

At a status conference on August 28, 2017, this Court ordered the parties to submit a joint status report addressing lost discovery and juror interviews no later than September 22, 2017. R. Doc. 2449.

Undersigned counsel and Assistant United States Attorney Ryan McLaren met on Friday, September 8, 2017, to discuss discovery. Hardy's lawyer, Craig Hughes, did not attend due to obligations following Hurricane Harvey.

The meeting commenced with Petitioner's lawyers providing the following discovery to the government: declarations of jurors Alice Deroche and John Bourgoyne, the declaration of Emma Jane Bourgoyne, wife to a juror, and a statement from New Orleans Police Department Officer Joseph Hebert. The last statement did not pertain to juror interviews, but rather to other facts asserted in the habeas petition.

Ms. Hudsmith outlined her understanding of the Court's order that we were discuss lost discovery. Toward that end, Petitioner requested an inventory and/or transmittal letters reflecting the discovery provided to defense at both trials. The government agreed to ascertain whether such documents exist, and if so, to provide them to Petitioner.

At Mr. McMahon's suggestion, the parties then reviewed the 19 guilt-related issues at play and counsel for Petitioner identified, point-by-point, possible items for production. Counsel for Petitioner stated several times that the list generated during the meeting would not be complete, because counsel had come to the meeting only prepared to discuss lost discovery.  Mr. McMahon contends that he made clear that the process would be governed by Judge Berrigan's order denying counsel's motion to conduct discovery and that to go further would render that order meaningless. Counsel for Petitioner believed that potential discovery was being discussed with an eye toward providing it—otherwise there would be no point to the conversation.

During the review of guilt-related claims, counsel for Petitioner enumerated the following requests: NOPD files on the Carlos Adams, Shaun King, Troy Watts, and Christopher Woods homicides; information about the excerpt provided second trial counsel of an investigation into the FBI's failure to stop Groves' murder: within what kind of report was the excerpt located, who conducted the independent external review, any other reports of the external review; 302s by SA Kathleen Adams regarding the Hardy and Shattered Shield investigations; the origination dates of two FBI case numbers; 10-day reports during wiretap; documents pertaining to continuation of the investigation after October 14, 1994; and handwritten reports by LSP firearms examiner Jim Churchman.

Mr. McMahon requested any statements provided by the wiretap monitor and counsel for Petitioner agreed to look for any such statements and provide them if they existed.

On September 13, 2017, counsel for Petitioner followed up with a letter providing Mr. McMahon with the statement of Ninette Briere, a wiretap monitor. The letter also set out discovery items Petitioner seeks in connection with the guilt-related claims—both those discussed at the meeting and others, as promised. The letter is attached to this report.

Mr. McMahon spent about 10 hours this past weekend combing through the three dozen or so boxes of material accumulated in the case since 1994.  To be sure, this is an onerous, ongoing task: the boxes contain files and folders in no particular order; files are incomplete, disorganized, and have been rifled through; their condition is understandable considering the passage of time, and Davis's counsel acknowledge the same challenge with respect to their own boxes of documents.

Mr. McMahon now requests that counsel should provide inventories of the already-provided discovery obtained from Davis's prior counsel and contends such lists will be most useful during his labor. Counsel for Petitioner would like to first review whatever inventories or transmittal letters are provided by Mr. McMahon and then respond.

Mr. McMahon is now prepared to hand over to Davis's counsel inventories, letters, and other communications he found documenting discovery production from the prosecution team. Additionally, he has located the NOPD files (some duplicated) regarding the murders of Carlos Adams, Shaun King, Troy Watts, Jerome Andrews, Michael Handy, and Corey Richardson, and these will be provided as well to Petitioner's counsel.  Mr. McMahon reports the government does not have any reports on the Christopher Woods homicide.

Following the meeting, Mr. McMahon reached out to now-retired agent Kathleen Adams to clarify some points.  She informed him that she was not aware of any of the Title III intercepted conversations between Len Davis and Paul Hardy before the murder of Kim Groves.  She also apprised Mr. McMahon that she had opened, prior to the murder  file 166E-NO-5791 on Hardy as a parallel, but unrelated, investigation to "Shattered Shield."  She explained that after the murder, when Hardy became its target, two file numbers accompanied the case:  166E-NO-5791 and 194C-NO-56873.

3

Additionally, Mr. McMahon  spoke with FBI SA Hillary Rossman, the New Orleans Field Office Chief Counsel, who confirmed that the two-page document attached as an exhibit to the § 2255 petition comprises the entire investigative report on whether the FBI could have prevented the murder of Kim Groves.

Mr. McMahon will respond to Petitioner's September 13, 2017 letter on a later date. He contends that most of the letter's requests are new, not mentioned at the September 8 session; fall outside the denial of discovery; and fall outside the scope of Rule 16, so would not be discoverable pre-trial, let alone in the habeas context.

Respectfully submitted,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY


s/ Michael E. McMahon
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3027


s/ Sarah L. Ottinger
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 258-6537
sottinger1010@gmail.com

4

s/ Rebecca L. Hudsmith
Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org
*Counsel for Len Davis*