**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 2:94-cr-00381** |
| | * | |
| **v.** | * | **SECTION "B"** |
| | * | |
| **LEN DAVIS** | * | **THIS IS A CAPITAL CASE** |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL MEMORANDUM REGARDING EVIDENTIARY HEARING CLAIMS

Len Davis, through undersigned counsel, submits this memorandum in support of his *Unopposed Motion for Extension of Time to File Supplemental Memorandum Regarding Evidentiary Hearing Claims*. The Supplemental Memorandum is currently due on October 16, 2017. Petitioner requests a 30-day extension due to ongoing efforts of both the United States and Petitioner to resolve outstanding discovery matters.

On August 28, 2017, all parties attended a teleconference status conference before this Court. The Court ordered the United States, Petitioner Paul Hardy, and Mr. Davis to meet pursuant to a prior order of the Court to address exchange of lost discovery. R. Doc. 2449. It further ordered that the parties file a Joint Status Report regarding discovery by September 22, 2017, and that all parties file supplemental memoranda thereafter. *Id*.

The parties first met to discuss discovery on September 8, 2017. The Joint Status Report filed on September 22, 2017 summarized that meeting as well as the parties' actions following the meeting. Germane to this motion is that the United States was involved in an ongoing search for agreed-upon documents, had found many, and continued to look for others. R. Doc. 2456.

The parties met for a second time on September 27, 2017. At that meeting, undersigned counsel glanced through discovery materials provided by the government to determine which documents were needed. Counsel selected somewhere in the neighborhood of 1000 pages.

Petitioner and the government agreed upon a system for the provision of the documents. The government will Bates-stamp them and turn them over to Petitioner, Petitioner will copy the documents at his expense, and then Petitioner will return the Bates-stamped documents to the government.

At this point in time, the government is in the process of Bates-stamping the documents. They include inventories and transmittal letters cataloguing some of the discovery previously provided to defense counsel at both trials. Once Petitioner receives and copies the materials, he will be able to compare documented previously-provided discovery to the incomplete trial files in his possession, and follow up with any additional specific requests he has for missing documents.

The agreed-upon process for recovering lost discovery will not be finished by the current October 16, 2017 filing deadline for Petitioner's Supplemental Memorandum. An additional 30 days should suffice for the parties to finish addressing the issue.

Respectfully submitted,

/s Sarah L. Ottinger___
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
P.O. Box 19741
New Orleans, LA 70179
(504) 258-6537
sottinger1010@gmail.com

Rebecca L. Hudsmith, La. Bar No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_Hudsmith@fd.org

*Counsel for Len Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 4th day of October, 2017.


/s Sarah Ottinger_____
Sarah Ottinger