**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  94-381** |
| **v.** | * | **SECTION: "B"** |
| **LEN DAVIS, et al** | * | |
| | * * * | |

**GOVERNMENT'S RESPONSE TO SEPTEMBER 13, 2017**
**DISCOVERY LETTER (DOC. 2456-1)**

This is the government's response to standby counsel's September 13, 2017 discovery letter, filed in the record as document 2456-1.  Consideration of the requests will be governed in the context of the Court's denial of the motion to conduct discovery, and in light of the joint status report submitted to the Court on September 22 (Doc. 2456), as well as the document production by the prosecution to counsel on September 27, which makes moot several of the demands.

The requests, several of which overlap, were not numbered in the letter.  So, to keep things concise, they will be grouped by category, followed by the response:

- "Complete NOPD files involving homicides of the following people: Carlos Adams, Shawn King, Troy Watts, Jerome Andrews, Corey Richardson, and Christopher Woods."

  The NOPD file concerning these homicides (excepting that of Woods, which the government does not possess) were provided to counsel on September 27, 2017.

- "The following 302s: Jermaine Pinson (12/8/94); Steve Jackson (12/8/94, 8/16/95, 9/26/95, 11/30/95, 12/18/95, 1/11/96, 2/9/96, 2/23/96, 3/4/96, 3/10/96, 3/12/96, 4/1/96); Sammie Williams (all—unredacted); Terry Adams (12/24/93); Kevin Yancy (all 302s pertaining to the 8/10/94 plea); Corey Groves (12/5/94); Paul Hardy (11/2/94, 12/5/94)."

1

The case 302s in the prosecution's files were handed over September 27, 2017.

- "All FBI interviews of residents who called 911 from the Alabo Street area on October 13, 1994."

  Any such reports in the prosecution's files would be included in the 302's provided on September 27.

- "The case caption and inception date for FBI file numbers 166E-NO-57591 and 194C-NO-56873."

  The dual numbering on the FBI's documents is explained in the joint status report.

- "ATF F 4473 Forms indicating firearm purchases made by Paul Hardy from Chalmette Jewelry."

  These forms could not be found during the prosecutor's search of its files. Additionally, this request violates the order denying discovery.

- "Sealed documents that were the subject of the March 30, 1995 status conference before Judge Berrigan."

  These documents are in the record and accessible to counsel.

- "The affidavits submitted to Judge Feldman in September-November 1994 for the 30-day interception periods for phone 454-1977."

- "October 1994 10-day reports to Judge Feldman about events that occurred that month."

  That number is unfamiliar. Conversations introduced as evidence were intercepted over number (504) 451-4971.

- "Evidence recovery logs and administrative worksheets for search warrants executed on November 2, 1994 at 2514 Mazant and 7079 Barrington."

Warrant returns are filed in the clerk's office under their respective miscellaneous numbers.

- "The exact date and location of recovery of the pistol clip with rounds, Item Q- 44."

  This request violates the discovery denial.

- "Communication of November 11, 1994 advising FBI Agent Adams of the ballistic match between a casing, Item Q-73, and a Beretta, Item K-6."

  Firearms examination reports were provided in connection with trial.

- "302s pertaining to and grand jury testimony of Gail Slack."

  302s in the government's possession were turned over on September 27. This request erroneously assumes Ms. Slack testified before the grand jury. But, even if she had appeared, her testimony could not be disclosed under F.R.Cr.P. 6(e).

- "The FBI SH-1 contract(s) with Terry Adams."

- "Any audio/videotapes of alleged payoffs between Terry Adams and Sammy (sic) Williams in December 1993 and January 1994."

- "All payments made in connection with the Shattered Shield operation."

  These requests relate to evidence regarding the separate corruption case tried before Judge Feldman. The requested items were not even introduced during the guilt phase of this matter. Accordingly, these requests violate the order denying discovery.

- "Any audio/videotapes of communications between Paul Hardy and Len Davis on October 18, 1994."

  Counsel assured the prosecution at our September 8 meeting that they possessed the tapes. Furthermore, since October 18, 1994, came after the murder of Kim Groves, communications recorded on that date would not have been introduced during the

guilt phase.  This request, therefore, violates the denial of discovery order.


- "Any and all communications pertaining to the decision to prosecute the murder of Kim Groves in federal court".

- "Details of any and all independent reviews of any aspect of the Shattered Shield and/or Hardy/violent crimes operations to determine whether any of the homicides linked to Paul Hardy and/or Len Davis could have been prevented."

- "Details of any and all independent reviews of transcripts, logs and activity on October 13, 1994 to determine whether the murder of Kim Groves could have been prevented."

- "Any and all reports of Agents Kathleen Adams, Stan Hadden, and Karen Worsham indicating knowledge of homicides linked to Paul Hardy and/or Len Davis."


These requests reflect off standby counsel's fantastical hallucination that this prosecution generated a "conflict of interest" to cover up, or compensate for, homicidal acts of Davis and Hardy that occurred before the murder of Kim Groves, a theory so bizarre it offends logic.  Because no "conflict" existed, no such "communications" exist.  And, speaking strictly for argument's sake, even if the petitioners' murderous collusion was known beforehand, such foreknowledge could not have compromised, in any degree, the overwhelming evidence of their guilt. Furthermore, this request exemplifies the sort of fishing expedition not tolerated in habeas litigation.


                Respectfully Submitted,

                DUANE A. EVANS
                ACTING UNITED STATES ATTORNEY


                /s/ Michael E. McMahon
                MICHAEL E. MCMAHON
                Assistant United States Attorney
                Louisiana Bar Roll No. 10095
                650 Poydras Street, Suite 1600
                New Orleans, Louisiana 70130
                Telephone: (504) 680-3027

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record, and by mailing the same to Len Davis, properly addressed and postage prepaid.

s/Michael E. McMahon
MICHAEL E. McMAHON
Assistant United States Attorney

5