**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO. 94-381**

**LEN DAVIS AND PAUL HARDY**                    **SECTION "B"**

## ORDER AND REASONS

### NATURE OF MOTIONS AND RELIEF SOUGHT

On September 1, 2017 this Court ordered Petitioners Len Davis and Paul Hardy (collectively, "Petitioners") to file supplemental memoranda regarding which of their §2255 claims might require evidentiary hearing (Rec. Doc. 2449). Before the Court is petitioner Hardy's "Supplemental Memorandum Regarding Evidentiary Claims" (Rec. Doc. 2462), petitioner Davis' "Memorandum in Support of Granting Evidentiary Hearing" (Rec. Doc. 2463"), and the Government's "Response to Paul Hardy's and Len Davis's Requests for Evidentiary Hearing" (Rec. Doc. 2465). For the reasons outlined below,

**IT IS ORDERED** that Petitioners' requests for evidentiary hearing is **DENIED**.

In conjunction with their § 2255 motions, Petitioners seek evidentiary hearing on particular claims therein. 28 U.S.C. § 2255 provides that:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be

1

> served upon the United States attorney, grant a prompt
> hearing thereon, determine the issues and make findings
> of fact and conclusions of law with respect thereto.

28 U.S.C.A. § 2255 (2008).

However, where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief, the Court may deny a §2255 motion without an evidentiary hearing. *U.S. v. Auten,* 632 F.2d 478 (5th Cir.1980). A district court's denial of an evidentiary hearing on a § 2255 is reviewed for abuse of discretion. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). To establish an "abuse of discretion," Petitioners must present "independent indicia of the likely merit of allegations." *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008).

To be discussed, *infra*, Petitioners fail to meet their burden of presenting "independent indicia" of the likely merit of their claims. Even after this Court allowed for additional exchange of discovery (Rec. Doc. 2249), Petitioners present no new facts or evidence in support of their conclusory claims. Petitioners' mere recitation of incredible conclusions does not warrant evidentiary hearing, and this issue will be "heard" on the briefing already submitted to the Court. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)("In most situations, motions can be "heard" effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary

exhibits, and the like.").

Also before the Court is Len Davis' "Motion to Vacate under 28 U.S.C. § 2255" (Rec. Doc. 2265), the "Government's Response to Guilt Related Issues Under 28 U.S.C. § 2255 for Collateral Relief" (Rec. Doc. 2265), Paul Hardy's "First Motion to Vacate Under 28 U.S.C. § 2255" (Rec. Doc. 2378), and the "Government's Opposition to Hardy's Motion for Collateral Relief Under 28 U.S.C § 2255" (Rec. Doc. 2378). For the reasons mentioned below,

**IT IS FURTHER ORDERED** that Petitioners claims are **DISMISSED**, along with all other pending motions.

**FACTS AND PROCEDURAL HISTORY**

The Third Superseding Indictment charged Len Davis and Paul Hardy with offenses relating to the murder of Kim Marie Groves (Rec. Doc. 187). The first count charged petitioners with a conspiracy to violate Groves' constitutionally protected right to liberty by the use of excessive force, while acting under the color of the law, which resulted in her death (Rec. Doc. 187). The second count alleged that petitioners' actions substantively constituted the deprivation of rights under the color of law pursuant to 18 U.S.C § 242 (Rec. Doc. 187). The third and final count of the indictment alleged that petitioners willfully killed Groves to prevent communication to law enforcement of a possible federal crime (Rec. Doc. 187).

3

A jury was empaneled and petitioners' trial started on April 8, 1996 (Rec. Doc. 465). On April 24, 1996 the jury found petitioner Davis and petitioner Hardy guilty as to all three counts (Rec. Doc. 524).

On November 6, 1996 petitioner Davis received concurrent sentences for all three counts of the Third Superseding Indictment (Rec. Doc. 631). Davis filed a timely Notice of Appeal and the Fifth Circuit Court of Appeals affirmed the district court's decision as to Count 1 and 2 and reversed and vacated the sentence as to Count 3 (Rec. Doc. 714). Davis was resentenced to two concurrent sentences as to Counts 1 and 2 (Rec. Doc. 1530). Davis filed a timely Notice of Appeal. On September 2, 2010 the Fifth Circuit affirmed his sentence (Rec. Docs. 1542 and 2165). Davis timely filed a Petition for a Writ of Certiorari to the Supreme Court of the United States, which was denied on March 22, 2011 (Rec. Doc. 2205).

On November 6, 1996 petitioner Hardy received concurrent sentences on all three counts (Rec. Doc. 630). Petitioner Hardy filed a timely Notice of Appeal (Rec. Doc. 633). The Fifth Circuit affirmed his convictions on Counts 1 and 2 but reversed his conviction on Count 3. The case was remanded to back to the district court for resentencing (Rec. Doc. 715). In December 2011, petitioner Hardy was resentenced on Counts 1 and 2 and received concurrent terms of life imprisonment, 5 years supervised release,

4

$3,593.05 restitution, and a $200 Mandatory Special Assessment Fee (Rec. Doc. 2257). On December 29, 2011 petitioner Hardy timely filed a Notice of Appeal and on January 3, 2013 the Fifth Circuit Court of Appeals affirmed his sentences on Counts 1 and 2 (Rec. Docs. 2259 and 2316). On April 3, 2013 Hardy timely filed a Petition for a Writ of Certiorari to the Supreme Court of the United States and on October 9, 2013 it was denied (Rec. Doc. 2342). This Court now reviews petitioners' application for relief under 28 U.S.C § 2255.

**FACTUAL AND LEGAL FINDINGS**

Petitioners request relief pursuant to 28 U.S.C. § 2255,[1] which allows a prisoner to collaterally attack his or her sentence post-conviction. "After conviction and exhaustion or waiver of any right to appeal, [a defendant is presumed to stand] fairly and finally convicted." *U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (citing *U.S. v. Frady*, 456 U.S. 152, 164 (1982)) (internal quotations omitted). As the Fifth Circuit has noted, § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on

---

[1] This statute provides that:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

direct appeal and, would, if condoned, result in a complete miscarriage of justice." *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

Thus, a defendant typically may only challenge a final conviction on constitutional or jurisdictional issues in collateral review. *U.S. v. Shaid*, 937 F.2d at 232 (citing *Hill v. U.S.*, 368 U.S. 424, 428 (1962)). Furthermore, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Fifth Circuit has explained "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

**Petitioners' Claims**

Petitioner Len Davis' request for relief is a 278 page motion that raises issues previously considered and decided by both the appellate court and this Court. As the government highlights, many of petitioner's arguments are disorganized, duplicative and redundant. When analyzing the petitioner's claims this Court will refer to the government's structure for the sake of clarity. Additionally, petitioner Paul Hardy's claims are categorically similar and will be discussed with petitioner Len Davis' relevant claims.

**1. Issues 1, 8(A), 8(B), and 28**

Davis makes various thematically related claims in these sections of his motion. Petitioner Davis alleges that prosecutors and the FBI had prior notice of Ms. Groves' planned murder but failed to intervene in an attempt to ensnare more corrupt law enforcement individuals. Davis alleges that there was suppression of information about an after-the-fact-report detailing the FBI monitor's misinterpretation of phone calls relating to the crime. Davis also argues that there was additional suppression when the government first realized the petitioner's involvement in Grove's murder. Finally petitioner argues that the government only prosecuted Davis to "compensate" for previously ignoring his violent propensities and that there was a conflict of interest.

As the government clearly explains, these allegations have no evidentiary basis and are merely Davis' conclusions and speculation. As previously stated, "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . to be of probative evidentiary value." *Id.* None of these claims constitute cognizable constitutional violations that justify providing the petitioner relief.

**2. Issues 4, 10, 11(A)(2), 11 (B) (2), 18, 8 (C), 2, 3, 4, and 20**

Davis makes a number of arguments here and concludes that the prosecution violated the Equal Protection Clause because he was targeted and singled out as an African-American man. Davis argues that prosecution under 18 U.S.C. §§ 241 and 242 can only apply when a white defendant, acting under color of law, targets a victim because of race. Moreover, Davis contends that his convictions pursuant to §§ 241 and 242 violated the Double Jeopardy Clause. Davis further argues that the "color of law" jurisdictional element in §§ 241 and 242 was not met.

In addition, Davis argues that Sammie Williams had an undisclosed deal with the government and that the indictment was insufficient to support either a death sentence or life imprisonment. There is no indication that there is any direct or circumstantial evidence to demonstrate that the petitioner's Equal Protection rights were violated nor does the record reflect that this was a selective or racially motivated prosecution. In addition, petitioner Hardy argues: 1) his counsel did not object to purportedly faulty jury instructions, 2) his counsel failed to raise a double jeopardy objection to his prosecution, and that 3) the indictment was insufficient.

As the government points out, all of these issues have been decided against Davis and Hardy by previous court decisions and

8

under the law of the case doctrine, this Court is foreclosed from further review. The Fifth Circuit explains, "the law of the case doctrine contemplates that an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Williams*, 517 F.3d 801, 806 (5th Cir. 2008) (internal quotations omitted). Moreover,

> [t]his prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, that should be the end of the matter. This rule is essential to the orderly administration of justice, as it is aimed at preventing obstinate litigants from repeatedly reasserting the same arguments and at discouraging opportunistic litigants from appealing repeatedly in the hope of acquiring a more favorable appellate panel.

*United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (*internal quotations omitted*). Davis' and Hardy's color of law arguments have already been adjudicated in two prior proceedings. *United States v. Causey*, 185 F.3d 407, 413-416 (5th Cir. 1999); *United States v. Davis*, 609 F.3d 663,697 (5th Cir. 2010). Davis' and Hardy's double jeopardy argument was raised and rejected by the Fifth Circuit during a prior proceeding. *United States v. Davis*, 609 F.3d 663, 697-698 (5th Cir. 2010); *Causey*, 185 F.3d at 413-416.

Additionally, the allegation that Sammie Williams had an undisclosed deal with the government was addressed at a previous

evidentiary hearing (Rec. Doc. 910) and dismissed by the Fifth Circuit Court of Appeals. *Davis*, 609 F.3d at 696-697. Furthermore, the law of the case doctrine forecloses the Davis' and Hardy's challenge to the sufficiency of the indictment as prior proceedings have adjudicated that claim. *United States v. Davis*, 609 F.3d 663, 697 (5th Cir. 2010); *United States v. Hardy*, 499 Fed. Appx. 388, 390 (5th Cir. 2012).

**3.  Ineffective Assistance of Counsel Claims**

Petitioners Davis and Hardy raise various claims alleging ineffective assistance of counsel during their respective trials and multiple appeals. However, a federal inmate cannot assert a non-constitutional claim on collateral attack if he did not raise it on appeal. *Davis v. United States*, 417 U.S. 333, 345-46 n. 15 (1974). Furthermore, unlike direct appeals, motions under § 2255 reach only errors of constitutional or jurisdictional magnitude. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

To obtain habeas corpus relief based on ineffective assistance of counsel petitioner must show that counsel's performance was deficient and he must establish that prejudice occurred. *Strickland v. Washington*, 466 U.S. 668(1984). Under *Strickland*, in order to establish prejudice, "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding but the petitioner must demonstrate a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 693-694(1984).

As the Fifth Circuit explains, "the likelihood of a different result must be substantial, not just conceivable." *Clark v. Thaler*, 673 F.3d 410, 423 (5th Cir. 2012). When evaluating an ineffective assistance of counsel claim the Court need not analyze both prongs of the Strickland standard but may render judgment based solely on one prong. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Neither petitioner Davis nor Hardy proffer any evidence or facts that demonstrate prejudice. Petitioner Davis mentions various facts that allegedly demonstrate ineffective assistance of counsel, such as no videotaping of the crime scene and counsel's failure to challenge forensic evidence. Petitioner Hardy alleges that his trial counsel failed to conduct an independent pretrial investigation, failed to conduct an adequate cross-examination of witnesses, failed to inform Hardy of the consequences of pleading guilty, failed to negotiate a favorable plea agreement, failed to challenge the guidelines calculation and application, did not sufficiently consult Hardy regarding the sentencing guidelines, did not object to jury instructions, and failed to raise multiplicity and constructive amendment issues regarding the Third Superceding Indictment.

Davis' and Hardy's allegations of ineffective assistance of counsel are based on contentions that are not supported by the law or the evidence. Petitioners' mere conclusions about their lawyer's performance is not enough to give rise to a credible

assertion of a deficiency and they both fail to demonstrate a level of prejudice that is required by the *Strickland* standard. Furthermore, the government points out that a plea agreement was never contemplated. This defeats petitioners' arguments because as the Fifth Circuit has held "an attorney's failure to raise a meritless argument cannot form the basis of an ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Petitioners' arguments regarding ineffective assistance of counsel are without merit.

**4. Issues 9, 23, 24, 25, and 26**

Petitioner Davis argues that there was juror misconduct and unchecked bias. However, in order to obtain a new trial for juror bias, Davis must meet the *McDonough Power Equipment* test where "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *United States v. Doke*, 171 F.3d 240, 246-47 (5th Cir. 1999). Davis failed to demonstrate that any of the jurors were actually or fundamentally incompetent as required by the Fifth Circuit. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997). The selective quotes that petitioner Davis cites from the jury selection transcripts do not give rise to an ineffective

assistance of counsel claim that warrant a modification of the petitioner's sentence. These claims are also without merit.

Finally, it is worth remembering that in all respects there is overwhelming record evidence of Petitioners' guilt in a horrendous federal crime.  There is no factual or constitutional basis warranting the relief they request.

New Orleans, Louisiana, this 22nd day of March, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

13