UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 94-381 |
| LEN DAVIS | * | SECTION "B" |

AFFIDAVIT OF BRUCE JOHNSTON

I, BRUCE JOHNSTON, do hereby state that the following declaration is true and correct:

1. I am an investigator licensed in the State of Louisiana.

2. At the direction of counsel for Mr. Davis, I conducted an investigation relevant to the "under color of law" element of the Government's case against him.

3. As a result of this investigation, I learned that Mr. Davis and Kim Groves knew each other for years prior to Davis becoming a police officer, that they had a personal relationship at one time and that, since the dissolution of that relationship, there was long-standing friction and hatred between the two. One witness indicated that Ms. Groves was motivated to file the IAD complaint against Davis because of this ongoing personal animosity. Witnesses who could confirm that Davis and Ms. Groves knew each other and that there were long-standing tensions between them include Lorraine Ford, who was a friend of Kim Groves, and Corey Groves, who is Ms. Groves' son.

4. At the direction of counsel for Mr. Davis, I related information I learned regarding the extent and nature of the prior relationship between Davis and Ms. Groves to Mr. Dwight Doskey, which is the information referenced in Paragraph 5 of his affidavit filed as Exhibit A to Mr. Davis' Memorandum in Support of Granting Evidentiary Hearing.

5. Consistent with Mr. Doskey's Affidavit, I determined during the course of my investigation that witnesses were not questioned by representatives of Mr. Davis at the time of his trial in 1996 regarding the "under color of law" element.

6. At the direction of counsel for Mr. Davis, I also made Mr. Doskey aware that James L. Churchman, a forensic scientist with the state police lab at the time, who testified on behalf of the Government at trial, produced notes in his review of the gun barrel recovered from a canal stating that he made no attempt to clean it due to the advanced barrel damage, that there was no chance of the original individual characteristics surviving and that it was not submitted. The documentation in support of

this information is attached to my affidavit and is referenced in Paragraph 7 of Mr. Doskey's affidavit.

_____
BRUCE JOHNSTON

THUS DONE AND SIGNED before me, a Notary Public, on this 19th day of April, 2018.

_____
NOTARY PUBLIC
Carol A. Kolinchak
LA Bar # 23495

DATE_____

PAGE __1__ OF ____ PAGES

LAB. NO **SP-** 9038-95

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
OFFICE OF STATE POLICE
LABORATORY

## ANALYTICAL PROCEDURES

TYPE:                              REF:

1.) Folder cont plastic folder containing Beretta pistol mod 92F.
Exam: Expandable flip-over-the-top up tie cords folder
Beretta pistol S/N E48932Z w no magazine
Fingerprint powder residue was on exterior of pistol
Test fired twice 10/03/95 in Kathleen Adams' presence using
Federal Hydroshok, 147gr. 9mm Luger ammo - Nickel casing

GRC - 6R - 2:1.

pistol has decocker/safety lever (mod 92FS), No magazine safety
apparent holster wear to external parts. Black finish
Trigger pull : D.A. - 11¼ lbs , S.A. - 4¾ lbs.
See 2B for bullet individual characteristics.
Test fired 2 additional times 11/28/95 using same type
ammo - to provide additional samples of chamber marks.
[Test fired 3 times 2/1/96 using lab-gun #G451 (Taurus PT99) 3-word] functioned okay dirty chamber barrel over ¼

A). Coin env. cont one "FC 9mm Luger" casing - (marked Q-73 JC" on side of casing)
Exam: Nickel finish - used for Hydro-shok ammo.
Compared to reference bullets from above Beretta (ref 1). Excellent
breach face (mostly primer but a few casing) markings obtained. Text
book match confirmed and viewed also by Agent K. Adams. 10/13/95
a'd. casing shows many ejector marks - some of comparison quality
at many apparent over-lapping indicating hand ejected multiple times
before firing. Chamber marks present of possible value for compari-

DPSSP 4601 (R 8/85)

DATE_____

PAGE 2 OF _____ PAGES
LAB. NO SP- 9038-95

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
OFFICE OF STATE POLICE
LABORATORY

# ANALYTICAL PROCEDURES

TYPE:                                    REF:        "Behind @ ear" - Dr. Garcia

(2B)

Env. cont jacket, lead fragments — Total wt 95.6 grains.

Exam; 2 lead core like pieces — one larger 65.2 grain the other and 14.3 grains
15.4 grains
one jacket piece — peeled down one side all the way to base.
jacket has flat base, no cannelures — most damaged piece similar to F.M.J.
(6 lands & grooves, right twist ~ 9mm)
Blood, skin & bone fragments were seen on lead piece (larger)
+ skin seen on jacket piece. Compared jacket portion to Berretta r/
bullet land & groove surface — shows signs of being fired
from a barrel less worn than reference bullets or.

Reference bullets show slippage, but matched to each other
quite readily — 2 grooves are quick reference "go to" starting
points and all Groove and similands show excellent reproducibility.

All areas scanned of on evidence bullet (2B) did not
show any similarities in individual characteristics — some
good index reference starting points are present if on evid bullet are
much different the the references. ⇒ Ev. bullet does not
stch this weapon in the condition of wear at time of submittal.

DPSSP 4601 (R 3/85)

DATE_____

PAGE __2__ OF _____ PAGES

LAB. NO. **SP-** _9038-95_

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
OFFICE OF STATE POLICE
LABORATORY

1/29/95

# ANALYTICAL PROCEDURES

**TYPE:**                                                        **REF:**

Viewed barrel recovered from water 11/28/95 in presence (delivered by) of Kuttler & Peta (USA)

Beretta barrel same type as 9mm mod FS (#1) but much degradation from extended submersion. No attempt to clean due to advanced barrel damage — No chance of original individual characteristics surviving. Not submitted!

DPSSP 4601 (R 8/85)