**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO. 94-381**

**LEN DAVIS**                                    **SECTION: "B"**

## ORDER AND REASONS

Before the Court are Petitioner's Motion to Alter or Amend Judgment (Rec. Doc. 2471) and the Government's Opposition (Rec. Doc. 2473). For the reasons discussed below,

**IT IS ORDERED** that the motion is **DISMISSED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Len Davis was charged with three counts. The first being one count of a conspiracy to violate Kim Marie Groves' constitutionally protected right to liberty by the use of excessive force, while acting under the color of the law, which resulted in her death. *See* Rec. Doc. 187. The second being that petitioner's actions substantively constituted the deprivation of rights under the color of law pursuant to 18 U.S.C. § 242. *See id.* The third being that petitioner willfully killed Groves to prevent communication to law enforcement of a possible federal crime. *See id.* On April 24, 1996, the jury found Petitioner guilty as to all three counts. *See* Rec. Doc. 524 at 3.

1

After receiving concurrent sentences for all three counts, Davis filed a timely notice of appeal in which the Fifth Circuit Court of Appeals affirmed the District Court's decisions as to Count 1 and 2 and reversed and vacated the sentence as to Count 3. *See* Rec. Doc. 714 at 3. After being resentenced for Count 3, Petitioner again filed a notice of appeal, and on September 2, 2010, the Fifth Circuit affirmed his sentence. *See* Rec. Doc. Nos. 1542 and 2165. On March 22, 2011, the Supreme Court of the United States denied Petitioner's Writ of Certiorari. *See* Rec. Doc. 2205.

On March 20, 2012, Petitioner filed a motion under 28 U.S.C. § 2255 for relief from his 1996 convictions. *See* Rec. Doc. Nos. 2265, 2340, 2341. The motion alleged violations of Davis' rights to due process and a fair trial due to conflict of interest, race discrimination, juror misconduct, and ineffective assistance of counsel at the guilt phase trial. On September 1, 2017, this Court ordered Petitioner to file supplemental memoranda regarding which of his § 2255 claims might require evidentiary hearing. *See* Rec. Doc. 2449. On March 22, 2018, this Court issued its Order and Reasons denying Petitioner's request for an evidentiary hearing and ordering that Petitioner's claims and all other motions be dismissed. *See* Rec. Doc. 2466.

**<u>LAW AND ANALYSIS</u>**

A Rule 59(e) motion contemplates the correctness of a judgment and argues legal error. See *Templet v. Hydrochem Inc.*, 367 F.3d

473, 479 (5th Cir. 2004). Under Federal Rules of Civil Procedure Rule 59(e), district courts have the power to consider altering or amending a judgment that would otherwise be final. *See Burnam v. Amoco Container Co.*, 738 F.2d 1230 (11th Cir. 1984).

To succeed under Rule 59(e), the party must show that there is a change in controlling law, new evidence, and/or a need to correct a clear and manifest error. *See Bollinger Shipyards Lockport, LLC v. AmClyde Engineered Prods. Co.*, 2003 U.S. Dist. LEXIS 10577, at *3-4 (E.D. La. June 10, 2003). Evidence is not newly discovered evidence if it was available before entry of the challenged decision. *See, e.g., Schiller v. Physicians Res. Group Inc.* 342 F.3d 563, 567-68 (5th Cir. 2003); Waltman v. International Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989). In addition, a petitioner does not identify a manifest error of law or fact if he or she simply repeats arguments it made before this court's ruling.

According to the Fifth Circuit, "altering and amending a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly." *Templet*, 367 F.3d at 479. The court in *Resolution Trust Corp. v. Holmes*, concluded that Rule 59 is not the "proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier," 846. F. Supp. 1310, 1316 (S.D. Tex. 1994).

Pursuant to 28 U.S.C. § 2255 a prisoner may collaterally attack his or her sentence post-conviction. 28 U.S.C. § 2255 provides that:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

However, where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief, the Court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing. *U.S. v. Auten*, 632 F.2d 478 (5th Cir. 1980).

28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue. *U.S. v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Petitioner fails to show that he is entitled to an alteration or amendment of the judgment due to manifest error. According to

Petitioner, his constitutional rights were violated due to a conflict of interest. Specifically, Petitioner argues that the FBI had prior notice of Ms. Groves' planned murder but failed to stop Operation Shattered Shield while it collected more evidence. *See* Rec. Doc. 2471-1 at 3. However, Petitioner's bald assertions on critical issues cannot be taken to be of probative evidentiary value when there is no basis for speculative and conclusory claims. Petitioner planned for the intentional violent act of murder and arranged for it to occur. He and his accomplices are criminally responsible for this murder. The alleged negligence of others and overwhelming evidence of his own guilt neither absolve Petitioner nor mitigate his criminal conduct and consequences.

Similarly, Petitioner's argument of ineffective assistance of counsel are mere conclusions not supported by the record or law. To obtain relief based on ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that prejudice occurred. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish prejudice, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94. "The likelihood of a different result must be substantial, not just conceivable." *Clark v. Thaler*, 673 F.3d 410, 423 (5th Cir. 2012). One of Petitioner's main arguments is that counsel failed to challenge the "color of law" requirement. *See* Rec. Doc. 2471-1

at 5. However, the court previously reviewed Petitioner's color of law argument. It was found that Petitioner misused and abused his official power to access the police station, police car, and police radio to plan, execute, and cover-up the murder. Petitioner met with the other defendants at the police station and drove them in a police car to point out where the victim frequented. Petitioner said on tape that he and his partner could handle the evidence after the shooting and used police radio to confirm the hit with the police officer at the murder scene. Thus, previous rulings determined that the color of law element was met.

As the government clearly explains, Petitioner repeats arguments that have already been made before this Court's ruling, as well as the Fifth Circuit. Thus, under the law of the case doctrine, further review has not been shown appropriate here. According to the Fifth Circuit, "the law of the case doctrine contemplates that an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Williams*, 517 F.3d 801, 806 (5th Cir. 2008) (internal quotations omitted). The court in *United States v. Pineiro*, stated that this doctrine is aimed at preventing litigants from repeatedly reasserting the same arguments, 470 F.3d 200, 205 (5th Cir. 2006).

Thus, Petitioner does not meet the requirements of a motion to alter or amend judgment. Petitioner does not present any newly

discovered evidence, there is no new controlling law, and there is no evidence of a manifest error. Petitioner simply repeats old arguments that have already been decided by the courts. A Rule 59(e) motion should not be used to reargue previous issues. *Resolution Trust Corp*., 846 F. Supp. at 1316.

Accordingly, the instant motion is dismissed.

New Orleans, Louisiana, this 13th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

7