UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     *      94-CR-381
                             *
versus                          *      Section B
                             *
LEN DAVIS                  *      August 28, 2017
PAUL HARDY              *
                             *
Applies to:  12-CV-752     *
                             *
* * * * * * * * * * * * * * * * *

TELEPHONE STATUS CONFERENCE BEFORE
THE HONORABLE IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

<u>Appearances</u>:

For the United States:      U.S. Attorney's Office
                            BY:  MICHAEL E. MCMAHON, ESQ.
                            650 Poydras Street, Suite 1600
                            New Orleans, Louisiana 70130

For Len Davis:             LEN DAVIS, *pro se*
                            #24325-034
                            FCC Terre Haute
                            U.S. Penitentiary
                            Post Office Box 33
                            Terre Haute, Indiana 47808

For Len Davis:             Federal Public Defender's Office
                            Middle and Western Districts
                             of Louisiana
                            BY:  REBECCA L. HUDSMITH, ESQ.
                            102 Versailles Blvd., Suite 816
                            Lafayette, Louisiana 70501

Appearances:

For Len Davis:                    SARAH L. OTTINGER, ESQ.
                                  2563 Bayou Road, 2nd Floor
                                  New Orleans, Louisiana 70119


For Paul Hardy:                   Law Offices of D. Craig Hughes
                                  BY:  D. CRAIG HUGHES, ESQ.
                                  7322 Southwest Freeway, Suite 1100
                                  Houston, Texas 77074


Official Court Reporter:          Toni Doyle Tusa, CCR, FCRR
                                  500 Poydras Street, B-275
                                  New Orleans, Louisiana 70130
                                  (504) 589-7778



Proceedings recorded by mechanical stenography using
computer-aided transcription software.

**PROCEEDINGS**

**(August 28, 2017)**

**THE COURT:**  Good morning.  Who is on the line, please?

**DEFENDANT DAVIS:**  Len Davis, *pro se*.

**THE COURT:**  Government.

**MR. MCMAHON:**  Mike McMahon, Your Honor.

**MS. OTTINGER:**  Sarah Ottinger.

**MS. HUDSMITH:**  Rebecca Hudsmith.

**MR. HUGHES:**  Craig Hughes for Paul Hardy.

**THE COURT:**  All right.  We have this case down today for a status conference with the parties.  I have both the responses to a prior order that we issued concerning the remaining claims that are in this case for Mr. Davis as well as the claims raised by Mr. Hardy.

As you all know, Judge Berrigan had issued some rulings/orders before in the case.  I had a chance to revisit those particular rulings along with the Fifth Circuit's opinion on the case, since it received a number of appeals not only on issues of Sixth Amendment issues but also the other substantive issues that involved many of the claims.

Mr. Davis has indicated the claims that he wished to pursue and that is basically at Rec. Doc. 2273.  All of those particular claims address the ones that deal with, as he repeatedly states in that particular document, the claims

surrounding the conviction itself and not the penalty phase of the case, having elected to not only represent himself in that regards but to basically waive the claims that were previously raised by his attorneys or standby counsel concerning the sentencing phase.  The Fifth Circuit has pronounced that he has that right to do so.  Therefore, we are following up not only on that as it relates to Mr. Davis, but also all of the claims that were raised by Mr. Hardy, which are basically at Rec. Doc. 2378-1.

My initial thought was to try to select some dates where we could hear these claims and to proceed with having everyone present for that hearing, including Mr. Davis as *pro se* counsel for himself, as well as Mr. Hardy.

Mr. Davis, where are you presently confined?

**DEFENDANT DAVIS:**  I'm presently in Terre Haute, Indiana, Your Honor, but my plans are to allow Ms. Ottinger and Ms. Hudsmith to deal with that.  There's no need to bring me to New Orleans.  I waive my right to be present for any evidentiary hearing you might hold or anything else. Ms. Ottinger and Ms. Hudsmith can deal with that.  I'll assist them from up here, where I have access to everything, because I wouldn't have access to anything down there.

**THE COURT:**  All right.  Well, we will still have you at least participating in the hearing by either video or audio like we are doing right now.

What about Mr. Hardy?  Where is he presently confined?

MR. HUGHES:  Your Honor, I believe he is in Virginia at the present time.

If I may.  As far as Mr. Hardy is concerned, I am contemplating filing a motion to request a separate hearing for him based on some conversations I've had with him recently. I wanted to wait until the conference this morning to raise that issue, but I will be filing that motion.

THE COURT:  Well, you can raise it, Counsel.  But as you know, this case has been around a while.  Since I received it, I had assumed -- maybe I assumed wrong -- that you all were working with timely raised issues prior to the status conference.

MR. HUGHES:  Yes, sir.

THE COURT:  So whatever you are going to file in that regard, it should have been filed before today.  If you are going to file something, you need to file it immediately, no later than the end of this week, by Friday.

MR. HUGHES:  Yes, sir.  Yes, sir.

THE COURT:  I don't want late-filed motions or motions that could have been filed and I could have had this resolved today had it been filed timely.

MR. HUGHES:  I apologize.

THE COURT:  I'm not going to blame you.  Maybe it's

some late request by your client.  That's fine, but let's have that brought on by Friday.  Discuss it with the government before filing it, to get their position on it, as well as the position of Mr. Davis or standby counsel.

Mr. Davis, do you want standby counsel to handle that particular matter or do you want to --

**DEFENDANT DAVIS:**  Standby counsel can handle all matters relevant to the case, Your Honor.  I'm simply going to assist them.  They filed this § 2255.

**THE COURT:**  Okay.  Okay.  Then that clarifies that.

So consult with standby counsel for Mr. Davis and the government's attorney prior to filing it so that you can put in that particular motion their positions to the motion.  If it's opposed, then you have to submit it, as you know, under our rules for a hearing within the applicable time period, and we will go from there.

So you will have enough time to have it heard, but I want to emphasize to everyone to please try to bring these things on.  I thought I had given some time for the parties to do some work in the case.  Maybe I should ask.  Other than responding to my orders, what have you all done in terms of preparing for a hearing?

**MS. HUDSMITH:**  Your Honor, this is Rebecca Hudsmith.  As you are aware, for some time there was no activity in the case.  We continued, but on a very small scale, to work on it,

obviously to save judicial resources.  Ms. Ottinger, she is a CJA attorney.  Once you noticed things for us, obviously our full-time attention is on this case and will continue to be.

**MR. HUGHES:**  Your Honor, this is Mr. Hughes.  I've been preparing questions for examination, cross-examination, reviewing the record, knowing that a hearing is coming up pretty quickly on the horizon.

**THE COURT:**  Government.

**MR. MCMAHON:**  Your Honor, I argued in my papers. This case has gone on for nearly a quarter of a century, almost 25 years coming up, and they can't even now -- what are they alleging?  I tried to emphasize this in our filings.  In order to justify an evidentiary hearing, they have to identify facts that, if resolved in a defendant's favor, would entitle them to relief.  They have done none of this.

Judge Berrigan denied the motion for discovery. They want to set this clock back, Your Honor.  The name of the game in capital litigation is delay, and they have done a remarkable job of stringing this thing out.

No evidentiary hearing ought to be heard.  There are no factual conflicts that have been identified up to this point, and now they are going to pull them out of the air? Judge, it's almost Kafkaesque.  There should not be an evidentiary hearing.  There's no issues developed to warrant one.

THE COURT:  Didn't she grant a request for them to try to get interviews of certain jurors?

MR. MCMAHON:  Oh, she did?  I don't know.  After she granted that motion to interview jurors, I heard nothing, absolutely nothing about that.  That was probably four or five years ago.

THE COURT:  Response.

MS. HUDSMITH:  Your Honor, we did conduct interviews of the jurors, and they are listed as potential witnesses at an evidentiary hearing in support of juror-related claims. Ms. Ottinger actually was the person involved in those interviews.

THE COURT:  Were they interviewed on all issues or just the issues that -- as to Mr. Davis, that is, on conviction issues, or with Mr. Hardy on conviction and sentencing, or what?

MS. OTTINGER:  This is Sarah Ottinger, Your Honor. These were the jurors who were involved in the first trial, so we spoke to the jurors who were involved in the conviction.  So they are the jurors who are relevant to the continuing claims before this Court.

THE COURT:  Those interviews I assume have been put down in some sort of memos, recordings, or what have you.  It's discovery.  Have you supplied that discovery to the government?

MS. OTTINGER:  There hasn't been any kind of a

request yet, Your Honor, to supply that discovery to --

MR. MCMAHON:  The answer is no, Your Honor.  They haven't supplied anything to me.

THE COURT:  Wait, Mr. McMahon.  Don't interfere.  Don't interrupt, please.

What else, Ms. Ottinger?

MS. OTTINGER:  We have not supplied that to the government, Your Honor.  In addition to that, I understand that the government has had to go through this process many, many, many times over many, many years; however, we have not.  One of the orders that is still pending and outstanding is that it is very difficult to intelligently represent Mr. Davis in habeas proceedings when we don't have access to discovery that was provided at the trial of this matter because it was lost.

That was something that we addressed with Judge Berrigan, who -- I believe it's clear the order states that we need to consult with Mr. McMahon to figure out what discovery he provided to trial counsel because we don't know whether we have access to all of it.  We know for sure that we don't have trial counsel's --

THE COURT:  So why do you need a court order to get that work done?  You already have one directly from Judge Berrigan --

MS. OTTINGER:  I don't know that we do, but I do know that Mr. McMahon has been nonresponsive.

**THE COURT:** You already have one from Judge Berrigan. I assume you realize that, under our criminal rules of procedure, I'm not going to conduct a hearing by ambush without both sides having access to discovery that was obtained, particularly one obtained by court order. So provide that information to the government and to Mr. Hardy -- to the extent they might not have it, I don't know -- and Mr. Davis, if he has it. Provide all that information to these parties, and I'll give you again -- do it by Federal Express if you have to -- by this Friday. Also --

**MS. OTTINGER:** You would like who to provide --

**THE COURT:** Whoever has that information from juror interviews.

**MS. OTTINGER:** Okay.

**THE COURT:** If you have it, then you provide it.

**MS. OTTINGER:** With regard to the rest of the discovery?

**THE COURT:** I'm sorry?

**MS. OTTINGER:** And with regard to the rest of the discovery?

**THE COURT:** Can I complete my sentence?

**MS. OTTINGER:** Yes. Sorry, Your Honor.

**THE COURT:** Thank you. After you provide that information by this Friday to all the parties here, then I expect you all, in compliance with Judge Berrigan's order, to

meet and resolve the outstanding issue that you said concerning lost discovery.

I'm not familiar with exactly what was lost, but I have seen some information in the record concerning some allegations about that. I would suspect that you all could meet within the next two weeks unless I'm hearing some problem with that. Let's pick a date in September by which time you all could meet. Give me a date.

MR. MCMAHON: Your Honor, right now I'm actually in New York. I'm going out to the U.S. Open. I'll be back in the office Thursday. Can I communicate with the Court and counsel when I get back in, just to look at my calendar?

THE COURT: All right.

What about defense counsel? Subject to getting together with Mr. McMahon, what are some good dates for you by which you all could meet with everyone?

MS. HUDSMITH: Your Honor, this is Rebecca Hudsmith. I'm available the week of the 28th, this week, and all of next week. I'll be out of the country from the 11th to the 19th, but I'm available thereafter.

MS. OTTINGER: This week or next week -- this is Sarah Ottinger -- would work for me as well.

MR. HUGHES: And --

THE COURT: What's a week from next Friday?

I'm sorry. Go ahead, Counsel. I interrupted

you.  Go ahead.

MR. HUGHES:  I apologize, Your Honor.  This is Mr. Hughes.  To the extent that I need to be involved in this -- and I'm not quite sure that I need to be given the nature of my client -- it looks like I'm going to have some time on my hands this week and next due to my city being under water right now and the courts all being closed.  I have a lot of time opened up in my schedule.

THE COURT:  You're in Houston?

MR. HUGHES:  Yes, sir.

THE COURT:  How are you doing?

MR. HUGHES:  I am doing well.  I'm in a part of the city that rarely floods, so I count myself very blessed and fortunate at this point.  Thank you for asking.

THE COURT:  I have some colleagues over there that I have been in touch with.  They have been lucky not to get water, but they can't get out of the house because it's flooding in surrounding areas.

From what I'm hearing, then, with travel and everything else that counsel is involved in, I will give you all until September 22 to not only meet with each other concerning alleged lost discovery, but also to give the Court a jointly compiled report on not only that issue but also I would like to see the discovery related to the jury interviews.  Give me a joint report by September 22.  That's a Friday, which

means that you all need to meet well before that date in order to begin preparing that report.

Let me emphasize again, like I mentioned earlier, this is an example of another issue that -- again, you all should not be waiting upon a court order to do certain things that should have been done and should have been either resolved or put into a posture to present it for resolution by the Court on some objected to or needed Court relief.

I'll take responsibility for that because I got into this case, obviously, a bit late, but at the same time I don't think I need to babysit any lawyers. You all are well-experienced. Except for one, who has an unusual circumstance that he is facing right now, I need you all to really get a little bit more active in getting this case ready for hearing.

The government has alleged that there are certain claims that don't need an evidentiary hearing or any other discovery. Claims related to jurisdiction, the claims concerning the structure of the prosecution, the indictment, whether or not the statute under which Mr. Davis or Mr. Hardy were indicted could apply to them as African-Americans or even to the victim, in the sense that he states in his claim that the statute involved does not apply to anyone other than a member of the white race and to allegations that the victim was harmed or murdered because of her race, certainly those type of

claims can be resolved without evidentiary hearing.  I'm not going to restrict anyone from orally arguing those claims because I do intend to at least have oral argument on all claims.

The question of an evidentiary hearing would only arise to the extent that, for instance, as an example, any of these juror interviews need some further expansion of the record other than what's been compiled so far by counsel in those interviews.

The other potential claims that might have possible need for evidentiary hearing, from where I stand right now, deal with the -- some claims, not all, but some claims related to ineffectiveness of counsel.  In that regards, I don't think that any of the petitioners here had a chance to fully respond to the government's claims that an evidentiary hearing on all issues is needed.

I know that there's been some filings since then by the defendants, but I would like to get some supplemental briefs in that regard, particularly in view of what I suspect will be something that might arise in the meetings that you all are going to confer and give me a joint report on by the 22nd.

Let's set the following dates.  Let's have all parties no later than -- let's go to October for the initial round of briefs from the petitioners to file a response to indicate, as a result of your meetings and the joint report

that you are going to give me on the 22nd, which claims you believe would require the Court to have an evidentiary hearing, let's say, by Monday, October 16.  That gives you all plenty time to put together such a memo on why you believe certain claims -- be specific -- would require an evidentiary hearing. That's by October 16 from the petitioners.

Mr. Davis, I take it you want standby counsel to handle that as well?

**DEFENDANT DAVIS:**  Yes, Your Honor.

**THE COURT:**  All right.  Then the government's response to that material -- I'm thinking that you can give me a response by October 27 with the government's response.

**MR. MCMAHON:**  Yes.

**THE COURT:**  Then I would like to have a tentative -- and I emphasize "tentative" -- hearing of that matter and whether certain claims need an evidentiary hearing or not on November 1.  That's Wednesday, November 1.  That will simply be by oral argument.

Mr. Davis, again, you want your standby counsel to handle that hearing?

**DEFENDANT DAVIS:**  Yes, Your Honor.

**THE COURT:**  So November 1, Counsel.  We'll have a hearing with oral argument on November 1, again subject to change once I get a chance to review everyone's memo on that particular point.  So I'm hoping by that date, then, we can --

we definitely will have a status conference on that date, on November 1 at 9:00.

Is November 1 at 9:00 good for everyone?

MR. MCMAHON:  Yes, Your Honor.

MS. OTTINGER:  Yes, Your Honor.

MR. HUGHES:  Yes, Your Honor.

THE COURT:  Let's have November 1 at least for a status conference, but also possibly oral argument if I see a need for that, at 9:00.  Again, we will go by the AT&T 1-800 number, which will be the same number for that status conference at 9:00 a.m.

So you have got some dates there to do --

MR. MCMAHON:  Your Honor --

THE COURT:  -- some work.

MR. MCMAHON:  -- excuse me.  If I may.  If I may.

THE COURT:  Mr. McMahon.

MR. MCMAHON:  As far as the meeting with --

THE COURT:  Mr. McMahon.  Mr. McMahon.  Mr. McMahon.  Can I finish?  Calm down.

MR. MCMAHON:  I thought you were, Judge.

THE COURT:  Calm down.  Calm down.  Calm down.

MR. MCMAHON:  I thought you were.

THE COURT:  Calm down.

So you all have some dates.  I don't care how you all meet for that joint report on September 22, whether

it's by phone or in person.  I just want to have it done.  So I'm leaving it to your good professionalism and work ethics to get it done so that you give me a report by September 22.

Mr. McMahon.

**MR. MCMAHON:**  Your Honor, I propose meeting with counsel a week from this Friday.  I'll make it happen.  A week from this Friday we can meet.

**THE COURT:**  Okay.  All right.  If everybody is fine with that, I will leave it up to you all to arrange that and go from there.

What else?

**MR. HUGHES:**  Your Honor, this is Craig Hughes.  If I may.  Let me ask.  It sounds like Mr. McMahon is going to be out of pocket here the next couple of days.  Is there a way I can communicate with him to get the government's position on the motion that I intend to file for a separate hearing or is he going to tell me now?  I only bring this up because it sounds like he is going to be hard to get in touch with.

**THE COURT:**  When I get off the phone, you all can consult since everybody is on the phone.  You can consult with them.  Unless there's something else, I will get off the phone now so you all can talk.

**MS. OTTINGER:**  Your Honor, we do have one other thing.

**THE COURT:**  Who is talking?

08:57

**MS. OTTINGER:** There are a couple of matters.

**THE COURT:** Who is talking?

**MS. OTTINGER:** This is Sarah Ottinger.

**THE COURT:** Thank you.

**MS. OTTINGER:** There are a couple matters that we need to address ex parte with you concerning budget and representation.

**THE COURT:** All right. That's fine. I know that Judge Berrigan has had some consultations with you-all like that on budget and CJA matters. Before you do that, I would like to get something -- it doesn't have to be anything formal -- in writing so I have a chance to review exactly what you are talking about.

**MS. OTTINGER:** Great. We can do that.

Yes, Rebecca?

**MS. HUDSMITH:** Yes, absolutely.

**THE COURT:** So how much time do you think you need to put it together and then talk?

**MS. OTTINGER:** I would say we can do it within the next week.

**THE COURT:** That's fine. As soon as I get it by -- let's say, a week from Monday. That will be great. Again, I'm not going to hold you to that as long as I get it within the next week. All right?

**MS. HUDSMITH:** Yes, sir.

08:59

       **MS. OTTINGER:**  Thank you, Your Honor.

       **THE COURT:**  No problem.

       **MR. HUGHES:**  Thank you, Your Honor.

       **THE COURT:**  Good luck.  Stay on the line so that you all can discuss Mr. Hardy's motion for a separate hearing. Thank you.

               (Proceedings adjourned.)

                              * * *

                          <u>**CERTIFICATE**</u>

       I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.


                              */s/ Toni Doyle Tusa*
                              Toni Doyle Tusa, CCR, FCRR
                              Official Court Reporter